## GENERAL RULES OF INTERPRETATION

Classification of goods in the tariff schedule shall be governed by the following principles:

1. The table of contents, alphabetical index, and titles of sections, chapters and sub-chapters are provided for ease of reference only; for legal purposes, classification shall be determined according to the terms of the headings and any relative section or chapter notes and, provided such headings or notes do not otherwise require, according to the following provisions:

2. (a) Any reference in a heading to an article shall be taken to include a reference to that article incomplete or unfinished, provided that, as entered, the incomplete or unfinished article has the essential character of the complete or finished article. It shall also include a reference to that article complete or finished (or failing to be classified as complete or finished by virtue of this rule), entered unassembled or disassembled.

   (b) Any reference in a heading to a material or substance shall be taken to include a reference to mixtures or combinations of that material or substance with other materials or substances. Any reference to goods of a given material or substance shall be taken to include a reference to goods consisting wholly or partly of such material or substance. The classification of goods consisting of more than one material or substance shall be according to the principles of rule 3.

3. When, by application of rule 2(b) or for any other reason, goods are, *prima facie*, classifiable under two or more headings, classification shall be effected as follows:

   (a) The heading which provides the most specific description shall be preferred to headings providing a more general description. However, when two or more headings each refer to part only of the materials or substances contained in mixed or composite goods or to part only of the items in a set put up for retail sale, those headings are to be regarded as equally specific in relation to those goods, even if one of them gives a more complete or precise description of the goods.

   (b) Mixtures, composite goods consisting of different materials or made up of different components, and goods put up in sets for retail sale, which cannot be classified by reference to 3(a), shall be classified as if they consisted of the material or component which gives them their essential character, insofar as this criterion is applicable.

   (c) When goods cannot be classified by reference to 3(a) or 3(b), they shall be classified under the heading which occurs last in numerical order among those which equally merit consideration.

4. Goods which cannot be classified in accordance with the above rules shall be classified under the heading appropriate to the goods to which they are most akin.

5. In addition to the foregoing provisions, the following rules shall apply in respect of the goods referred to therein:

   (a) Camera cases, musical instrument cases, gun cases, drawing instrument cases, necklace cases and similar containers, specially shaped or fitted to contain a specific article or set of articles, suitable for long-term use and entered with the articles for which they are intended, shall be classified with such articles when of a kind normally sold therewith. This rule does not, however, apply to containers which give the whole its essential character;

   (b) Subject to the provisions of rule 5(a) above, packing materials and packing containers entered with the goods therein shall be classified with the goods if they are of a kind normally used for packing such goods. However, this provision is not binding when such packing materials or packing containers are clearly suitable for repetitive use.

6. For legal purposes, the classification of goods in the subheadings of a heading shall be determined according to the terms of those subheadings and any related subheading notes and, *mutatis mutandis*, to the above rules, on the understanding that only subheadings at the same level are comparable. For the purposes of this rule, the relative section, chapter and subchapter notes also apply, unless the context otherwise requires.

## ADDITIONAL U.S. RULES OF INTERPRETATION

1. In the absence of special language or context which otherwise requires--

   (a) a tariff classification controlled by use (other than actual use) is to be determined in accordance with the use in the United States at, or immediately prior to, the date of importation, of goods of that class or kind to which the imported goods belong, and the controlling use is the principal use;

   (b) a tariff classification controlled by the actual use to which the imported goods are put in the United States is satisfied only if such use is intended at the time of importation, the goods are so used and proof thereof is furnished within 3 years after the date the goods are entered;

   (c) a provision for parts of an article covers products solely or principally used as a part of such articles but a provision for "parts" or "parts and accessories" shall not prevail over a specific provision for such part or accessory; and

   (d) the principles of section XI regarding mixtures of two or more textile materials shall apply to the classification of goods in any provision in which a textile material is named.

CHAPTER 44

WOOD AND ARTICLES OF WOOD; WOOD CHARCOAL



Notes

1. This chapter does not cover:

   (a) Wood, in chips, in shavings, crushed, ground or powdered, of a kind used primarily in perfumery, in pharmacy, or for insecticidal, fungicidal or similar purposes (heading 1211);

   (b) Bamboo or other materials of a woody nature of a kind used primarily for plaiting, in the rough, whether or not split, sawn lengthwise or cut to length (heading 1401);

   (c) Wood, in chips, in shavings, ground or powdered, of a kind used primarily in dyeing or in tanning (heading 1404);

   (d) Activated charcoal (heading 3802);

   (e) Articles of heading 4202;

   (f) Goods of chapter 46;

   (g) Footwear or parts thereof of chapter 64;

   (h) Goods of chapter 66 (for example, umbrellas and walking-sticks and parts thereof);

   (ij) Goods of heading 6808;

   (k) Imitation jewelry of heading 7117;

   (l) Goods of section XVI or section XVII (for example, machine parts, cases, covers, cabinets for machines and apparatus and wheelwrights' wares);

   (m) Goods of section XVIII (for example, clock cases and musical instruments and parts thereof);

   (n) Parts of firearms (heading 9305);

   (o) Articles of chapter 94 (for example, furniture, lamps and lighting fittings, prefabricated buildings);

   (p) Articles of chapter 95 (for example, toys, games, sports equipment);

   (q) Articles of chapter 96 (for example, smoking pipes and parts thereof, buttons, pencils) excluding bodies and handles, of wood, for articles of heading 9603; or

   (r) Articles of chapter 97 (for example, works of art).

