# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FOREST PRODUCTS NORTHWEST, INCORPORATED,<br>*Plaintiff,*<br>*v.*<br>UNITED STATES,<br>*Defendant.* | ) | Case No. 03-2485C<br>The Honorable Susan G. Braden, J. |

**PLAINTIFF NORTHWEST FOREST PRODUCTS'**
**MOTION FOR EXPEDITED CONSIDERATION**

COMES NOW Plaintiff, Forest Products Northwest, Inc., by and through its attorney, A. Woodson Stuart, Esq., and hereby submits this motion for expedited consideration based on the points and authorities set forth in the accompanying memorandum. A hearing is requested on this motion.

Respectfully submitted,

Date: November 21, 2003

/s/____________________

A. Woodson Stuart, Esq.
2315 Wisconsin Avenue, NW
Second Floor
Washington, D.C. 20007
Tel: (202) 279-3196
Fax: (202) 338-0270

*Attorney for Plaintiff Northwest Forest Products*

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FOREST PRODUCTS NORTHWEST, INCORPORATED,

*Plaintiff,*

*v.*

UNITED STATES,

*Defendant.*

Case No. 03-2485C
The Honorable Susan G. Braden, J.

## MEMORANDUM IN SUPPORT OF PLAINTIFF NORTHWEST FOREST PRODUCTS' MOTION FOR EXPEDITED CONSIDERATION

COMES NOW Plaintiff, Forest Products Northwest, Inc., doing business as Northwest Forest Products ("NWFP"), by and through its attorney, A. Woodson Stuart, Esq., 2315 Wisconsin Avenue, NW, Second Floor, Washington, D.C. 20007, Tel: (202) 297-3196, Fax: (202) 338-0270, and hereby submits this memorandum in support of its motion for expedited consideration under 28 U.S.C. § 1657, and as ground in support thereof states the following:

## I. BACKGROUND

On October 7, 2003, the Import Specialist at the Port of Blaine, Washington, after conferring with the National Import Specialist in New York, issued an administrative decision and order reclassifying NWFP's entries of edge-glued lumber under Heading 4407, Harmonized Tariff Schedule of the United States ("HTSUS"), and requiring NWFP to classify all future entries under that provision. *See* Compl. Ex. 2.

The agency's decision and order was embodied in a standard Customs Form ("CF") No. 29 ("Notice of Action"). The issuance of a CF-29 is "not protestable" under 19 U.S.C. § 1515.[1] By its terms, a CF-29 purports merely to advise the importer that U.S. Customs has reclassified particular entries and is in the process of liquidating them. *See* Compl. Ex. 2. To obtain review of the reclassification, an importer must wait until liquidation, when the duties are actually assessed, at which time a protest may be filed. If the protest is denied, the importer can bring an action to contest the denial of the protest in the Court of International Trade ("CIT") under 28 U.S.C. § 1581(a).[2]

Contrary to the terms of the CF-29 issued to NWFP, the subject entries are not in the process of being liquidated. U.S. Customs will not be allowed to liquidate the subject entries until mid-2004 at the earliest (*i.e.,* if NWFP does not participate in the administrative and judicial review of the underlying AD/CVD determinations under 19 U.S.C. § 1675 and 28 U.S.C. § 1581(c), in which case the entries might not liquidate for several years).

Presently before the Court is NWFP's motion for expedited consideration. NWFP respectfully submits that expedited consideration is clearly warranted here to prevent the destruction of the rights conferred by Section 625(c) of the Customs Modernization Act of 1993 ("the Mod Act"), 19 U.S.C. § 1625(c).

---

[1] Counsel confirmed this with the National Import Specialist in a telephone conference on or about October 8, 2003.

