# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FOREST PRODUCTS NORTHWEST, INCORPORATED,

*Plaintiff,*

*v.*

UNITED STATES,

*Defendant.*

Case No. 03-2485C
The Honorable Susan G. Braden, J.

## PLAINTIFF NORTHWEST FOREST PRODUCTS' FIRST CITATION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION *IN LIMINE*

COMES NOW Plaintiff, Forest Products Northwest, Inc., doing business as Northwest Forest Products ("NWFP"), by and through its attorney, A. Woodson Stuart, Esq., 2315 Wisconsin Avenue, NW, Second Floor, Washington, D.C. 20007, Tel: (202) 279-3196, Fax: (202) 338-0270, and respectfully submits this citation of supplemental authority in support of its motion *in limine* to exclude argument and evidence of "actual use" from the proceedings.

The authority consists of the following:

(1) the argument made by the United States in the last known court case addressing the identical issue of the relevancy of "actual use" to classification under Heading 4407 HTSUS; and

(2) the court's decision on the issue, *American Bayridge Corp. v. United States,* 35 F. Supp. 2d 922 (Ct. Int'l Trade 1998), *vacated in part as moot,* 1999 WL 997303, at *1 (Fed. Cir. Oct. 26, 1999), which accepted the government's argument.[1]

[1] While this decision was vacated, and the Federal Circuit assumed it would not be cited as precedent, the Defendant proceeded to do precisely that in the World Customs Organization ("WCO"). *See Canada–United States Softwood Lumber Agreement, Matter of the U.S. Customs Service's Revocation of Ruling Letters Relating to the Tariff Classification of Drilled Studs and Notched Lumber*, Slip op. ¶ 4.63 n.164 (Binat'l Panel Mar. 29, 2001) (rejecting U.S. Customs' expansive reinterpretation of Heading 4407, HS). The U.S. panelist cited the decision in his dissent, and the United States has refused to implement the majority's decision. *See id.* In any event, the Federal Circuit's vacatur of the *Bayridge* decision on the merits of the classification issue did not vitiate the preclusive effect

*See Key Pharmaceuticals v. Hercon Labs.*, 161 F.3d 709*,* 715 n.1 (Fed. Cir. 1998) (recognizing the doctrine of judicial estoppel and collecting cases); *Schott Optical Glass, Inc. v. United States,* 750 F.2d 62, 64 (Fed. Cir. 1984) (applying the doctrine of *stare decisis* to the United States in a customs case); *Heartland By-Prods., Inc. v. United States,* 223 F. Supp. 2d 1317, 1331-32 (Ct. Int'l Trade 2002) (rejecting the argument that the United States is not bound by court decisions in classification cases).[2]

Respectfully submitted,

s/Andrew Woodson Stuart

Date: November 25, 2003

A. Woodson Stuart, Esq.
2315 Wisconsin Avenue, NW
Second Floor
Washington, D.C. 20007
Tel: (202) 279-3196
Fax: (202) 338-0270

*Attorney for Plaintiff Northwest Forest Products*

---

of that decision, under the doctrine of judicial estoppel, as an acceptance of the Defendant's argument on an identical legal issue to the issue presented by NWFP's motion *in limine.*

[2] The Supreme Court has held that the doctrine of collateral estoppel generally does not apply in customs cases because every importation of merchandise is considered a unique event. *See United States v. Stone & Downer Co.,* 274 U.S. 225 (1927). Accordingly, NWFP will not rely on the doctrine of collateral estoppel here except to suggest that *Stone & Downer* is of questionable validity today given the subsequent statutory changes in customs administration and to note that the test for non-mutual collateral estoppel is satisfied: The *Bayridge* Court actually and necessarily decided the identical issue presented by NWFP's motion *in limine* (whether "actual use" is relevant to classification under Heading 4407, HTSUS), and the Defendant was a party to *Bayridge* and argued for the decision made by the court on the issue.

Exhibit to NWFP's First Cit. Supp. Auth.

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: JUDITH M. BARZILAY, JUDGE

| | | |
|---|---|---|
| AMERICAN BAYRIDGE CORP., | : | |
| Plaintiff, | : | Court No. 98-08-02682 |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

FRANK W. HUNGER
Assistant Attorney General

JOSEPH I. LIEBMAN
Attorney in Charge
International Trade Field Office

BARBARA S. WILLIAMS
AIMEE LEE
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza
New York, New York 10278
Attorneys for Defendant
Tel. No. (212) 264-9230 or 9240

Of counsel:
Allan Martin
Associate Chief Counsel
Louis Brenner, Jr.
General Attorney
U.S. Customs Service

In reply, Bayridge did not contradict nor address our showing whatsoever. Instead, Bayridge resorted to its red herring that the imported lumber is somehow carpentry because it is, according to Bayridge, "pieces of an unassembled wall frame . . . dedicated for use as vertical wall frame members." Bayridge's motion at 16.

Bayridge's position is again unfounded. It is undisputed that in order to be classifiable under heading 4418, the imported lumber must be joinery or carpentry. If the imported lumber does not fall within the definition of either of these terms, it does not matter whether or not it is an "unassembled wall frame" or "a vertical wall frame member" or not. Here, as we showed in our memorandum, and as Bayridge did **not** contradict in its reply, the imported lumber does not fall within the terms joinery or carpentry. Therefore, Bayridge's argument must fail that the imported lumber is classifiable under hearing 4418, HTSUS.

Further, even if we ignore, for the sake of argument, that the imported lumber is not joinery or carpentry, the fact that the imported lumber may be an "unassembled wall frame" or a "vertical wall frame member" is irrelevant. As we pointed out in our memorandum, and as Bayridge again (and properly) did not dispute in its reply, the principal use of the imported lumber is **not** determinative here. Neither heading 4407 nor heading 4418 are "use" provisions, the statutory language does not expressly turn on "use," and implying "use" restrictions are dispositive is strongly disfavored in the judicial decisions. E.g., Commercial Aluminum Cookware v. United States, 938 F. Supp. 875, 883 (CIT 1996).

Moreover, assuming that the use of the imported lumber is applicable, its use in vertical wall construction as described by Bayridge, does not help Bayridge's position. We demonstrated in our memorandum that because the vast majority of the imported lumber as well as otherwise