No. 03-2485
(Judge Braden)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FOREST PRODUCTS NORTHWEST, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

PATRICIA M. McCARTHY
Assistant Director

CLAUDIA BURKE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Fl.
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-9063
Fax: (202) 307-0972

OF COUNSEL:

CHI CHOY
Senior Attorney
Office of the Assistant
Chief Counsel
International Trade Litigation
U.S. Customs and
Border Protection
26 Federal Plaza, Room 258
New York, NY 10278

January 28, 2004

Attorneys for Defendant

# TABLE OF CONTENTS

Page(s)

DEFENDANT'S MOTION TO DISMISS . . . . . . . . . . . . . . . . . . . 1

DEFENDANT'S BRIEF . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . 2

I. Nature Of The Case . . . . . . . . . . . . . . . . . . . 2

II. Statement Of The Facts . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I. Standard Of Review . . . . . . . . . . . . . . . . . . . 4

II. This Court Does Not Possess Jurisdiction To Entertain This Complaint . . . . . . . . . . . . . . . . . . . . . . 6

A. The Court Of International Trade Possesses Exclusive Jurisdiction To Review Scope Determinations . . . . . . . . . . . . . . . . . . 8

III. Forest Products Has Not Alleged A Claim Upon Which Relief Can Be Granted . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

FEDERAL CASES Page(s)

Aetna Casualty & Surety Co. v. United States,
655 F.2d 1047, 228 Ct. (1981) . . . . . . . . . . . . . . . . . 11

Alaska v. United States,
32 Fed. Cl. 689 (1995), appeal dismissed, 86 F.3d 1178
(Fed. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . 4

Apotex, Inc. v. Thompson,
347 F.3d 1335 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . 15

Booth v. United States,
990 F.2d 617 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . 4

Dynalectron Corp. v. United States,
4 Cl. Ct. 424 aff'd, 758 F.2d 665 (Fed. Cir. 1984) . . . . . . 6

Emery Wo.W. Airlines, Inc. v. United States,
49 Fed. Cl. 211 (2001) . . . . . . . . . . . . . . . . . . . . 5

Ewing v. United States,
36 Fed. Cl. 159 (1996) . . . . . . . . . . . . . . . . . . . . 6

Frontier Insurance Co. v. United States,
276 F. Supp. 2d 1334 (CIT 2003) . . . . . . . . . . . . . . . . 9

High Star Toys v. United States,
32 Fed. Cl. 176 (1994) . . . . . . . . . . . . . . . . 11, 14, 15

Johnson Controls World Services, Inc. v. United States,
44 Fed. Cl. 334 (Fed. Cl. 1999) . . . . . . . . . . . . . . . 4, 5

Macrotel International Corp. v. United States,
24 Fed. Cl. 98 (1995) . . . . . . . . . . . . . . . . . . . . 7, 9

McCauley v. United States,
38 Fed. Cl. 250 (1997) . . . . . . . . . . . . . . . . . . . 4, 5

McNutt v. General Motors Acceptance Corp. of Indiana,
298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . . . . 4

Mercado Juarez Gringos v. United States,
796 F. Supp. 531 (CIT 1992) . . . . . . . . . . . . . . . . . . 10

Mients v. United States,
50 Fed. Cl. 665 (2001) . . . . . . . . . . . . . . . . . . . . . . 7

Mississippi Department of Rehabilitation Services v. United States,
58 Fed. Cl. 371 (2003) . . . . . . . . . . . . . . . . . . . . . . 5

Myers v. Bethlehem Shipbuilding Corp.,
303 U.S. 41 (1938) . . . . . . . . . . . . . . . . . . . . . . . . 13

Reynolds v. Army & Air Force Exch. Service,
846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . . . 4

Rice v. United States,
31 Fed. Cl. 156 (1994), aff'd, 48 F.3d 1236 (Fed. Cir. 1995) (table) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Sartori v. United States,
58 Fed. Cl. 358 (2003) . . . . . . . . . . . . . . . . . . . . . . 5

