# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FOREST PRODUCTS NORTHWEST, INC., *Plaintiff,* v. UNITED STATES, *Defendant.* | Case No. 03-2485C<br>The Honorable Susan G. Braden, J. |

**PLAINTIFF'S MOTION TO STRIKE OR, ALTERNATIVELY, RESPONSE TO DEFENDANT'S SECOND MOTION FOR ENLARGEMENT OF TIME**

COMES NOW Plaintiff, Forest Products Northwest, Inc., doing business as Northwest Forest Products ("NWFP"), by and through its attorneys, JONES & STUART, LLP, and A. Woodson Stuart, Esq., 2300 M Street, NW, Suite 800, Washington, D.C. 20037, Tel: (202) 297-3196, Fax: (202) 338-0270, and respectfully requests an order striking or, alternatively, denying the Government's purported motion for an enlargement of time, based on the points and authorities set forth in brief below.

**BRIEF IN SUPPORT OF MOTION**

The Government's purported motion for an enlargement of time does not conform to the requirements of RCFC Rule 6.1 and, in any event, is not meritorious. Accordingly, the Defendant's motion for an enlargement of time should be either stricken or denied, and the Court should order the Government to file its responses to NWFP's preliminary motions within 7 days.

## I. STATEMENT OF THE CASE

This action was commenced on October 23, 2003, with NWFP's filing of a complaint seeking a refund of cash deposits unlawfully assessed, and paid under protest, on certain imports of edge glued cedar lumber from Canada. The deadline for the Government's answer or motion to dismiss was set for 60 days later, on December 22, 2003.

On November 25, 2003, NWFP filed two preliminary procedural motions, namely, a Motion for Expedited Consideration filed pursuant to 28 U.S.C. § 1657(a) and a Motion *In Limine* to Exclude Argument and Evidence Relating to Post-Importation Use of the Subject Merchandise.[1] The deadline for the Government's response to these motions was set for 14 days later, on December 12, 2003.

On or about December 10, 2003, the Trial Attorney at the Department of Justice assigned to the case, Claudia Burke, called the undersigned counsel and asked for consent to 47-day enlargement of time, until January 28, 2004, to file a responsive pleading and a response to all pending motions.

The undersigned counsel said NWFP would consent to a combined January 28, 2004, due date in exchange for the Government's promise not to seek any further enlargements of time, noting NWFP's pending Motion for Expedited Consideration under 28 U.S.C. § 1657(a). Ms. Burke accepted this offer, and filed a consent motion for an enlargement of time on December 12, 2003.

[1] NWFP also filed two motions to supplement its refund complaint under RCFC Rule 15(d) (as opposed to an amendment under Rule 15(a)) with additional amounts paid under protest after the complaint was filed. In its second motion for an enlargement of time, the Government states that it has no opposition to these *pro forma* motions. *See* Govt's Mot. to Dismiss at 1 n.1.

On December 16, 2003, the Court granted the Government's consent motion and ordered the deadlines reset to January 28, 2003, for both the Government's responsive pleading and its response to the pending motions.

On January 28, 2004, the Government filed a Motion to Dismiss and supporting brief. In a footnote to the brief, the Government requested an additional, indefinite enlargement of time to file responses to NWFP's Motion for Expedited Consideration and Motion *in Limine.*

This motion and response to the Government's request followed.

## II. ARGUMENT

The Government's purported motion for an enlargement of time does not conform to the requirements of RCFC Rule 6.1 and, in any event, is not meritorious. Accordingly, the Defendant's motion for an enlargement of time should be either stricken or denied.

### A. The Government's Motion for an Enlargement of Time Does not Conform to the Requirements of RCFC Rule 6.1.

The Rules of the Court of Federal Claims ("RCFC") authorize the Court to grant a timely motion for enlargement of time if it conforms to the requirements of RCFC Rule 6.1. This rule reads in relevant part as follows:

> Every motion for enlargement of time must set forth therein **[1]** the **specific number of additional days** requested, **[2]** the **day to which the enlargement is to run, [3]** the **extent to which the time for the performance of the particular act has been previously enlarged,** and **[4]** the **reason or reasons** upon which the motion for enlargement is based. Motions for enlargement of time **[5]** must include a **representation that the moving party has discussed the motion with opposing counsel** and **[6]** a statement indicating **whether an opposition will be filed** or, if opposing counsel cannot be consulted, an explanation of the efforts that were made to do so.[2]

[2] Unlike the practice in many other courts, in this Court, attorneys are:

Applying the foregoing rule to the facts of this case, it is readily apparent that the Government's purported motion for an enlargement of time does not pass muster.

