# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FOREST PRODUCTS NORTHWEST, INC., *Plaintiff,* | |
| *v.* | Case No. 03-2485C<br>The Honorable Susan G. Braden, J. |
| UNITED STATES, *Defendant.* | |

**PLAINTIFF'S *EX PARTE* MOTION TO SHORTEN DEFENDANT'S TIME FOR FILING RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SECOND MOTION FOR ENLARGEMENT OF TIME**

COMES NOW Plaintiff, Forest Products Northwest, Inc., doing business as Northwest Forest Products ("NWFP"), by and through its attorney, A. Woodson Stuart, Esq., 2315 Wisconsin Avenue, NW, Second Floor, Washington, D.C. 20007, Tel: (202) 297-3196, Fax: (202) 338-0270, and hereby moves the Court for an order shortening the time for filing a response to NWFP's Motion to Strike, or Alternatively, Response to Defendant's Second Motion for Enlargement of Time, based on the points and authorities set forth in the brief below.

**BRIEF IN SUPPORT OF MOTION**

The Defendant should not be allowed to render moot NWFP's Motion for Expedited Consideration by forcing an indefinite delay in this Court's consideration of the motion. Accordingly, the Court should shorten the time that the Defendant has to respond to NWFP's Motion to Strike.

## I. STATEMENT OF THE CASE

This action was commenced on October 23, 2003, with NWFP's filing of a complaint seeking a refund of cash deposits unlawfully assessed, and paid under protest, on certain imports of edge glued cedar lumber from Canada. The deadline for the Government's answer or motion to dismiss was set for 60 days later, on December 22, 2003.

On November 25, 2003, NWFP filed two preliminary procedural motions, namely, a Motion for Expedited Consideration filed pursuant to 28 U.S.C. § 1657(a) and a Motion *In Limine* to Exclude Argument and Evidence Relating to Post-Importation Use of the Subject Merchandise.[1] The deadline for the Government's response to these motions was set for 14 days later, on December 12, 2003.

On or about December 10, 2003, the Trial Attorney at the Department of Justice assigned to the case, Claudia Burke, called the undersigned counsel and asked for consent to 47-day enlargement of time, until January 28, 2004, to file a responsive pleading and a response to all pending motions.

The undersigned counsel said NWFP would consent to a combined January 28, 2004, due date in exchange for the Government's promise not to seek any further enlargements of time, noting NWFP's pending Motion for Expedited Consideration under 28 U.S.C. § 1657(a). Ms. Burke accepted this offer, and filed a consent motion for an enlargement of time on December 12, 2003.

[1] NWFP also filed two motions to supplement its refund complaint under RCFC Rule 15(d) (as opposed to an amendment under Rule 15(a)) with additional amounts paid under protest after the complaint was filed. In its second motion for an enlargement of time, the Government states that it has no opposition to these *pro forma* motions. *See* Govt's Mot. to Dismiss at 1 n.1.

On December 16, 2003, the Court granted the Government's consent motion and ordered the deadlines reset to January 28, 2003, for both the Government's responsive pleading and its response to the pending motions.

On January 28, 2004, the Government filed a Motion to Dismiss and supporting brief. In a footnote to the brief, the Government requested an additional, indefinite enlargement of time to file responses to NWFP's Motion for Expedited Consideration and Motion *in Limine*.

This motion and response to the Government's request followed.

## II. ARGUMENT

RCFC Rule 7.2(a) authorizes the Court to shorten the time for filing a response to a motion. Applications to the Court for an order shortening the time for filing a response to a motion are heard and determined on an *ex parte* basis, for otherwise such applications always would be moot. *See* Ex. A (docket sheet from case in the U.S. District Court for the District of Maryland reflecting *ex parte* grant of motion to shorten time). Time is of the essence.

The Defendant's response to NWFP's Motion for Expedited Consideration originally was due on December 12, 2003. NWFP agreed to an extension of that deadline to January 28, 2003, in exchange for a promise not to seek any further extensions. The Defendant not only broke that promise, but allowed the January 28, 2003, deadline to pass without filing a proper motion for an enlargement of time. Rather, the Defendant requested an indefinite enlargement in a footnote to the brief supporting its Motion to Dismiss.

NWFP was therefore compelled to file a motion seeking an order striking the Defendant's request and directing its responses to be filed promptly. Given the Defendant's evasiveness with respect to an inherently time-sensitive motion such as a NWFP's Motion for Expedited Consideration, there is clearly good cause for shortening the time that the Defendant

has to respond to NWFP's Motion to Strike. NWFP suggests that three (3) business days would be more than enough time given the uncomplicated nature of the subject matter.

**III. CONCLUSION**

The Defendant should not be allowed to render moot NWFP's Motion for Expedited Consideration by forcing an indefinite delay in this Court's consideration of the motion. Accordingly, the Court should shorten the time that the Defendant has to respond to NWFP's Motion to Strike.

Respectfully submitted,

s/A. Woodson Stuart, Esq.
JONES & STUART, LLP
2300 M Street, NW, Suite 800
Washington, D.C. 20037
Tel: (202) 279-3196
Fax: (202) 338-0270

*Attorney for Plaintiff Northwest Forest Products*

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| FOREST PRODUCTS NORTHWEST, INC., *Plaintiff,* v. UNITED STATES, *Defendant.* | Case No. 03-2485C<br>The Honorable Susan G. Braden, J. |

**ORDER**

UPON CONSIDERATION of the Plaintiff's *Ex Parte* Motion to Shorten Defendant's Time for Filing Response to Plaintiff's Motion to Strike Defendant's Second Motion for Enlargement of Time, now, after due deliberation, it is ORDERED and ADJUDGED that said motion be, and hereby is, GRANTED.

And it is FURTHER ORDERED the Defendant shall file any response to said Motion to Strike within three (3) business days of the entry of this order.

And it is FURTHER ORDERED the Plaintiff shall file any reply in support of its Motion to Strike within two (2) business days of the filing of any response.

Date: _________________ It is SO ORDERED.

____________________
The Honorable Susan G. Braden,
Judge

**Copies to:**

A. Woodson Stuart, Esq.
2315 Wisconsin Avenue, NW
Second Floor
Washington, D.C. 20007-1866

Claudia Burke, Esq.
Commercial Litigation Branch
U.S. Department of Justice
Washington, D.C. 20530

**Attn: Classification Unit**
**8th Floor, 11 L Street, NW**

*Attorney for Defendant United States*