IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FOREST PRODUCTS NORTHWEST, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 03-2485C
(Judge Braden)

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE OR, ALTERNATIVELY, RESPONSE TO
DEFENDANT'S SECOND MOTION FOR ENLARGEMENT OF TIME

Pursuant to Rule 12(f) of the Rules of the United States Court of Federal Claims ("RCFC"), and this Court's February 3, 2004 order, defendant, the United States, respectfully submits the following opposition to "Plaintiff's Motion to Strike, or Alternatively, Response to Defendant's Second Motion For Enlargement of Time."

## INTRODUCTION

After filing its complaint, plaintiff, Forest Products Northwest Inc. ("Forest Products"), filed several motions, including a Motion in Limine to Exclude Argument and Evidence Relating to Post-Importation Use of the Subject Merchandise and a Motion to Expedite the Proceedings. We then requested additional time within which to respond to the complaint because we had not yet received a litigation report from the interested agency,

United States Customs and Border Protection ("Customs").[1] After careful review of the complaint, all of the subsequently filed motions, and Customs' litigation report, we filed a motion to dismiss for lack of jurisdiction. In our motion, we established that the Court does not possess jurisdiction to entertain this matter and, therefore, the remainder of Forest Products motions. Def. Mot. at n. 1. Further, should the Court deny our motion, we respectfully request, in our motion, additional time within which to respond to Forest Products outstanding motions. Id.

Forest Products asks that the Court strike our request for additional time should the Court deny our motion to dismiss. Forest Products characterizes our request as a deficient motion for enlargement of time. Pl. Motion to Strike at p. 3-4.

## ARGUMENT

### I. Plaintiff's Motion To Strike Does Not Satisfy This Court's Rules

RCFC 16(f) provides that, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, under the old rules of this Court, "only pleadings and evidence, and

---

[1] Our motion for enlargement of time made no mention of any "promise not to seek any further enlargements of time." Pl. Mot. to Strike at 2. Contrary to Forest Products' assertion, the undersigned never made any such promise to Forest Products' counsel. The undersigned does recall noting Forest Products' concerns about expediency and expressing her best intention to file a responsive document by January 28, 2004. See Declaration, Attachment A.

not portions of a legal brief, [were] subject to a motion to strike. Dzialo v. United States, 230 Ct. Cl. 506, 512 n.3, 677 F.2d 873, 875 n.3 (1982). Here, plaintiff claims that a footnote in our motion to dismiss should be stricken. However, the motion to dismiss is definitionally distinct from a pleading. RCFC 12(b)("Every defense . . . shall be asserted in the responsive pleading...except that the following defenses may be made by motion"). Therefore, a motion to strike portions of our brief is not permitted. See Billie v. Seminole Indians of State of Fla. 146 F. Supp. 459, 460 (Ct. Cl. 1956)(stating "[a] motion to strike is usually directed to a portion of a pleading... or it may be directed to a defense considered to be insufficient."

Even assuming, for argument's sake, that our motion to dismiss were considered a pleading for purposes of RCFC 16(f), Forest Products has in no way established that the footnote in our motion to dismiss contains redundant, immaterial, impertinent, or scandalous matter. Because Forest Products has failed to establish that our request for additional time violates RCFC 12(f), the Court should deny Forest Products' motion to strike.

## II. This Court Does Not Possess Jurisdiction To Entertain The Complaint

As we demonstrated in our motion to dismiss, this Court does not possess jurisdiction to entertain this complaint. Specifically, all of Forest Products claims concern Customs'

alleged misclassification of the subject imports in this case and the subsequent antidumping and countervailing duties assessed upon those imports. Compl. ¶¶ 26-47. The Court of International Trade possesses exclusive jurisdiction to review scope determinations and challenges to customs classifications. 19 U.S.C. § 1516A(a)(2)(B)(vi); 28 U.S.C. § 1581(a),(c). Because this Court cannot entertain actions within the exclusive jurisdiction of the Court of International trade, it cannot entertain Forest Products' complaint. 28 U.S.C. 1491(c).

