# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FOREST PRODUCTS NORTHWEST, INC., *Plaintiff*, | ) | |
| *v.* | ) | Case No. 03-2485C<br>The Honorable Susan G. Braden, J. |
| UNITED STATES, *Defendant.* | ) | |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE,**
**OR, ALTERNATIVELY, RESPONSE TO DEFENDANT'S**
**SECOND MOTION FOR ENLARGEMENT OF TIME**

COMES NOW Plaintiff, Forest Products Northwest, Inc., doing business as Northwest Forest Products ("NWFP"), by and through its attorneys, JONES & STUART, LLP, and A. Woodson Stuart, Esq., 2300 M Street, NW, Suite 800, Washington, D.C. 20037, Tel: (202) 297-3196, Fax: (202) 338-0270, and hereby submits this reply in support of Motion to Strike, or, Alternatively, Response to Defendant's Second Motion for Enlargement of Time (hereinafter, "Motion to Strike"), and as ground in support thereof states the following:

## I. INTRODUCTION

Nowhere in its response to NWFP's Motion to Strike does the government even acknowledge its complete disregard of this Court's order requiring any responses to NWFP's preliminary motions by January 28, 2004, and RCFC Rule 6.1, which prescribes the content of motions for an enlargement of time under Rule 6(b).[1]

[1] Indeed, Rule 6.1 is **<u>not even mentioned</u>** in the government's response, even though Rule 6.1 was the basis for NWFP's Motion to Strike. Such non-responsiveness furnishes ground for granting NWFP's motion as not timely

The government attempts to sidestep the issue of its non-compliance with RCFC Rule 6.1 on the theory that its request for a second enlargement of time was not a motion under RCFC Rule 6(b)(1) and thus was not subject to the requirements of Rule 6.1. As discussed below, this argument proves too much, because it amounts to a concession that the government missed the deadline for filing responses to NWFP's preliminary motions and did not file a timely motion under RCFC Rule 6(a) (let alone one that complied with RCFC Rule 6.1). Accordingly, NWFP's Motion to Strike can and should be GRANTED on the basis of the government's concession and its cavalier disregard for this Court's rules and procedures.

## II. ARGUMENT

The government attempts to sidestep the issue of its non-compliance with RCFC Rule 6.1 on the theory that its request for a further enlargement of time was not a motion under RCFC Rule 6(b)(1) and thus was not subject to the requirements of Rule 6.1. This theory is precluded, however, by RCFC Rule 7(b)(1). This rule reads in relevant part as follows:

> An **application** to the court **for an order shall be by motion** which, **unless made during a hearing or trial, shall be made in writing**, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.

RCFC Rule 7(b)(1) (emphasis added). Thus, the government's argument that its footnote request for an order further enlarging the time for filing its responses to NWFP's preliminary motions was not a motion amounts to a concession that the government failed to file a timely motion under Rule 6(b)(1)[2] (let alone one that complied with Rule 6.1). Absent such a motion, this

---

opposed (*i.e.*, without reaching the merits of the motion), and striking (or simply disregarding) the government's purported motion for an enlargement of time under RCFC Rule 6(b)(1).

[2] While this provision allows "requests" for an enlargement of time "without motion," this language must be read in light of RCFC Rule 7(b)(1) as referring to oral applications for an order enlarging time

Court has no authority to grant an enlargement of time. The government would have to file a proper motion under RCFC Rule 6(b)(2) to authorize an enlargement at this point.

The government characterizes NWFP's Motion to Strike as a motion under RCFC Rule 12(f). It is not. RCFC Rule 12(f) is nowhere mentioned in the Motion to Strike. Moreover, the government simply assumes that this Court has no authority to strike portions of filings beyond the authority conferred by Rule 12(f) with respect to "pleadings" containing scandalous and impertinent matter. This assumption is erroneous.

Like all courts, this Court has the "inherent power," *inter alia*, to enforce its rules regarding the form and content of filings and also to punish contempts (e.g., the flagrant disregard of its orders and rules). The government refuses even to admit that it: (a) disregarded this Court's order requiring any responses to NWFP's preliminary motions to be filed no later than January 28, 2004; and (b) disregarded RCFC Rule 6(b) and Rule 6.1 by failing to file a timely and otherwise proper motion for an enlargement of time. And even if this were not the case, the Court still would have the inherent power to strike **<u>or simply disregard</u>** the government's footnote request for a further enlargement of time.

For the reasons stated in our Response and Opposition to the Defendant's Motion to Dismiss, filed yesterday, the government's contention that this Court lacks subject matter jurisdiction to entertain the merits of this case is incorrect. In addition, the government does not refute NWFP's point that, like all courts, this Court has subject matter jurisdiction to determine whether it has subject matter jurisdiction. Finally, the government does not refute NWFP's points that: (a) even assuming *arguendo* that this Court did not have subject matter jurisdiction

---

made "during a hearing or trial" (*i.e., inter partes*). Surely RCFC Rule 6(b)(1) is not intended to authorize *ex parte* oral applications to the Court for an order, at least in the absence of a demonstrated emergency.

on the merits, it still would have subject matter jurisdiction to rule on NWFP's preliminary Motion to Expedite the Proceedings; and (b) even assuming *arguendo* that this Court did not have subject matter jurisdiction on the merits, that would mean only that ***the Court*** should not ***decide*** NWFP's outstanding motions, not that ***the government*** should not have to file timely responses to those motions.

## III. CONCLUSION

The government's argument that its footnote request for a second enlargement of time was not a "motion" amounts to a concession that the government did not file a timely and otherwise proper application to the Court under RCFC Rule 6(b)(1) and Rule 6.1. Accordingly, the Court should disregard that application and treat NWFP's preliminary motions as unopposed.

Respectfully submitted,

Date: February 11, 2004

/s/ A. Woodson Stuart
JONES & STUART, LLP
2300 M Street, NW
Suite 800
Washington, D.C. 20037
Tel: (202) 279-3196
Fax: (202) 338-0270

*Attorneys for Plaintiff Northwest Forest Products*