IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FOREST PRODUCTS NORTHWEST, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2485 (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 7.1 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully opposes Forest Products Northwest Inc. ("Forest Products") motion for a protective order.

INTRODUCTION

On February 10, 2004, Forest Products filed its response to our motion to dismiss. Forest Products did not serve a copy, either redacted or unredacted, of its response upon the Government. In addition, Forest Products filed a motion for a protective order stating that it will not serve a copy of its response upon the Government until the protective order is in place. Mot. Prot. Order. Because a protective order is unnecessary, we oppose Forest Products' motion and request that we receive an unredacted copy of Forest Products' response to our motion.[1] In addition, because Forest Products has failed to

[1] As Forest Products notes, we are automatically admitted to any protective order issued in this case. RCFC, App. C (VI)(16)(d).

comply with the Rules of this Court and prevented the Government from having adequate time within which to review and reply to its response, we oppose Forest Products' motion.

ARGUMENT

I. A Protective Order Is Unnecessary

Protective orders are used to protect "sensitive information," and are issued at the Court's discretion. RCFC App. C(16),(17).[2] When issued pursuant to certain discovery requests, a motion for protective order must be accompanied by a certification that the movant has conferred with the other affected parties to resolve the dispute. RCFC 26(c).[3] The movant must also show "good cause" why a protective order should be entered. Id. "Good cause" requires a showing that the discovery request is considered likely to oppress an adversary or might otherwise impose an undue burden." Capital Properties, Inc. v. United States, 49 Fed. Cl. 607, 611 (2001).

Here, Forest Products has not sufficiently demonstrated that the disclosure of documents accompanying its response is likely to impose an undue burden. Forest Products alleges only that its response to our motion to dismiss "cont[ains] information that is legally privileged and confidential, the disclosure of which

[2] Appendix C concerns procedures in a protest case.

[3] The Court's Rules address protective orders only in the context of bid protests and discovery. RCFC 26(c); App. C (16-17).

would harm NWFP's [its] business and competitive position."

We are unaware of any material that is privileged or confidential and since we have not been served with Forest Products' response to our motion, we are unable to evaluate the nature and content of the alleged protected material. Moreover, as far as the Government is aware, Forest Product has not alleged that this sensitive information must be reviewed by the Court in order for the Court to rule upon the jurisdictional issue.

There should be no reason to review confidential or sensitive material in ruling upon a RCFC 12(b)(1) or 12(b)(6) motion to dismiss. When assessing the merits of a motion to dismiss for lack of jurisdiction, the Court must presume factual assertions made by the plaintiff to be true. Johnson Controls World Servs., Inc. v. United States, 44 Fed. Cl. 334, 340 (Fed. Cl. 1999). The only remaining issue, then, is the legal issue of jurisdiction. The Court has no reason to evaluate privileged materials in its evaluation of our motion to dismiss. Therefore, there is no possible reason to enter a protective order at this time.

Indeed, because all facts in its complaint are presumed true for purposes of this motion to dismiss, there is no need for Forest Products to attach any protected materials at all. Therefore, we respectfully request that the Court order Forest Products to refile its response without the alleged privileged

materials. In the alternative, we respectfully request that the Court order Forest Products to show cause why the alleged confidential materials are necessary for the Court to rule upon our motion to dismiss.

II. Forest Products Has Failed To Comply With The Rules Of This Court

Forest Products has failed to serve its response upon the Government and claims that it will provide us with a "redacted copy . . . as soon as the protective order is in place." However, the Government is "automatically admitted" to any protected materials. In other words, the undersigned is entitled and indeed, required to view any document filed by Forest Products.

By failing to serve the Government, Forest Products has violated RCFC 5, which requires its response to be "served upon each of the parties." Forest Products has not served its response upon the Government and appears to contemplate never filing an unredacted copy upon the Government. Therefore, Forest Products is in willful noncompliance with RCFC 5.

In addition, Forest Products is currently preventing the Government from filing its reply. We are required by RCFC 7.1(b) to reply to Forest Products' response within 14 days of the service of the response. Forest Products states that it "consents to an enlargement of time for Ms. Burke to file a reply . . . of seven (7) days from the date on which the protective

order is entered." This would not provide us with the 14 days to which we are entitled pursuant to RCFC 7.1(c). Forest Products, in its informal letter to the Court (which was sent to us by email, not through the Court's electronic filing system), dated February 10, 2004, states, "[i]n our motion for protective order, we consented to an enlargement of seven (7) days from entry of the protective order. We meant to say fourteen (14) days from entry. . . We will be filing a supplemental motion making the necessary correction later today." Contrary to the representations to the Court in its informal letter, Forest Products has served no such supplemental motion upon the undersigned. Forest Products has sought to shorten our reply time and to force us to file a noncompliant reply should we take the full 14 days provided by the Rules to reply.

Lastly, Forest Products did not consult us before filing its motion for a protective order. We learned the day its response was due that we would not receive our service copy. Although Forest Products has expressed the desire to expedite proceedings in this case, its tactics have, instead, delayed proceedings.

## CONCLUSION

For these reasons, defendant respectfully requests that the Court deny Forest Products' motion for a protective order. Also, we respectfully request that the Court order Forest Products to refile its response without the alleged privileged materials. In

the alternative, we respectfully request that the Court order Forest Products to show cause why the alleged confidential materials are necessary for the Court to rule upon our motion to dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy

PATRICIA M. McCARTHY
Assistant Director

s/ Claudia Burke

CLAUDIA BURKE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Fl.
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-9063
Fax: (202) 307-0972

OF COUNSEL

CHI CHOY
Senior Attorney
Office of the Assistant
Chief Counsel
International Trade Litigation
U.S. Customs and
Border Protection
26 Federal Plaza, Room 258
New York, NY 10278

February 11, 2004

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 11th day of February, 2004, a copy of the foregoing notice of appearance, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Claudia Burke