# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FOREST PRODUCTS NORTHWEST, INC.,

*Plaintiff,*

*v.*

UNITED STATES,

*Defendant.*

Case No. 03-2485C
The Honorable Susan G. Braden, J.

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR *IN LIMINE* PROTECTIVE ORDER

COMES NOW Plaintiff, Forest Products Northwest, Inc., doing business as Northwest Forest Products ("NWFP"), by and through its attorneys, JONES & STUART, LLP, and A. Woodson Stuart, Esq., 2300 M Street, NW, Suite 800, Washington, D.C. 20037, Tel: (202) 297-3196, Fax: (202) 338-0270, and hereby submits this motion for protective order, and as ground in support thereof states the following:

## I. INTRODUCTION

On February 10, 2003, NWFP filed, under a request for a protective order, a Response and Opposition to the Defendant's Motion to Dismiss containing information that is legally privileged and confidential. **NWFP's deadline for filing this document is February 25, 2004.**[1] Five service copies for the government were also filed with the Clerk of the Court for delivery to

[1] The government incorrectly states in at page 5 of its opposition that counsel "learned the day [NWFP's] response was due that [the government] would not receive [a] service copy" of the unredacted filing under seal. The truth is that **NWFP filed its response to the government's Motion to Dismiss more than two weeks early**, and the government will not be prejudiced in any way as far as its reply preparation time is concerned, because NWFP has consented in writing to an enlargement of time of the usual 14 days from the time a protective order is issued. What the government really wants is **more** than the usual 14 days to prepare its reply by getting an unredacted copy in advance, before its time for filing a reply starts to run (i.e., when the protective order is granted or, if the order is denied, when NWFP refiles its response).

the Attorney General or his designated agent if and when the Court issues the requested protected order. *Cf.* Rule 4 (service copies of complaints filed with the Clerk, not served on the government).

## II. ARGUMENT

While Department of Justice attorneys are automatically admitted to protective orders, they are not automatically entitled to access protected material filed under seal in the absence of any protective order. Service of material filed under seal, prior to entry of an order granting or denying the motion to protect the material, would be premature, improper, and procedurally incorrect.[2]

The only discussion in this Court's rules of the proper procedure for filing documents under seal states the following:

> (a) The principal vehicle relied upon by the court to insure the protection of sensitive information is the protective order. The **protective order defines the procedures to be followed to** identify protected information, **prepare redacted versions** of such information, and dispose of protected information at the conclusion of the case.
>
> (b) Information a party identifies as protected may be disclosed only to parties who have been "admitted" to the protective order.
>
> (c) Once a protective order is issued by the court, individuals who seek access to protected information, must file an appropriate application. If admitted to the protective order, the individual becomes subject to the terms of the order. It is the responsibility of those admitted to the protective order to take the necessary steps to insure that the information is protected, consistent with the terms of the protective order, while it is under their control (this includes oversight of support personnel who may have access to protected information).

[2] Again, in this case, the deadline for filing the subject paper is still two weeks away, and briefing on the motion for protective order has been completed, so NWFP will not need an enlargement of time and the government will not be prejudiced in any way. The government is simply wrong that NWFP's "tactics" have "delayed proceedings" contrary to NWFP's "expressed . . . desire to expedite proceedings in this case." Def.'s Opp. to Pl.'s Mot. for *In Limine* Protective Order at 2 & n.2.

> (d) The court, procuring agency, and Department of Justice personnel are automatically admitted to protective orders **<u>when issued</u>** and are **<u>subject to their terms</u>**.

Section VI, Paragraph 16, Appendix C, RCFC Rules (emphasis added).[3] Thus, contrary to the government's representations, it is **<u>not</u>** entitled to service of unredacted or redacted copies of documents filed under seal until a protective is issued, regardless of the fact that they are "automatically admitted to protective orders **<u>when issued</u>**."[4] In other words, a motion for a protective order to govern the handling of documents filed under seal is necessarily *ex parte* in nature.[5] To hold otherwise would allow government attorneys to access protected material before they are subject to the terms of an injunction concerning the proper handling of such information.

## III. CONCLUSION

NWFP filed the correct and logical procedure for filing its response to the government's Motion to Dismiss under seal. This response is not even due for another two weeks. Moreover, NWFP has consented to giving the government its full 14 days to file a reply after service of the response. Thus, the government has not been prejudiced in anyway, nor have the proceedings been delayed in the slightest, by NWFP's understandable desire to protect privileged information necessarily submitted to the Court

---

[3] The government suggests that the procedure for filing under seal set out in Appendix C of this Court's rules apply only in bid protest cases. Def.'s Opp. to Pl.'s Mot. for *In Limine* Protective Order at 2 & n.2. In the same breath, however, the government cites Appendix C to support its argument that it is "automatically admitted" to protective orders. *Id.* at 2 & n.3. Thus, the government tacitly concedes that the procedure for filings under seal set forth in Appendix C, being the only treatment of the subject in the Court's rules, is properly consulted for guidance in any case in which a party seeks to file privileged or confidential information with the Court.

[4] *See also* RCFC Form 8 (redacted copies to be prepared jointly after entry of protective order, not filed with motion for same).

[5] In FOIA cases, for example, the Department of Justice routinely presents information it claims to be exempt from disclosure *ex parte* to reviewing courts for *in camera* inspection to determine the applicability of the claimed exemption.

in this case. With respect to this last point, a separate reply will be filed under seal within 24 hours to identify the legal basis for the claim of privilege and the relevancy of the designated protected information to this case.[6] Again, however, service copies will be provided to the Clerk of the Court, because the government is not currently subject to any injunction about the handling of privileged and confidential information filed under seal in this case.

Respectfully submitted,

Date: February 12, 2004

/s/ A. Woodson Stuart
JONES & STUART, LLP
2300 M Street, NW
Suite 800
Washington, D.C. 20037
Tel: (202) 279-3196
Fax: (202) 338-0270

*Attorneys for Plaintiff Northwest Forest Products*

[6] Because NWFP is identified by name as the plaintiff in this case, it is not possible to say anything about the designated information in public briefing without compromising it.