2. In this chapter, the expression "densified wood" means wood which has been subjected to chemical or physical treatment (being, in the case of layers bonded together, treatment in excess of that needed to insure a good bond), and which has thereby acquired increased density or hardness together with improved mechanical strength or resistance to chemical or electrical agencies.

3. Headings 4414 to 4421 apply to articles of the respective descriptions of particle board or similar board, fiberboard, laminated wood or densified wood as they apply to such articles of wood.

4. Products of heading 4410, 4411 or 4412 may be worked to form the shapes provided for in respect of the articles of heading 4409, curved, corrugated, perforated, cut or formed to shapes other than square or rectangular or submitted to any other operation provided it does not give them the character of articles of other headings.

5. Heading 4417 does not apply to tools in which the blade, working edge, working surface or other working part is formed by any of the materials specified in note 1 to chapter 82.

6. Subject to note 1 above and except where the context otherwise requires, any reference to "wood" in a heading of this chapter applies also to bamboo and other materials of a woody nature.

Subheading Note

1. For the purposes of subheadings 4403.41 to 4403.49, 4407.24 to 4407.29, 4408.31 to 4408.39 and 4412.13 to 4412.99, the expression "tropical wood" means one of the following types of wood :
   Abura, Acajou d'Afrique, Afrormosia, Ako, Alan, Andiroba, Aningré, Avodiré, Azobé, Balau, Balsa, Bossé clair, Bossé foncé, Cativo, Cedro, Dabema, Dark Red Meranti, Dibétou, Doussié, Framiré, Freijo, Fromager, Fuma, Geronggang, Ilomba, Imbuia, Ipé, Iroko, Jaboty, Jelutong, Jequitiba, Jongkong, Kapur, Kempas, Keruing, Kosipo, Kotibé, Koto, Light Red Meranti, Limba, Louro, Maçaranduba, Mahogany, Makoré, Mandioqueira, Mansonia, Mengkulang, Meranti Bakau, Merawan, Merbau, Merpauh, Mersawa, Moabi, Niangon, Nyatoh, Obeche, Okoumé, Onzabili, Orey, Ovengkol, Ozigo, Padauk, Paldao, Palissandre de Guatemala, Palissandre de Para, Palissandre de Rio, Palissandre de Rose, Pau Amarelo, Pau Marfim, Pulai, Punah, Quaruba, Ramin, Sapelli, Saqui-Saqui, Sepetir, Sipo, Sucupira, Suren, Teak, Tauari, Tiama, Tola, Virola, White Lauan, White Meranti, White Seraya, Yellow Meranti.

Additional U.S. Notes

1. In this chapter:

   (a) The term "wood waste" means residual material other than firewood resulting from the processing of wood, including scraps, shavings, sawdust, veneer clippings, chipper rejects and similar small wood residues, as well as larger or coarser solid types of residual wood such as slabs, edgings, cull pieces and veneer log cores;

   (b) The term "standard wood moldings" means wood moldings worked to a pattern and having the same profile in cross section throughout their length; and

   (c) The term "surface covered," as applied to the articles of headings 4411 and 4412, means that one or more exterior surfaces of a product have been treated with creosote or other wood preservatives, or with fillers, sealers, waxes, oils, stains, varnishes, paints or enamels, or have been overlaid with paper, fabric, plastics, base metal, or other material.

2. The effectiveness of the proviso to section 304(a)(3)(J) of the Tariff Act of 1930 (19 U.S.C. 1304(a)(3)(J)), to the extent permitted by that section and as provided for in schedule XX to the General Agreement on Tariffs and Trade, is suspended, with the result that sawed lumber and sawed timbers however provided for, telephone, trolley, electric light and telegraph poles of wood and bundles of shingles, other than red cedar shingles, shall not be required to be marked to indicate the country of origin.

3. Heading 4409 includes articles having a repeating design worked along any edge or face.

Statistical Note

1. For the purposes of heading 4407, the term "rough" includes wood that has been edged, resawn, crosscut or trimmed to smaller sizes but it does not include wood that has been dressed or surfaced by planing on one or more edges or faces or has been edge-glued or end-glued.