[2] Judicial review is not otherwise available in the CIT absent extraordinary circumstances not present here. *See Norcal/Crosetti Foods, Inc. v. United States,* 963 F.2d 356, 359 (Fed. Cir.1992); *National Corn Growers Ass'n v. Baker,* 840 F.2d 1547, 1557 (Fed. Cir. 1988); *Miller & Co. v. United States,* 824 F.2d 961, 963 (Fed. Cir.1987), *cert. denied,* 484 U.S. 1041 (1988); *American Air Parcel Forwarding v. United States,* 718 F.2d 1546, 1550-51 (Fed. Cir.1983), *cert. denied,* 466 U.S. 937 (1984); *United States v. Uniroyal, Inc.,* 687 F.2d 467, 471 (Ct. Cust. & Pat. App. 1982); *see also American Bayridge Corp. v. United States,* 35 F. Supp. 2d 922 (Ct. Int'l Trade 1998) (noting that the plaintiffs voluntarily dismissed a prior action for declaratory and injunctive relief after the government raised jurisdictional objections), *vacated in part as moot,* 1999 WL 997303, at *1 n.1 (Fed. Cir. Oct. 26, 1999); Ex. 1 (excerpt from government's Statement of Undisputed Facts in the *Bayridge* case describing the prior action).

## II. THE TUCKER ACT PROVIDES THE ONLY METHOD FOR OBTAINING DIRECT REVIEW OF PRE- AND POST-LIQUIDATION ASSESSMENTS.

Under the current entry and liquidation process, importers classify their imports at entry, and this classification is subject to change by U.S. Customs at liquidation, which is normally 314 days after entry. Importers then can file a protest of the liquidation with U.S. Customs under 19 U.S.C. § 1515 and, if necessary, obtain judicial review in the CIT under 28 U.S.C. § 1581(a).[3]

A "gap" in the CIT's jurisdiction arises, however, when U.S. Customs makes a classification-based assessment outside the context of a liquidation (e.g., the assessment of penalties, liquidated damages, cash deposits, or other remedies for misclassification of entries by the importer). **As indicated above, such assessments are not protestable or otherwise subject to review in the CIT.**[4] The only direct and timely remedy is a refund action under the Tucker Act. *See Trayco Inc. v. United States,* 994 F.2d 832 (Fed. Cir. 1993) (penalty assessment under 19 U.S.C. § 1592); *High Star Toys v. United States,* 32 Fed. Cl. 176 (1994).

This case arises from the assessment of cash deposits under 19 U.S.C. § 1671f & 1673g based on a reclassification of certain imports shortly after entry. In other words, U.S. Customs did not wait until liquidation to make an assessment based on its reclassification decision. To make matters worse, liquidation of the subject entries has been suspended because of the AD/CVD review process and ***may not occur for several years.*** Justice delayed so long is clearly justice denied. It must be borne in mind that it was U.S. Customs that chose not to wait until liquidation to assess cash deposits arising from the alleged misclassification of the subject entries that created the "gap" in the CIT's judicial review jurisdiction here. *Trayco,* 994 F.2d 832.

---

[3] This judicial review can be obtained right away only if U.S. Customs cooperates by acting promptly on the protest. Otherwise, the administrative protest process can take up to 120 days. *See* 19 U.S.C. § 1515(b).

[4] The only apparent exception arises if an importer can show that it is about to go out of business because of an erroneous classification decision. *See supra note 3.*

NWFP would have been perfectly content to wait until liquidation, because judicial review would be available in the CIT shortly thereafter.

In any event, where a gap in the CIT's jurisdiction arises, this Court has a duty to exercise its Tucker Act jurisdiction, because the importer has "no other adequate remedy in a court." Administrative Procedure Act ("APA"), 5 U.S.C. § 704.[5]

## II. AN EXPEDITED SCHEDULE IS NECESSARY TO MAKE THE PLAINTIFF'S TUCKER ACT REMEDY TRULY "ADEQUATE."

Federal courts are authorized and, indeed, required to "expedite the consideration of . . . any . . . action if good cause therefor is shown." 28 U.S.C. § 1657. "Good cause" can be established by showing that "a right under the Constitution of the United States or a Federal Statute" is asserted and the "factual context . . . indicates that a request for expedited consideration has merit."