St. Vincent's Medical Ctr. v. United States,
32 F.3d 548 (1994) . . . . . . . . . . . . . . . . . . . . . . . . 10

Tippett v. United States,
185 F.3d 1250 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . 7

Trayco, Inc. v. United States,
994 F.2d 832 (Fed. Cir. 1993) . . . . . . . . . 11, 12, 13, 14, 15

United States v. Mitchell,
463 U.S. 206 (1983) . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Newport News Shipbuilding & Dry Dock Co.,
933 F.2d 996 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . 4

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . 6

FEDERAL STATUTES AND REGULATIONS

18 U.S.C. § 2631 . . . . . . . . . . . . . . . . . . . . . . . . 9

19 C.F.R. § 351.225(c)(1) . . . . . . . . . . . . . . . . . . . . 8

19 C.F.R. § 351.225(k)(2), (3) . . . . . . . . . . . . . . . . . 8

19 U.S.C. § 1500 . . . . . . . . . . . . . . . . . . . . . . . . 9

19 U.S.C. § 1515 . . . . . . . . . . . . . . . . . . . . . . . 9

19 U.S.C. §1516A(a)(2)(B)(vi) . . . . . . . . . . . . . . . . 9, 10

19 U.S.C. § 1581(a) . . . . . . . . . . . . . . . . . . . . . . 9

19 U.S.C. § 1595a . . . . . . . . . . . . . . . . . . . . . . . 14

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. § 1491(a)(1)(1995) . . . . . . . . . . . . . . . . . 11

28 U.S.C. 1491(c) . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. § 1581(a),(c) . . . . . . . . . . . . . . . . . . . . 10

28 U.S.C. § 1581(c) . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. 2637(d) . . . . . . . . . . . . . . . . . . . . . . . 13

ADMINISTRATIVE DECISIONS

Notice of Amended Final Affirmative Countervailing Duty Determination and Notice of Countervailing Duty Order: Certain Softwood Lumber Products from Canada,
67 Fed. Reg. 36070 (May 22, 2002) . . . . . . . . . . . . . . . . 3

Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Softwood Lumber Products from Canada,
67 Fed. Reg. 36068 (May 22, 2002) . . . . . . . . . . . . . . . . 3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FOREST PRODUCTS NORTHWEST, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2485 |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests the Court dismiss plaintiff's, Forest Products Northwest Inc. ("Forest Products") complaint[1] for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. In support of this motion, we rely upon the pleadings and the following brief and appendix.

DEFENDANT'S BRIEF

STATEMENT OF THE ISSUES

1. Whether this Court possesses jurisdiction to entertain

[1] Since filing its complaint, Forest Products has filed several motions including a Motion (and supporting memorandum) in Limine to Exclude Argument and Evidence Relating to Post-Importation Use of the Subject Merchandise, a Motion (and supporting memorandum) to Expedite the Proceedings, and two motions to supplement the pleadings. With respect to the motions to amend the pleadings, pursuant to RCFC 15(a), we have no objection. However, as we demonstrate below, this Court does not possess jurisdiction to entertain any of the remaining motions. Therefore, these motions are moot. However, if the Court denies this motion to dismiss, we respectfully request an additional 30 days from the Court's order within which to respond to plaintiff's outstanding motions.

claims concerning a United States Customs and Border Protection ("Customs") determination that Forest Products' importations are subject to antidumping and countervailing duties.

2. Whether Forest Products' allegations of misclassification present issues upon which relief can be granted.

## STATEMENT OF THE CASE

### I. Nature Of The Case

This case arises out of Forest Products' importation of merchandise into the United States. Customs found that this merchandise falls within the purview of certain antidumping and countervailing duties orders issued by the Department of Commerce. As a result, Forest Products was required to pay estimated antidumping and countervailing duties upon the imported merchandise. Forest Products now challenges Customs' determination in this Court, rather than in the Court of International Trade, alleging that its claims are akin to penalty refund claims handled by this Court. Forest Products has not sought any administrative remedies.