To begin with, the written request for an enlargement of time is not set forth in a motion, as required by RCFC Rule 7(b)(1). Rather it is set forth, a footnote to a brief filed in support of the Government's Motion to Dismiss. There also is no separate brief reciting the points and authorities supporting the motion, as required by RCFC Rule 5.2(a)(1).

In addition to being procedurally improper, the content of the Government's written request does not conform to the substantive requirements of Rule 6(b): First, although the Government recites a specific number of days for the requested enlargement of time, this period (30 days) does not even begin to run until this Court's decision on the Government's Motion to Dismiss at a future date that is not even ascertainable. The first element of Rule 6(b) thus is not satisfied as there is no specificity in the number of additional days. Second, the Government failed to disclose that it previously requested a substantial enlargement of time, which the clerk granted based on the Plaintiff's consent, or that this consent was given on the condition that, for the reasons stated in the underlying Motion to Expedite, no further enlargements would be sought; third, ***the***

---

> **expected to follow diligently the provisions of RCFC 6(b)** with respect to motions for enlargement of time. Motions **should be filed sufficiently in advance of the due date** to permit the other party to respond, and to permit the Court to rule. **Enlargements which are unavoidably filed close to or after the due date must seek leave of Court and must state explicitly the unusual circumstances necessitating the late motion and the requested enlargement.** Courtesy copies of late motions should be sent by facsimile.

Special Procedures Order (Ct. Fed. Cl. June 10, 2003) (emphasis added).

***Government made no attempt to obtain the undersigned counsel's consent*** or provide an indication to the Court as to whether an opposition would be filed.

For these reasons, the Government's purported motion for an enlargement of time should be stricken from the Brief in Support of Defendant's Motion to Dismiss.

**B. The Government Has Not Shown Good Cause for Further Delaying the Proceedings.**

Even if it were properly before the Court, the Government's motion for a further enlargement of time would have to be denied on the merits. It should be noted that the Government has not asserted that it was unable to prepare timely responses or needs more time to do so now. The sole basis that the Government offers to justify a further enlargement of time to respond to NWFP's preliminary motions is that those motions go to the merits of the case and, thus, will be "moot" if this Court determines that it lacks subject matter jurisdiction. The Government provides no authority or analysis to support its mootness theory, and NWFP is aware of none. To the contrary, the Government's mootness theory does not withstand ever the most superficial analysis.

First, the Plaintiff's Motion for Expedited Consideration is not limited to proceedings on the merits. It also requests expedited consideration of any jurisdictional challenges. Thus, the Plaintiff's Motion for Expedited Consideration would not be mooted by the grant of the Government's Motion to Dismiss. Obviously, this Court has jurisdiction to determine its own jurisdiction and to regulate the conduct of jurisdictional litigation regardless of its outcome.

Second, while the Plaintiff's Motion *in Limine* goes to the merits and would be mooted by the grant of the Government's Motion to Dismiss, that only means that ***the Court*** should not ***decide*** the motion. It does not mean that ***the non-moving party*** should

not have to ***respond*** to the motion. Again, there is no claim of inconvenience to the Government here. The Government's request for an enlargement of time is based solely on a (faulty) mootness argument, which goes to the Court's jurisdiction and not the non-moving party's convenience as such. And granting the requested enlargement would be manifestly inconvenient for the Court assuming it denies the Government's motion to dismiss, because the Court then would have to revisit the case again, months later, to decide NWFP's preliminary motions. This makes no sense, especially with respect to NWFP's Motion for Expedited Consideration. That motion would be effectively denied by the grant of a lengthy and indefinite enlargement of time for the non-moving party to respond. Indeed, the Plaintiff intends to file a motion for summary judgment and agreed statement of facts contemporaneously with its response to the Government's Motion to Dismiss. The Court then will be in a position to dispose of this case completely one way or another, in a single sitting, on an expedited basis. That will not be possible if the Court has to revisit the case several months later should the Government's motion to dismiss be denied.