Additionally, the complaint does not allege any set of facts upon which relief can be granted. The complaint does not seek a refund of payment, therefore, it does not present a "gap" in the jurisdiction of the Court. See Compl. ¶ 2 (citing Trayco, Inc. v. United States, 994 F.2d 832 (Fed. Cir. 1993)(finding that district court possesses jurisdiction pursuant to Tucker Act to review legality of penalty imposed by Customs Service) and High Star Toys v. United States, 32 Fed. Cl. 176 (1994)(finding that "refunds for improper collections of customs duties, and the forfeiture provisions of the customs laws, have been considered to be within the scope of the Tucker Act.")). Also, Forest Products has not yet exhausted its administrative remedies.

## III. This Court Does Not Possess Jurisdiction To Entertain Plaintiffs' Outstanding Motions

Pursuant to Rule 12(b), we are entitled to file a motion to dismiss based upon lack of jurisdiction before the answer is due.

Now that jurisdiction had been challenged, the Court must resolve the jurisdictional issue before ruling upon Forest Products' motion in limine and motion to expedite. "[J]urisdiction is a threshold issue and a court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits." Ultra-Precision Mfg., Ltd. v. Ford, 338 F.3d 1353, 1356 (Fed. Cir. 2003) (citation omitted). When a Federal court reviews the jurisdictional sufficiency of a complaint, "its task is necessarily a limited one." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 95 (1998) (quoting Ex parte McCardle, 74 U.S. 506, 514 (1868)); Nippon Steel v. United States, 219 F.3d 1348, 1352 (Fed. Cir. 2000)).

## A. Forest Products' Motions Would Require This Court To Exercise Jurisdiction

Both the motion in limine and the motion to expedite would require the Court to reach the merits of this case. Therefore, the Court cannot entertain these motions because it does not possess jurisdiction to entertain the complaint.

To rule upon the motion in limine, the Court would be required to evaluate the merits of Forest Products' claim. "Motions in limine are a tool to prevent a party before trial

from encumbering the record with irrelevant immaterial or cumulative matters. Such a motion enables the court to rule in advance on the admissibility of documents." Norman v. United States, 56 Fed. Cl. 255, 267 (2003)(quoting Weeks Dredgins & Contracting, Inc., v. United States, 11 Cl. Ct. 37, 45 (1986)).

Here, Forest Products has asked the Court to "exclude argument and evidence relating to post-importation use of the subject merchandise." Pl. Motion to Strike at 2. Although Forest Products styles this request as "procedural," it, in fact, would require the Court to assess argument and evidence relating to post-importation of the subject merchandise. Because the Court does not possess jurisdiction to entertain the complaint in this case, it does not possess jurisdiction to entertain this motion in limine.

Similarly, the Court does not possess jurisdiction to entertain Forest Products' motion to expedite. Forest Products bases its motion upon 28 U.S.C. § 1675, which provides that a United States court shall expedite consideration of any action:

> if good cause therefor is shown. For purposes of this subsection, 'good cause' is shown if a right under the Constitution of the United States or a Federal Statute...would be maintained in a factual context that indicates that a request for expedited consideration has merit.

28 U.S.C. § 1675. Here, the Court's inquiry as to whether good cause exists would require it to review the applicable law and

apply it to fact. The Court cannot preform this inquiry because it does not possess jurisdiction. Ultra-Precision, 338 F.3d at 1356.

B. This Court May Reach The Merits Only If Jurisdiction Is Established

This Court would possess jurisdiction to entertain Forest Products' outstanding motions only were it to find that it possesses jurisdiction to entertain the complaint. Therefore, Forest Products' outstanding motions are effectively suspended until resolution of our motion to dismiss. Similarly, our obligation to answer the complaint in this case is effectively suspended until this Court rules upon our motion to dismiss. Our request for additional time within which to respond to Forest Products' outstanding motions simply acknowledges the primacy of the jurisdictional issue and does not constitute a noncompliant motion for enlargement of time.

CONCLUSION

For these reasons, we respectfully request that the Court deny Forest Products' motion to strike.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy

PATRICIA M. McCARTHY
Assistant Director

s/ Claudia Burke

CLAUDIA BURKE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Fl.
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-9063
Fax: (202) 307-0972

Attorneys for Defendant

OF COUNSEL

CHI CHOY
Senior Attorney
Office of the Assistant
Chief Counsel
International Trade Litigation
U.S. Customs and
Border Protection
26 Federal Plaza, Room 258
New York, NY 10278

February 9, 2004

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 9th day of February, 2004, a copy of the foregoing notice of appearance, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Claudia Burke