## Harmonized Tariff Schedule of the United States (2003) – Supplement 1

Annotated for Statistical Reporting Purposes



| Heading/ Subheading | Stat. Suf-fix | Article Description | Unit of Quantity | Rates of Duty 1 General | Rates of Duty 1 Special | Rates of Duty 2 |
|---|---|---|---|---|---|---|
| 4407 | | Wood sawn or chipped lengthwise, sliced or peeled, whether or not planed, sanded or end-jointed, of a thickness exceeding 6 mm: | | | | |
| 4407.10.00 | | Coniferous | | Free | | $1.70/m^3$ |
| | 01 | Finger-jointed | $m^3$ | | | |
| | | Other: | | | | |
| | 02 | Treated with paint, stain, creosote, or other preservative | $m^3$ | | | |
| | | Not treated: | | | | |
| | 15 | Mixtures of spruce, pine, and fir ("S-P-F") | $m^3$ | | | |
| | 16 | Mixtures of western hemlock and amabilis fir ("hem-fir") | $m^3$ | | | |
| | | Other: | | | | |
| | | Sitka spruce (Picea sitchensis): | | | | |
| | 17 | Rough | $m^3$ | | | |
| | 18 | Other | $m^3$ | | | |
| | | Other spruce: | | | | |
| | 19 | Rough | $m^3$ | | | |
| | 20 | Other | $m^3$ | | | |
| | | Eastern white pine (Pinus Strobus) and red pine (Pinus resinosa): | | | | |
| | 42 | Rough | $m^3$ | | | |
| | 43 | Other | $m^3$ | | | |
| | | Lodgepole pine (Pinus contorta): | | | | |
| | 44 | Rough | $m^3$ | | | |
| | 45 | Other | $m^3$ | | | |
| | | Southern yellow pine (Loblolly pine (Pinus taeda)), long leaf pine (Pinus palustris), pitch pine (Pinus rigida), short leaf pine (Pinus echinada), slash pine (Pinus elliottii) and Virginia pine (Pinus virginiana): | | | | |
| | 46 | Rough | $m^3$ | | | |
| | 47 | Other | $m^3$ | | | |
| | | Ponderosa pine (Pinus ponderosa): | | | | |
| | 48 | Rough | $m^3$ | | | |
| | 49 | Other | $m^3$ | | | |
| | | Other pine: | | | | |
| | 52 | Rough | $m^3$ | | | |
| | 53 | Other | $m^3$ | | | |

| Heading/ Subheading | Stat. Suf-fix | Article Description | Unit of Quantity | Rates of Duty 1 General | Rates of Duty 1 Special | Rates of Duty 2 |
|---|---|---|---|---|---|---|
| 4407 (con.) | | Wood sawn or chipped lengthwise, sliced or peeled, whether or not planed, sanded or end-jointed, of a thickness exceeding 6 mm (con.): | | | | |
| 4407.10.00 (con.) | | Coniferous (con.) | | | | |
| | | Other (con): | | | | |
| | | Not treated (con.): | | | | |
| | | Other (con.): | | | | |
| | | Douglas-fir (Pseudotsuga menziesii): | | | | |
| | | Rough: | | | | |
| | 54 | Having a minimum dimension less than 5.1 cm | $m^3$ | | | |
| | 55 | Having a minimum dimension 5.1 cm or more but less than 12.7 cm | $m^3$ | | | |
| | 56 | Having a minimum dimension 12.7 cm or more | $m^3$ | | | |
| | 57 | Other | $m^3$ | | | |
| | | Fir (Abies spp.): | | | | |
| | 58 | Rough | $m^3$ | | | |
| | 59 | Other | $m^3$ | | | |
| | | Hemlock (Tsuga spp.): | | | | |
| | 64 | Rough | $m^3$ | | | |
| | 65 | Other | $m^3$ | | | |
| | | Larch (Larix spp.) | | | | |
| | 66 | Rough | $m^3$ | | | |
| | 67 | Other | $m^3$ | | | |
| | | Western red cedar: | | | | |
| | 68 | Rough | $m^3$ | | | |
| | 69 | Other | $m^3$ | | | |
| | | Yellow cedar (Chamaecyparis nootkanensis): | | | | |
| | 74 | Rough | $m^3$ | | | |
| | 75 | Other | $m^3$ | | | |
| | | Other cedar (Thuja spp., Juniperus spp., Chamaecyparis spp., Cupressus spp. and Libocedrus spp.): | | | | |
| | 76 | Rough | $m^3$ | | | |
| | 77 | Other | $m^3$ | | | |
| | | Redwood (Sequoia sempervirens): | | | | |
| | 82 | Rough | $m^3$ | | | |
| | 83 | Other | $m^3$ | | | |
| | | Other: | | | | |
| | 92 | Rough | $m^3$ | | | |
| | 93 | Other | $m^3$ | | | |