In this case, the plaintiff has asserted a right under the Mod Act, which is a federal statute. The first requirement of Section 1657 of the Judicial Code is therefore satisfied here.

---

[5] The relevant provisions of the APA read as follows:

> This chapter applies, according to the provisions thereof, except to the extent that: (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law.

5 U.S.C. § 701(a).

> A person . . . adversely affected . . . by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. . . .

*Id.* § 702.

> The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute ***or, in the absence or inadequacy thereof, any applicable form of legal action*** . . . in a court of competent jurisdiction. . . .

*Id.* § 703 (emphasis added).

> Agency action made reviewable by statute ***and final agency action for which there is no other adequate remedy in a court*** are subject to judicial review. . . .

*Id.* § 704 (emphasis added).

In addition, the "factual context" indicates that expedited consideration is warranted for several reasons. First, NWFP is continuing to import edge-glued lumber. *See* Pl.'s First Supp. Compl. U.S. Customs' alleged violation of Section 625(c), therefore, is a "continuing wrong" deserving of prompt judicial action. Thus, the nature of the violation at issue here indicates that the request for expedited consideration has merit.

Second, this is a relatively simple case, involving the straightforward application of unambiguous tariff provisions to merchandise whose physical characteristics at importation are readily ascertainable by the Court from its own examination of the samples on file with the Court. Few if any material facts are likely to be genuinely disputed in such cases. It is for this reason that judgments on the basis of agreed facts are a common method of disposition. *See, e.g., Worthington v. Robbins,* 139 U.S. 337, 337-38 (1891) (noting that the case was tried on the basis of agreed facts).

In addition to the nature of the violation, the nature of the right being violated makes expedited consideration appropriate. The right at issue here entitles importers like NWFP to rely to their detriment on Customs Service Rulings in making import decisions unless and until those rulings have been revoked or modified. Every day that goes by is another day that the importing community cannot be sure that imports of edge-glued lumber, or any other remanufactured lumber products for that matter, will not be subject to an almost 30% duty based on an implied "actual use" limitation. Few businesses are willing to take the risk of importing in such circumstances no matter how clear the law seems to be.

The Supreme Court recognized the chilling effect of such uncertainty on legitimate commerce long ago. Not surprisingly, the Court did so in cases that, like this one, involving attempts by U.S. Customs to read implied "actual use" limitations into particular tariff

provisions. For example, in *Merritt v. Welsh,* 104 U. S. 694 (1881), the Court admonished that if actual use is to be relevant to classification:

> let it be so declared by the laws; and then the merchant will know on what he has to depend. ***Uncertainty and ambiguity are the bane of commerce. Discretion in the custom-house officer should be limited as strictly as possible.*** It has been said with much truth, "Where law ends, tyranny begins."

*Id.* at 704 (emphasis added).

It is significant that in *Bayridge,* 35 F. Supp. 2d 922, the only precedent involving allegations that U.S. Customs had violated rights conferred by Section 625(c) of the Mod Act in reclassifying imports under Heading 4407, HTSUS, the court granted expedited consideration. This Court should follow this precedent and grant expedited consideration here.

In sum, U.S. Customs' reclassification of NWFP's imports of edge-glued lumber under Heading 4407, HTSUS, based on the putative use of the material after importation, represents a continuing violation of rights conferred by Section 625(c) of the Mod Act. The only adequate remedy for such violations is an expedited proceeding for judicial review in this Court.

## III. CONCLUSION

The "factual context" in this case clearly indicates that expedited consideration is warranted — as both the CIT and the government recognized under the similar circumstances in the *Bayridge* case. Accordingly, the Plaintiff respectfully submits that expedited consideration must be granted under 28 U.S.C. § 1657.[6]

[6] A proposed scheduling order is attached.