### II. Statement Of The Facts

Forest Products manufactures lumber in Tacoma, Washington.[2] Compl. ¶ 3. In October, 2003, Forest Products imported two

[2] For the purposes of this brief only, we accept as true the factual allegations contained in the complaint.

entries of lumber from Canada through the Port of Blaine, Washington. The first entry of merchandise, imported under Entry No. WQO-1289736-0, was entered under subheading 4407.10.00, the tariff provision for "[w]ood sawn or chipped lengthwise, sliced or peeled, whether or not planed, sanded or finger-jointed, of a thickness exceeding 6 mm: Coniferous." Compl. Attachment 1. The second importation, under Entry No. WQO-1289757-6, was entered under subheading 4421.90.97, the provision for "[other articles of wood...." Id. Both entries were subject to antidumping and countervailing duty orders. Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Softwood Lumber Products from Canada, 67 Fed. Reg. 36068 (May 22, 2002); Notice of Amended Final Affirmative Countervailing Duty Determination and Notice of Countervailing Duty Order: Certain Softwood Lumber Products from Canada, 67 Fed. Reg. 36070 (May 22, 2002). Pursuant to these orders, Forest Products paid estimated antidumping and countervailing duties, at the time of importation, in the amount of $11,212.73 and $9,145.11, respectively. Compl. at Attachment 1.

On October 21, 2003, Forest Products brought suit in this Court, asserting three contentions: first that Customs misclassified the subject imports; second, that Customs misclassified the subject imports pursuant to the "Mod Act;" and third, that Customs erred in applying the

antidumping/countervailing duty orders to the subject imports. Compl. ¶¶ 26-47.

## ARGUMENT

### I. Standard Of Review

Subject matter jurisdiction may be challenged at any time by the parties, by the Court sua sponte, or on appeal. Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993); United States v. Newport News Shipbuilding & Dry Dock Co., 933 F.2d 996, 998 n.1 (Fed. Cir. 1991). Once jurisdiction is challenged by the court or the opposing party, the plaintiff bears the burden to establish jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936). A plaintiff must establish jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Alaska v. United States, 32 Fed. Cl. 689, 695 (1995), appeal dismissed, 86 F.3d 1178 (Fed. Cir. 1996).

This Court may grant a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) when, in view of the record presented, "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Johnson Controls World Servs., Inc. v. United States, 44 Fed. Cl. 334, 340 (Fed. Cl. 1999) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957))); accord McCauley v.

United States, 38 Fed. Cl. 250, 262-63 (1997). Moreover, although the factual allegations, as pled, must be presumed true and viewed most favorable to the non-movant, the burden of establishing the Court's jurisdiction, as well as the viability of purported claims, falls squarely upon the non-movant. Johnson Controls, 44 Fed. Cl. at 340; McCauley, 38 Fed. Cl. at 262; Emery Wo.W. Airlines, Inc. v. United States, 49 Fed. Cl. 211, 219 (2001) (citing Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998)); Rice v. United States, 31 Fed. Cl. 156, 161 (1994), aff'd, 48 F.3d 1236 (Fed. Cir. 1995) (table).

In evaluating a motion to dismiss made under 12(b)(6) "the Court presumes all factual allegations in the complaint to be true and draws all reasonable inferences in favor of the nonmoving party." Mississippi Dept. of Rehabilitation Services v. United States, 58 Fed. Cl. 371, 372 (2003). Therefore, this Court "must deny a motion under RCFC 12(b)(6) if relief can be granted 'under any set of facts that could be proved consistent with the allegations.'" Sartori v. United States, 58 Fed. Cl. 358, 361 (2003) (citing NOW, Inc. v. Scheidler, 510 U.S. 249, 256 (1994)).

## II. This Court Does Not Possess Jurisdiction To Entertain This Complaint

This Court is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984). Its jurisdiction to entertain a suit and to grant relief depends upon, and is circumscribed by, the extent to which the United states has waived its sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976). A waiver of sovereign immunity of the United States cannot be implied, but must be unequivocally expressed by Congress. Id. Absent congressional consent to entertain a claim against the United States, the Court of Federal Claims lacks authority to grant relief. Id.