Additionally, it is manifestly unfair to allow the Government several more months to prepare a response to NWFP's pending motions, especially considering the previous enlargement of time.

In short, the Government's purported motion for an enlargement of time is not properly before the Court and, in any event, would have to be denied on the merits.

### C. NWFP Has Shown Good Cause for Not Further Delaying the Proceedings.

The Government not only has failed to show good cause for further delaying the proceedings, but has failed to rebut the points and authorities set forth in the

Memorandum in Support of Plaintiff NWFP's Motion for Expedited Consideration, which is incorporated by reference as if fully set forth herein. (A copy of this memorandum is attached hereto for the Court's convenience. *See* Ex. A.)

In addition, as indicated above, NWFP consented to the Government's request for a 47-day enlargement of time, despite its Motion for Expedited Consideration, in reliance on the Government's promise not to seek any more enlargements. That alone is good cause for not granting the Government's request, particularly as it relates to NWFP's Motion for Expedited Consideration. Such a motion is time-sensitive by its very nature. If meritorious, a Motion for Expedited Consideration must be decided without delay or justice will be denied. In this case, justice already has been delayed and a measure of justice denied.

"Uncertainty is the bane of commerce." *Merritt v. Welsh*, 104 U. S. 694, 704 (1881). Every day that passes without a judicial resolution, one way or another, of the broad legal issues presented in this case is another day that commerce will be stifled contrary to the strong public policy articulated by the Supreme Court in *Merritt* and its progeny. This case is not just about past transactions. NWFP is continuing to import edge-glued lumber, and the potential liability of both parties is mounting steadily. Clearly, this is a case in which the "factual context . . . indicates that a request for expedited consideration has merit." 28 U.S.C. § 1657(a).

Accordingly, the Government's request for another enlargement of time in which to respond to NWFP's Motion for Expedited Consideration, and Motion *In Limine,* should be stricken or, alternatively, denied. The Court should issue an order requiring the Government to file its responses to NWFP's preliminary motions within 7 days.

## III. CONCLUSION

For the foregoing reasons, the Defendant's motion for an enlargement of time should be STRICKEN or, alternatively, DENIED, and the Court should order the Government to file its responses to NWFP's preliminary motions within 7 days.

Respectfully submitted,

Date: January 30, 2004

s/Andrew Woodson Stuart____

A. Woodson Stuart, Esq.
JONES & STUART, LLP
2300 M Street, NW, Suite 800
Washington, D.C. 20037
Tel: (202) 279-3196
Fax: (202) 338-0270

*Attorney for Northwest Forest Products*

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FOREST PRODUCTS NORTHWEST, INC., *Plaintiff,* v. UNITED STATES, *Defendant.* | Case No. 03-2485C<br>The Honorable Susan G. Braden, J. |

**ORDER**

UPON CONSIDERATION of Plaintiff's Motion to Strike or, Alternatively, Response to Defendant's Second Motion for an Enlargement of Time, and any response thereto, now, after due deliberation, it is hereby ORDERED and ADJUDGED that said motion be, and hereby is, GRANTED.

And it is FURTHER ORDERED that Defendant's Second Motion for an Enlargement of Time be, and hereby is, STRICKEN/DENIED (circle one).

And it is FURTHER ORDERED that Defendant shall file any responses to the Plaintiff's outstanding preliminary motions within 7 days of the entry of this order.

It is SO ORDERED.

Date: __________________

________________________
The Honorable Susan G. Braden
Judge

**Copies to:**

A. Woodson Stuart, Esq.
JONES & STUART, LLP
2300 M Street, NW, Suite 800
Washington, D.C. 20037

Claudia Burke, Esq.
Commercial Litigation Branch
U.S. Department of Justice
Washington, D.C. 20530

**Attn: Classification Unit**
**8th Floor, 11 L Street, NW**

*Attorney for Defendant United States*