# Harmonized Tariff Schedule of the United States (2003) – Supplement 1

Annotated for Statistical Reporting Purposes



| Heading/ Subheading | Stat. Suf-fix | Article Description | Unit of Quantity | Rates of Duty 1 General | Rates of Duty 1 Special | 2 |
|---|---|---|---|---|---|---|
| 4418 | | Builders' joinery and carpentry of wood, including cellular wood panels and assembled parquet panels; shingles and shakes: | | | | |
| 4418.10.00 | 00 | Windows, French-windows and their frames | No. | 3.2% | Free (A,CA,E,IL,J, JO,MX) | 33 1/3% |
| 4418.20 | | Doors and their frames and thresholds: | | | | |
| 4418.20.40 | 00 | French doors | No. | 4.8% | Free (A,CA,E,IL,J, JO,MX) | 33 1/3% |
| 4418.20.80 | | Other | | 4.8% | Free (A,CA,E,IL,J, JO,MX) | 33 1/3% |
| | 30 | Flush doors | No. | | | |
| | 60 | Other | No. | | | |
| 4418.30.00 | 00 | Parquet panels | $m^2$ | Free | | 33 1/3% |
| 4418.40.00 | 00 | Formwork (shuttering) for concrete constructional work | X | 3.2% | Free (A,CA,E,IL,J, JO,MX) | 33 1/3% |
| 4418.50.00 | | Shingles and shakes | | Free | | Free |
| | | Shingles: | | | | |
| | 10 | Of western red cedar | square kg | | | |
| | 30 | Other | square kg | | | |
| | 50 | Other | square kg | | | |
| 4418.90 | | Other: | | | | |
| 4418.90.20 | 00 | Edge-glued lumber | $m^3$ | Free | | 10% |
| 4418.90.45 | | Other | | 3.2% | Free (A,CA,E,IL,J, JO,MX) | 33 1/3% |
| | 10 | Beams and arches, laminated | X | | | |
| | 20 | Roof trusses | X | | | |
| | 40 | Other fabricated structural wood members | X | | | |
| | 50 | Prefabricated partitions and panels for buildings | X | | | |
| | 90 | Other | X | | | |
| 4419.00 | | Tableware and kitchenware, of wood: | | | | |
| 4419.00.40 | 00 | Forks and spoons | X | 5.3% | Free (A,CA,E,IL,J, MX) 1.3% (JO) | 33 1/3% |
| 4419.00.80 | 00 | Other | X | 3.2% | Free (A,CA,E,IL,J, JO,MX) | 33 1/3% |

| Heading/ Subheading | Stat. Suf-fix | Article Description | Unit of Quantity | Rates of Duty 1 General | Rates of Duty 1 Special | Rates of Duty 2 |
|---|---|---|---|---|---|---|
| 4420 | | Wood marquetry and inlaid wood; caskets and cases for jewelry or cutlery and similar articles, of wood; statuettes and other ornaments, of wood; wooden articles of furniture not falling within chapter 94: | | | | |
| 4420.10.00 | 00 | Statuettes and other ornaments, of wood | X | 3.2% | Free (A,CA,E,IL,J, JO,MX) | 33 1/3% |
| 4420.90 | | Other: | | | | |
| | | Jewelry boxes, silverware chests, cigar and cigarette boxes, microscope cases, tool or utensil cases and similar boxes, cases and chests, all the foregoing of wood: | | | | |
| 4420.90.20 | 00 | Cigar and cigarette boxes | No. | Free | | 60% |
| | | Other: | | | | |
| 4420.90.45 | 00 | Not lined with textile fabrics | No. | 4.3% | Free (A,CA,E,IL,J, JO,MX) | 33 1/3% |
| 4420.90.65 | 00 | Lined with textile fabrics | kg<br>No. | Free | | 11¢/kg + 20% |
| 4420.90.80 | 00 | Other | X | 3.2% | Free (A,CA,E,IL,J, JO,MX) | 33 1/3% |
| 4421 | | Other articles of wood: | | | | |
| 4421.10.00 | 00 | Clothes hangers | X | 3.2% | Free (A+,CA,D,E, IL,J,JO,MX) | 33 1/3% |
| 4421.90 | | Other: | | | | |
| | | Wood dowel pins: | | | | |
| | | Plain: | | | | |
| 4421.90.10 | 00 | Coniferous | m | Free | | 5% |
| 4421.90.15 | 00 | Other | m | Free | | 5% |
| 4421.90.20 | 00 | Sanded, grooved or otherwise advanced in condition | m | 4.9% | Free (A+,CA,D,E, IL,J,JO,MX) | 33 1/3% |
| | | Wood blinds, shutters, screens and shades, all the foregoing with or without their hardware: | | | | |
| 4421.90.30 | 00 | Consisting of wooden frames in the center of which are fixed louver boards or slats, with or without their hardware | X | 10.7% | Free (A,CA,E,IL,J, MX)<br>4.2% (JO) | 33 1/3% |
| 4421.90.40 | 00 | Other | X | 5.1% | Free (A+,CA,D,E, IL,J,MX) 1/<br>1.2% (JO) | 50% |
| | | Toothpicks, skewers, candy sticks, ice cream sticks, tongue depressors, drink mixers and similar small wares: | | | | |
| 4421.90.50 | 00 | Toothpicks | X | Free | | 25% |
| 4421.90.60 | 00 | Other | X | 5.1% | Free (A*,CA,E,IL, J,MX)<br>1.2% (JO) | 33 1/3% |

1/ See subheading 9906.44.21.