Respectfully submitted,

Date: November 21, 2003

/s/______________________

A. Woodson Stuart, Esq.
2315 Wisconsin Avenue, NW
Second Floor
Washington, D.C. 20007
Tel: (202) 279-3196
Fax: (202) 338-0270

*Attorney for Plaintiff Northwest Forest Products*

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FOREST PRODUCTS NORTHWEST, INCORPORATED,

*Plaintiff,*

*v.*

UNITED STATES,

*Defendant.*

Case No. 03-2485C
The Honorable Susan Braden, Judge

## ORDER

UPON CONSIDERATION of the motion for expedited consideration filed by the Plaintiff, Forest Products Northwest, and the opposition thereto filed by the Defendant, the United States, the matter having come before the Court for a hearing, now, after due deliberation, it is hereby ORDERED and ADJUDGED that said motion be, and hereby is, GRANTED. A scheduling order will issue separately.

It is SO ORDERED.

Date: ___________________

_________________________
The Honorable Susan G. Braden, J.

**Copies to:**

A. Woodson Stuart, Esq.
2315 Wisconsin Avenue, NW
Second Floor
Washington, D.C. 20007-1866

*Attorney for Plaintiff Forest Products Northwest, Inc.*

Claudia Burke, Esq.
Commercial Litigation Branch
U.S. Department of Justice
Washington, D.C. 20530

**Attn: Classification Unit**
**8th Floor, 11 L Street, NW**

*Attorney for Defendant United States*

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FOREST PRODUCTS NORTHWEST, INCORPORATED,<br><br>*Plaintiff,*<br><br>*v.*<br><br>UNITED STATES,<br><br>*Defendant.* | Case No. 03-2485C<br>The Honorable Susan G. Braden, J. |

**[PROPOSED] SCHEDULING ORDER**

This order is being entered pursuant to Court of Federal Claims Rule 16. The schedule will not be changed except in the most extraordinary circumstances, and any requests for an extension of time must be filed before the deadline to be extended passes. These deadlines, and other relevant dates, shall be as follows:

| | |
|---|---|
| December 22, 2003 | Defendant's initial pleading due; discovery begins. |
| December 29, 2003 | Last day for meeting of the parties under Rule 16(a). |
| January 2, 2004 | Joint status report under Rule 16(b) due. |
| January 7, 2003 | Hearing on preliminary motions. |
| January 12, 2004 | Initial disclosures under Rule 26(a), including expert reports, and requests for additional discovery due. |
| January 30, 2003 | Rebuttal to expert disclosures due. |
| February 12, 2004 | Responses to requests for additional discovery due. |
| February 15, 2004 | Requests for admissions under Rule 36 due. |
| February 23, 2004 | Summary judgment motions under Rule 54 due. |

| | |
|---|---|
| March 1, 2004 | Responses to summary judgment motions due. |
| March 8, 2004 | Summary judgment replies due. |
| April 12, 2004 | Hearing on summary judgment motions. |
| May 11, 2003 | Ruling on summary judgment motions and/or pretrial conference under Rule 16(c). |

**DISCOVERY**

Discovery will be limited to requests for admissions, document production, and answers to interrogatories, except that any experts disclosed by a party may be deposed once for than three hours. The scope of discovery shall be limited to matters that are relevant or calculated to lead to the discovery of relevant evidence, and this limitation may be defined by further order of the Court depending on the outcome of the Plaintiff's motion *in limine.*

It is SO ORDERED.

Date: ________________

______________________
The Honorable Susan G. Braden, J.

**Copies to:**

A. Woodson Stuart, Esq.
2315 Wisconsin Avenue, NW
Second Floor
Washington, D.C. 20007-1866

*Attorney for Plaintiff Forest Products Northwest, Inc.*

Claudia Burke, Esq.
Commercial Litigation Branch
U.S. Department of Justice
Washington, D.C. 20530

**Attn: Classification Unit**
**8th Floor, 11 L Street, NW**

*Attorney for Defendant United States*