Further, "the Tucker Act is a jurisdictional statute which does not confer a substantive right to recover money damages from the United States." Ewing v. United States, 36 Fed. Cl. 159, 162 (1996) (quoting United States v. Testan, 424 U.S. 392, 398 (1976)). "[I]n order to state a claim under the Tucker Act, [a plaintiff] must find a substantive right in the Constitution, an act of Congress, or an executive department regulation on which to base [his] claim that 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" Ewing, 36 Fed. Cl. at 162 (quoting Dehne v. United States, 970 F.2d 890, 893 (Fed. Cir. 1992)); see United States v. Mitchell, 463 U.S. 206, 216-17 (1983)). "In other words, the

plaintiff 'must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.'" Tippett v. United States, 185 F.3d 1250, 1255 (Fed. Cir. 1999)(quoting James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998)); see Mients v. United States, 50 Fed. Cl. 665, 670-71 (2001).

Forest Products alleges jurisdiction based upon the Tucker Act. Compl. ¶ 2. However, Forest Products has failed to cite any separate money-mandating constitutional provision, statute, or regulation, the violation of which would support a claim for damages against the United States.

Indeed, Forest Products fails even to acknowledge the relevant portion of the Tucker Act, namely 28 U.S.C. 1491(c), which states, "[n]othing herein shall be construed to give the United States Court of Federal Claims jurisdiction of any civil action within the exclusive jurisdiction of the Court of International Trade...." 28 U.S.C. 1491(c); Macrotel Int'l Corp. v. United States, 24 Fed. Cl. 98, 99 (1995)("This Court lacks jurisdiction over "any civil action within the exclusive jurisdiction of the Court of International Trade."). Because the Court of International Trade possesses exclusive jurisdiction to entertain proper claims concerning Customs' classification, this Court cannot entertain this claim.

A. The Court Of International Trade Possesses Exclusive Jurisdiction To Review Scope Determinations

All of Forest Products claims concern Customs' alleged misclassification of the subject imports in this case. Compl. ¶¶ 26-47. Importers have several options when they wish to contest the scope of an antidumping order or how Customs has chosen to classify a product. For example, when issues arise as to whether a particular product is included within the scope of an antidumping or countervailing duty order, "any interested party may apply for a ruling as to whether a particular product is within the scope of an order...." 19 C.F.R. § 351.225(c)(1). These applications are made to the United States Department of Commerce ("Commerce"). Id.

If Commerce concludes in its scope ruling that the imported merchandise is not within the scope of the order, Commerce will order Customs to refund any cash deposits paid by the importer. 19 C.F.R. § 351.225(k)(2), (3). If Commerce concludes that the imported merchandise is within the scope of the relevant order, plaintiff may file an action in the Court of International Trade, pursuant to 28 U.S.C. § 1581(c). Specifically, section 1581(c) states that "[t]he Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A of the Tariff Act of 1930." Section 516A concerns judicial review of antidumping and countervailing duty determinations and states that "[a] determination by the

administering authority as to whether a particular type of merchandise is within the class or kind of merchandise described in an existing finding of dumping or antidumping or countervailing duty order" is reviewable. 19 U.S.C. § 1516A(a)(2)(B)(vi).

An importer can also challenge customs classification by filing a protest after liquidation of the subject entries. 19 U.S.C. § 1581(a); 19 U.S.C. § 1515. When an importer has paid estimated antidumping and countervailing duties, as Forest Products has here, Customs has not yet made a final computation of what is owed. In other words, Customs has not "liquidated" the entries. Pursuant to 19 U.S.C. § 1500, Customs liquidates the entry by making a final determination upon classification, the applicable duty rate, and the final amount of duty to be paid. Once liquidation occurs, an importer may file a protest, to Customs, contesting the classification and the rate and amount of duty charged. If that protest is denied, the Court of International Trade possesses exclusive jurisdiction to review it. 19 U.S.C. § 1515; 18 U.S.C. § 2631; <u>Frontier Insurance Co. v. United States</u>, 276 F. Supp.2d 1334, 1337 (CIT 2003)(stating "[t]his court's subject-matter jurisdiction for matters of classification under the HTSUS is pursuant to 28 U.S.C. § 1581(a)"); <u>Macrotel</u>, 24 Fed. Cl. at 99 (stating "matters that are protested or 'protestable' are within [the CIT's] jurisdiction");

Mercado Juarez Gringos v. United States, 796 F. Supp. 531, 531 (CIT 1992)(stating that CIT possesses jurisdiction to entertain review of a tariff classification administrative determination).