# Harmonized Tariff Schedule of the United States (2003) – Supplement 1

Annotated for Statistical Reporting Purposes



| Heading/ Subheading | Stat. Suf-fix | Article Description | Unit of Quantity | Rates of Duty 1 General | Rates of Duty 1 Special | Rates of Duty 2 |
|---|---|---|---|---|---|---|
| 4421 (con.) | | Other articles of wood (con.): | | | | |
| 4421.90 (con.) | | Other (con.): | | | | |
| 4421.90.70 | | Pickets, palings, posts and rails, the foregoing which are sawn; assembled fence sections | | Free | | Free |
| | 20 | Assembled fence sections | X | | | |
| | 40 | Other | X | | | |
| | | Clothespins: | | | | |
| 4421.90.80 | | Spring-type | | 6.5¢/gross | Free (A+,CA,D,E, IL,J,MX) 1.6¢/gross (JO) | 20¢/gross |
| | 24 | Valued not over 80¢/gross | Gross | | | |
| | 27 | Valued over 80¢ but not over $1.35/gross | Gross | | | |
| | 30 | Valued over $1.35 but not over $1.70/gross | Gross | | | |
| | 33 | Valued over $1.70/gross | Gross | | | |
| 4421.90.85 | 00 | Other | Gross | 4.8% | Free (A+,CA,D,E, IL,J,JO,MX) | 35% |
| 4421.90.88 | 00 | Canoe paddles | No. | Free | | 35% |
| | | Other: | | | | |
| 4421.90.93 | 00 | Theatrical, ballet, and operatic scenery and properties, including sets | kg | Free | | 33 1/3% |
| 4421.90.97 | | Other | | 3.3% | Free (A,B,CA,E,IL, J,JO,MX) | 33 1/3% |
| | 20 | Pencil slats | Gross | | | |
| | 40 | Other | X | | | |

NOTICE: Inclusion of this Customs ruling does not constitute publication of the ruling under 19 CFR 177.10(b).

UNITED STATES CUSTOMS SERVICE
DEPARTMENT OF THE TREASURY

Re: The tariff classification and status under the North American Free Trade Agreement (NAFTA), of **edge-glued** wood panels from Canada; Article 509

CLA-2-44:RR:NC:SP:230 I85263
September 12, 2002

CATEGORY: Classification

TARIFF NO.: **4421**.90.9740

Mr. Mike Daly

Livingston International Trade Services Inc.

100 Walnut Street

Champlain, NY 12919

Dear Mr. Daly:

In your letter dated August 9, 2002, you requested a ruling on the status of **edge-glued** wood panels from Canada under the NAFTA. The ruling was requested on behalf of Portbec Ltee (Sainte-Foy, PQ, Canada).

The products in question are finger-jointed, **edge-glued** wood panels for multipurpose use (e.g., in the production of furniture, shelving, trim, etc.). The panels are made by taking finger-jointed Eastern white pine boards (straight-cut along their faces and edges) and gluing them together, edge-to- edge, to obtain a wider piece of wood. The imported panels will be either 3/4 " or 1-1/8" thick, and will range between 31/2" and 12" in width. Their length will usually be 16 feet, but they will also be offered in 8, 10, 12 and 14-foot sizes. You state that all labor and materials employed in the manufacture of the panels will be Canadian.

The applicable tariff provision for the finger-jointed, **edge-glued** wood panels will be **4421**.90.9740, Harmonized Tariff Schedule of the United States Annotated (HTSUSA), which provides for other articles of wood. The general rate of duty will be 3.3%.

The panels, being wholly obtained or produced entirely in the territory of Canada, will meet the requirements of HTSUSA General Note 12(b)(i), and will therefore be entitled to a free rate of duty under the NAFTA upon compliance with all applicable laws, regulations, and agreements.

The holding set forth above applies only to the specific factual situation and merchandise description as identified in the ruling request. This position is clearly set forth in 19 CFR 181.100(a)(2). This section states that a ruling letter is issued on the assumption that all of the information furnished in the ruling letter, either directly, by reference, or by implication, is accurate and complete in every material respect.

This ruling is being issued under the assumption that the subject goods, in their condition as imported into the United States, conform to the facts and the description as set forth both in the ruling request and in this ruling. In the event that the facts or

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

merchandise are modified in any way, you should bring this to the attention of Customs and you should resubmit for a new ruling in accordance with 19 CFR 181.93. You should also be aware that the material facts described in the foregoing ruling may be subject to periodic verification by the Customs Service.

This ruling is being issued under the provisions of Part 181 of the Customs Regulations (19 C.F.R. 181).

This ruling letter is binding only as to the party to whom it is issued and may be relied on only by that party.