Forest Products alleges that its subject imports do not fall within the scope of the antidumping and countervailing orders applied in this case. As established above, the Court of International Trade possesses exclusive jurisdiction to review scope determinations and challenges to customs classifications. 19 U.S.C. § 1516A(a)(2)(B)(vi); 28 U.S.C. § 1581(a),(c). Because this Court cannot entertain those claims over which the Court of International Trade possesses exclusive jurisdiction, this Court cannot entertain this request for a scope review. See St. Vincent's Medical Ctr. v. United States, 32 F.3d 548, 549 (1994)(stating "[c]ourts have consistently found preemption of Tucker Act jurisdiction where Congress has enacted a precisely drawn, comprehensive and detailed scheme of review in another forum" and citing United States v. Fausto, 484 U.S. 439, 454-55 (1988)).

## III. Forest Products Has Not Alleged A Claim Upon Which Relief Can Be Granted

Even if this Court determines it possesses jurisdiction to entertain this complaint, Forest Products has not alleged a claim upon which relief can be granted. Forest Products alleges jurisdiction based upon the Tucker Act stating, "[t]his is an action for a refund of $20,357.84 paid under protest to

[Customs]." Compl. ¶ 1. The Tucker Act, 28 U.S.C. § 1491, defines the jurisdiction of the Court of Federal Claims. United States v. Testan, 424, U.S. at 397; Aetna Casualty & Surety Co. v. United States, 655 F.2d 1047, 1051, 228 Ct. Cl. 146, 151 (1981). Pursuant to the Tucker Act, the Court of Federal Claims possesses jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an Executive department, or upon any express of implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. 28 U.S.C. § 1491(a)(1)(1995).

Forest Products appears to characterize its case as a penalty refund case, relying upon Trayco, Inc. v. United States, 994 F.2d 832 (Fed. Cir. 1993)(finding that district court possesses jurisdiction pursuant to Tucker Act to review legality of penalty imposed by Customs Service) and High Star Toys v. United States, 32 Fed. Cl. 176 (1994)(finding that "refunds for improper collections of customs duties, and the forfeiture provisions of the customs laws, have been considered to be within the scope of the Tucker Act."). Compl. ¶ 2. This reliance is misplaced. Trayco and High Star present wholly different claims.

In Trayco, Customs assessed a penalty against the importer for gross negligence. Trayco, 994 F.2d at 835. The importer attempted to have the penalty mitigated several times and finally

paid the mitigated amount "under protest." Id. The importer then commenced an action in district court, seeking a refund of the mitigated penalty amount. The United States Court of Appeals for the Federal Circuit found that although the Federal district courts "do not possess subject matter jurisdiction over controversies within the exclusive jurisdiction of the Court of International Trade," Congress had not "explicitly granted exclusive jurisdiction to the Court of International Trade over refund suits initiated by importers." Id. at 836-37. The court, therefore, found that the district court possessed jurisdiction to entertain a penalty refund suit. Notably, the case did not involve this Court, rather, it involved the jurisdiction of the United States District Court for the District of South Carolina.

Forest Products does not seek a refund of a penalty. Rather, Forest Products seeks a determination that its products are not subject to antidumping and countervailing duties. As discussed above, the Department of Commerce has implemented regulations to address issues arising from scope disputes. Determinations by Commerce upon scope are then reviewable pursuant to the exclusive jurisdiction of the Court of International Trade. Similarly, Customs is charged with the responsibility of assessing classification issues after liquidation. The gap in jurisdiction found in Trayco does not exist here. Although administrative redress exists in this case,

Forest Product wishes not to wait for the completion of the administrative process.