A copy of the ruling or the control number indicated above should be provided with the entry documents filed at the time this merchandise is imported. If you have any questions regarding the ruling, contact National Import Specialist Paul Garretto at 646-733-3035.

Sincerely,

Robert B. Swierupski

Director,

National Commodity Specialist Division

NY I85263

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

**NY B80847**
January 23, 1997
CLA-2-44:RR:NC:2:230 B80847
CATEGORY: Classification
TARIFF NO.: 4421.90.9840; 9905.44.15
Ms. Isabelle C. Fountaine A. N. Deringer, Inc.

HC 76 Main Street Jackman, ME 04945
RE: The tariff classification of edge-glued boards made of straight softwood lumber pieces or of finger-jointed softwood lumber pieces from Canada
Dear Ms. Fountaine:

In your letter dated December 31, 1996, on behalf of Lam-Col Inc., you requested a tariff classification ruling.
The ruling was requested on edge-glued boards of various lengths and widths made from spruce, pine and fir lumber pieces. Two samples of rectangular pieces of wood with square unworked edges and ends were submitted. Both samples are sections of boards measuring approximately 1-3/4 inches thick by 6 inches wide by 10 inches long. Both consist of three pieces of lumber each 2 inches wide glued edge to edge. One of the samples consists of three pieces of finger-jointed lumber. The other sample consists of three pieces of straight not end-jointed lumber.
The applicable tariff provision for both edge-glued boards will be 4421.90.9840, Harmonized Tariff Schedule of the United States Annotated (HTSUSA), which provides for other articles of wood. The general rate of duty will be 4 percent ad valorem.
The edge-glued boards represented by the samples and classifiable in 4421.90.9840, HTSUSA, may be entitled to duty free treatment under subheading 9905.44.15, HTSUSA, which provides for laminated hemlock post blanks, finger-jointed lumber, and edge-glued lumber (provided for in subheading 4421.90.98), if they meet the origin requirements of heading 9905.

This ruling is being issued under the provisions of Part 177 of the Customs Regulations (19 CFR 177).

A copy of the ruling or the control number indicated above should be provided with the entry documents filed at the time this merchandise is imported. If you have any questions regarding the ruling, contact National Import Specialist Paul Garretto at 212-466-5779.

Sincerely,
Gwenn Klein Kirschner Chief, Special Products Branch National Commodity Specialist Division

**HQ 087616**
August 20, 1990
CLA-2 CO:R:C:G 087616 JMH
CATEGORY: Classification
TARIFF NO.: 4418.90.40, 4421.90.90, 9905.44.10, 9905.44.15
Mr. Dave Walser Arthur J. Humphreys, Inc.

P.O. Box 249 Sumas, Washington 98295
RE: United States-Canada Free Trade Agreement duty free status under Chapter 99 of the Harmonized Tariff Schedule of the United States Annotated for laminated wood and finger- jointed hemlock handrails, hemlock "turning squares", laminated and bullnosed hemlock stair treads, and laminated shoerails; builders' joinery and carpentry of wood, articles of wood, edge-glued lumber, pressure treated lumber, finger-jointed lumber
Dear Mr. Walser:

Your June 18, 1990 request for a classification ruling under the Harmonized Tariff Schedule of the United States Annotated ("HTSUSA") for certain wood products was referred to this office for a reply. Your classification request concerned the duty free status of the products in question under the United States-Canada Free Trade Agreement ("FTA").

FACTS:

The articles in question are wood products made of Canadian hemlock and imported from Canada. They are used to form complete staircase systems for residential and/or commercial buildings.

Three of the products were the subject of **New York Ruling Letter 847226** ("**NY 847226**"), dated December 12, 1989. The items in question are:

1. Hemlock handrails made of laminated wood sections, finger-jointed and worked to a pattern having the same profile in cross section throughout its length. These handrails, were classified by NY 847226 in subheading 4418.90.40, HTSUSA.

-2-

2. Hemlock stair treads made of laminated wood sections and bullnosed along the front edge. The stair treads were classified by **NY 847226** in subheading 4418.90.40, HTSUSA.

3. Hemlock "turning squares" made of various wood sections (which may be finger-jointed) laminated together to form a 10.7 cm square block with a 3.5 cm square hole in the center. The "turning squares" were classified by **NY 847226** in subheading 4421.90.90, HTSUSA.

4. Hemlock shoe rails made of clear (knot-free) lumber pieces, finger-jointed and worked to produce the same profile in cross section throughout its length. It is not stated whether these shoe rails are solid or laminated.

Laminated wood articles are made from edge-glued lumber.

Edge-glued lumber is lumber made of layers of wood that have been glued together. Articles which are finger-jointed are made from finger-jointed lumber. Finger-jointed lumber consists of shorter pieces of lumber that are connected to make longer pieces of lumber. Articles may be both laminated

and finger-jointed.