In addition, Forest Products appears to claim that its payment of a cash deposit "Under Protest" is similar to the penalty paid under protest in Trayco. Compl. at Attachment 1. It is not. In Trayco, the importer paid the mitigated Customs penalty "under protest" making clear that it reserved "all rights to judicial review following the exhaustion of the administrative remedies." Trayco, Inc. 994 F.2d at 835. Here, in contrast, Forest Products has not exhausted its administrative remedies. Indeed, Forest Products has not even begun to seek administrative remedies. Rather, it is attempting to acquire more quickly that which its administrative remedies exist to provide.

It is settled that a party is required to exhaust its administrative remedies before bringing a civil action. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938). Accordingly, the judicial review mechanism of antidumping and countervailing duty disputes requires exhaustion of administrative remedies. Aida Engineering, Ltd. v. United States, 19 C.I.T. 147, 150 (1995) (1995 WL 45886); 28 U.S.C. 2637(d). Because Forest Products has not yet begun to exhaust the administrative resolution of its dispute, no court may entertain its complaint. See Aida Engineering, 19 C.I.T. at 149 (finding that because Aida failed to allow Commerce to perform a

scope inquiry, it had not exhausted its administrative remedies).

Forest Products also misapplies High Star. Compl. ¶ 2. In High Star, shipments were seized by Customs at entry. High Star Toys, 32 Fed. Cl. at 177. After seeking administrative relief, the importer paid amounts in mitigation of forfeiture and later sought refund of those amounts. Id. at 178. This Court held that it possessed jurisdiction to entertain the refund claim. Id. at 179 (stating "refunds for improper collections of customs duties, and the forfeiture provisions of the customs laws, have been considered to be within the scope of the Tucker Act[.]" and citing Trayco).

High Star is similarly inapplicable here. First, this case does not involve seizure and forfeiture of assets. Jurisdiction based upon civil forfeiture can, under certain circumstances, implicate this Court takings jurisdiction. High Star, 32 Fed. Cl. at 179 (citing Doherty v. United States, 500 F.2d 540, 547-48 (1974)). Here, there has been no civil seizure or forfeiture of assets pursuant to 19 U.S.C. § 1595a. Therefore, the unique circumstances that provided jurisdiction in High Star are not present in this case. Moreover, Forest Products has not alleged that its payment of estimated antidumping and countervailing duties is in any way similar to forfeiture.

Second, the importer in High Star fully exploited its administrative remedies. Here, Forest Products has not begun to

seek redress through Commerce or Customs. Both High Star and Trayco present issues that arose after the importer was denied its administrative remedies.

Even if the Court were to determine that it possessed jurisdiction to entertain Forest Products' claims, it would necessarily have to find that it could not exercise jurisdiction over unripe claims:

> [t]he basic rationale [of requiring ripeness for judicial action] is to prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

Apotex, Inc. v. Thompson, 347 F.3d 1335, 1354 (Fed. Cir. 2003)(quoting Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967)). The ripeness requirement is especially important "where the actions that the court discusses are the province of an administrative agency." Id. Here, neither Commerce nor Customs has had the opportunity to decide the dispute. Because disputes concerning antidumping and countervailing duties are the exclusive province of these agencies, this dispute does not present a ripe claim.

## CONCLUSION

For these reasons, defendant respectfully requests that the Court dismiss the complaint and grant defendant such other and further relief as this Court deems just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy

PATRICIA M. McCARTHY
Assistant Director

s/ Claudia Burke

CLAUDIA BURKE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Fl.
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-9063
Fax: (202) 307-0972

OF COUNSEL:

CHI CHOY
Senior Attorney
Office of the Assistant
Chief Counsel
International Trade Litigation
U.S. Customs and
Border Protection
26 Federal Plaza, Room 258
New York, NY 10278

January 28, 2004

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 28th day of January, 2004, a copy of the foregoing notice of appearance, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Claudia Burke