ISSUE:

Issue 1: What is the appropriate classification of the Canadian hemlock products under the HTSUSA?
Issue 2: Whether the Canadian hemlock products are entitled to duty free treatment under the FTA?
LAW AND ANALYSIS:

Issue 1: What is the appropriate classification of the Canadian hemlock products under the HTSUSA?
The classification of merchandise under the HTSUSA is governed by the General Rules of Interpretation (GRI's). GRI 1, HTSUSA, states in part that "for legal purposes, classification shall be determined according to the terms of the headings and any relative section or chapter notes..."
This office concurs with **NY 847228** in the classification of the handrails and stair treads in subheading 4418.90.40. The handrails and the bull-nosed stair treads are builders' carpentry and joinery. This subheading describes "Builders' joinery and carpentry of wood, including cellular woods panels and assembled
-3-
parquest panels; shingles and shakes...Other...Other..." There is a 4 percent ad valorem rate of duty applicable to goods of this classification that are of Canadian origin under the FTA.

This office also concurs with **NY 847228** in the classification of the "turning squares" in subheading 4421.90.90.

This subheading describes "Other articles of wood...Other...

Other..." **NY 847228** states that these articles "do not meet the description of products under heading 4418 since they are neither dedicated nor recognizable as woodwork used in the construction of any kind of building." Classification in subheading 4421.90.90 requires a 4 percent ad valorem rate of duty for goods of Canadian origin under the FTA.

The hemlock shoe rail has two possible classifications. If the shoe rail is a solid, unfinished molding, it is classified in subheading 4409.10.45, HTSUSA, as "Wood continuously shaped (...molded..) along any of its edges or faces, whether or not planed, sanded or finger-jointed...Wood moldings...Other..." All articles of this classification from Canada may enter the United States duty free. Since this classification provides for duty free entry regardless of the FTA, the question of the applicability of the FTA to a solid hemlock shoe rail does not arise.

If the hemlock shoe rail is laminated, then the proper classification is in subheading 4418.90.40 as "Builders' joinery and carpentry of wood, including cellular wood panels and assembled parquet panels; shingles and shakes...Other...Other..." As stated previously, articles of this classification of Canadian origin under the FTA are charged a 4 percent ad valorem rate of duty.

Issue 2: Whether the Canadian hemlock products, whose tariff is based upon whether they originate in Canada, are entitled to duty free treatment under the FTA?
General Note 3(c)(vii), HTSUSA, provides the FTA country of origin rules to be applied under the HTSUSA. These rules were taken from Articles 301 and 304 and Annex 301.2 of the FTA.

Chapter Three, Articles 301 and 304, Annex 301.2, FTA published in full at 19 U.S.C. 2112(E)(2),

2212(A), H.R. Doc. No. 216, 100th Cong., 2d Sess. (1988). General Note 3(c)(vii)(B)(1), HTSUSA, states that "goods originating in the territory of Canada" includes "goods wholly obtained or produced in the territory of Canada..."
"Goods wholly obtained or produced in the territory of Canada..." means "goods harvested in the territory of Canada..." General Note 3(c)(vii)(L)(2), HTSUSA. The hemlock which is grown in Canada is a good "wholly obtained or produced" in Canada.

-4-
Wood is considered an agricultural crop which is harvested. See United States v. Border Brokerage Co., 706 F.2d 1579 (1983), United States v. Norman G. Jensen, 550 F.2d 662 (CCPA 1977), **Headquarters Ruling Letter 082963**, dated July 25, 1990, **Headquarters Ruling Letter 078239**, dated March 23, 1987.

Therefore, the Canadian hemlock in question is a good "originating in the territory of Canada" within the meaning of the FTA. The wood is eligible for any provisions which apply to products covered by the FTA.

Chapter 99 of the HTSUSA contains two duty free provisions relevant to the wood articles of Canadian origin in question.

The two provisions, subheadings 9905.44.10 and 9905.44.15, HTSUSA, provide free rates of duty for "Goods originating in the territory of Canada under general note 3(c)(vii) of the tariff schedule." The subheadings state the following:

9905.44.10 Pressure treated lumber, finger-jointed builders' joinery, and edge-glued lumber (provided for in subheading 4418.90.40)...

[Subheading 4418.90.40 describes "Builder's joinery and carpentry of wood, including cellular wood panels and assembled parquet panels; shingles and shakes...

Other...Other..."]
9905.44.15 Laminated hemlock post blanks, finger- jointed lumber, and edge-glued lumber (provided for in subheading 4421.90.90)...

[Subheading 4421.90.90 describes "Other articles of wood...Other...

Other..."]
The laminated handrails and shoe rails and the bull-nosed stair treads are classified in subheading 4418.90.40. However, the language of subheading 9905.44.10 does not mimic the language of subheading 4418.90.40, to which it refers. Therefore, it must be determined exactly what articles classified in subheading 4418.90.40 are to receive duty free treatment under subheading 9905.44.10.

Heading 4418 covers "Builders' joinery and carpentry of wood, including cellular wood panels and assembled parquet panels; shingles and shakes..." Subheading 4418.90.40, is the "other" subheading for heading 4418. It covers articles that fall within heading 4418, but which do not fall in any of the -
5-
specific subheadings. Specific subheadings exist for parquet panels, and shingles and shakes. Therefore, since these articles are not covered by subheading 4418.90.40, they are not included within subheading 9905.44.10. This exclusion of parquet panels, shingles and shakes leaves "Builders' joinery and carpentry of wood, including cellular wood panels..." to be possibly covered

by subheading 9905.44.10.

Subheading 9905.44.10 covers in part "Pressure treated lumber..." Pressure treated lumber is lumber that has been treated with a chemical under pressure. Lumber, within the HTSUSA, is unfinished wood of all types that has been sawn, chipped, sliced or peeled lengthwise and that does not exceed 6 mm in thickness. Lumber which meets this definition is classified in heading 4407, HTSUSA, not under heading 4418.

Heading 4407 provides a free rate of duty. Since pressure treated lumber is already duty free, it is unlikely that subheading 9905.44.10 refers to pressure treated lumber of these types.

Also covered by subheading 9905.44.10 is "edge-glued lumber". Edge-glued lumber does not meet the definition of lumber in order to be classified in heading 4407. This layered lumber is classified under various headings of the HTSUSA according to the product made from the lumber.

Since heading 4418 covers specific articles, builders' joinery and carpentry, the subheading 9905.44.10 reference to pressure treated lumber and edge-glued lumber alludes to articles made of these types of lumber. It is the opinion of this office that subheading 9905.44.10 refers to builders' joinery and carpentry made of pressure treated lumber, and builders' joinery and carpentry made of edge-glued lumber, whether or not they are finger-jointed. Cellular wood panels are not considered to be builders' joinery and carpentry. Thus, cellular wood panels are not included in subheading 9905.44.10.

The articles in question classified in subheading 4418.90.40, the laminated handrail and shoe rail and the stair treads, are covered by subheading 9905.44.10. Laminated wood articles are articles made of edge-glued lumber. Thus, under the above interpretation of subheading 9905.44.10, the laminated handrails, shoe rails and stair treads are eligible for duty free entry into the Customs territory of the United States.

The "turning squares" are classified in subheading 4421.90.90, the "basket" provision of heading 4421, HTSUSA, which describes "Other articles of wood..." The language of subheading 9905.44.15 is clear that laminated hemlock post blanks are included in this duty free provision. However, the remainder of the provision refers to types of lumber, finger-jointed lumber -6-
and edge-glued lumber. Since lumber is classified in heading 4407 or in the heading appropriate to the product made from the lumber, in the case of edge-glued lumber, the language of subheading 9905.44.15 cannot be referring to lumber. It is the opinion of this office that subheading 9905.44.15 is meant to cover laminated hemlock post blanks, articles made of finger- jointed lumber and articles made of edge-glued lumber, whether or not finger-jointed, that are classified in subheading 4421.90.90.

The "turning squares" are laminated, and therefore, edge- glued. Since the "turning squares" are articles of edge-glued lumber that are classified in subheading 4421.90.90. They are eligible for duty free entry under subheading 9905.44.15.

Subheadings 9905.44.10 and 9905.44.15 were announced on May 25, 1990 in Presidential Proclamation 6142. This proclamation was not pubished until May 30, 1990. 55 Fed. Reg. 21835 (May 30, 1990). The Chapter 99 subheadings were included in Section C of the proclamation. Section C states "Effective with respect to articles entered, or withdrawn from warehouse for consumption, on or after April 1, 1990, subchapter V of chapter 99 to the HTS is modified..." 55 Fed. Reg. at 21838. Therefore, the effective date of subheadings 9905.44.10 and 9905.44.15 is April 1,

1990.

HOLDING:

It is the opinion of this office that subheading 9905.44.10 is meant to be read as "builders joinery and carpentry made of pressure treated lumber, and builders joinery and carpentry made of edge-glued lumber classified in subheading 4418.90.40, whether or not finger-jointed."
The Canadian hemlock items classified in subheading 4418.90.40, the laminated handrails, shoe rails, and stair treads are builders' carpentry or joinery made of edge-glued lumber, are eligible for duty free entry under subheading 9905.44.10.

It is the opinion of this office that subheading 9905.44.15 is meant to be read as "laminated hemlock post blanks and other articles made of edge-glued lumber, whether or not finger- jointed, classified in subheading 4421.90.90."
The Canadian laminated hemlock shoe rails are articles made of edge-glued lumber that are also finger jointed. Since the shoe rails are classified in subheading 4421.90.90 and are articles made of edge-glued lumber, they are eligible for duty free treatment under subheading 9905.44.15.

-7-
The effective date of subheadings 9905.44.10 and 9905.44.15 for articles entered or withdrawn from a warehouse for consumption is April 1, 1990, in accordance with Presidential Proclamation 6142 of May 25, 1990.

Sincerely,
John Durant, Director Commercial Rulings Division