# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FOREST PRODUCTS NORTHWEST, INC.,<br><br>*Plaintiff,*<br><br>*v.*<br><br>UNITED STATES,<br><br>*Defendant.* | Case No. 03-2485C<br>The Honorable Susan G. Braden, J. |

**PROPOSED FINDINGS OF UNCONTROVERTED FACT**
**<u>IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

COMES NOW Plaintiff, Forest Products Northwest, Inc., doing business as Northwest Forest Products ("NWFP"), by and through its attorneys, JONES & STUART, LLP, and A. Woodson Stuart, Esq., 2300 M Street, NW, Suite 800, Washington, D.C. 20037, Tel: (202) 297-3196, Fax: (202) 338-0270, and hereby respectfully submits these Proposed Findings of Uncontroverted Fact pursuant to RCFC Rule 56(h), and states as follows:

1. This refund action arises from a disagreement between the NWFP and the U.S. Customs and Border Protection Service ("U.S. Customs"), concerning the correct tariff classification of certain entries of edge-glued rough cedar lumber (# 4 clear and better grade).[1]

2. All of the documents and photographs filed by NWFP in this action, and referenced herein, are true and correct copies of the originals. These documents are authenticated by the declaration made on personal knowledge attached hereto as Exhibit B. Said declaration verifies all of the facts stated herein.

---

[1] *See* Compl. Ex. 1; Pl.'s Resp. to Def.'s Mot. to Dismiss Exs. 1-3.

3. Specifically, this action concerns the following entries and payments of estimated duties assessed by U.S. Customs:

| Entry Number | | Est. Duties Paid |
|---|---|---|
| WQO1289736 | | $11,212.73 |
| WQO1289757 | | $9,145.11 |
| WQO12897360 | | $11,212.73 |
| WQO12897576 | | $9,145.11 |
| 11046485936 | | $9,132.31 |
| WQO12897691 | | $9,735.78 |
| WQO12897709 | | $8,114.56 |
| 11046486215 | | $7,293.60 |
| 11046486223 | | $3,251.43 |
| 11046486280 | | $10,273.10 |
| 11046487817 | * # | $7,151.15 |
| WQO12888930 | * # | $4,992.07 |
| WQO12898566 | * | $936.91 |
| WQO12898574 | * | $363.93 |
| 11046492437 | | $9,235.20 |
| WQO12898863 | | $9,127.68 |
| WQO12899036 | | $4,434.80 |
| WQO12901261 | | $12,920.52 |
| WQO12903424 | | $7,151.51 |
| **Total:** | | **$144,830.23** |

* Classified under 4421, HTSUS

# Mixed Glued and Non-Glued Lumber

*See* Compl. Ex. 1; First Supp. Compl. Ex. 1; Second Supp. Compl. Ex. 1; Third Supp. Compl. Ex. 1; Fourth Supp. Compl. Ex. 1.

4. The specific products at issue here consist of rough edge-glued cedar lumber in lengths of 8 to 20 feet with the following nominal dimensions:

a. 1 ¼ inches by 8 inches.

b. 1 ¼ inches by 12 inches.

c. 1 ¼ inches by 16 inches.

d. 1 ¼ inches by 20 inches.

e. 1 ¼ inches by 24 inches.

---

f. 1 ¾ inches by 8 inches.

g. 1 ¾ inches by 12 inches.

h. 1 ¾ inches by 16 inches.

*i*. 1 ¾ inches by 20 inches.

j. 1 ¾ inches by 24 inches.

---

k. 2 inches by 8 inches.

*l*. 2 inches by 12 inches.

m. 2 inches by 16 inches.

n. 2 inches by 20 inches.

o. 2 inches by 24 inches.

---

p. 4 inches by 8 inches.

---

4. In its entry papers, NWFP classified the subject edge-glued lumber in Subheading 4421.90.97 (Item 4421.90.97.40) of the Harmonized Tariff Schedule of the United States ("HTSUS").

5. Item 4421.90.97.40, HTSUS, is the "basket provision" for unspecified manufactured articles of wood, *i.e.*, "Other articles of wood: Other: Other: Other."

6. Items in Subheading 4421.90.97, HTSUS, are currently subject to a general duty rate of 3.3% *ad valorem*.

7. On October 15, 2003, U.S. Customs issued a Notice of Action ("CF-29") reclassifying the subject entries in Subheading 4407.10.00 (Item 4407.10.0068), HTSUS.[2]

8. Item 4407.10.0068, HTSUS, covers "Wood sawn or chipped lengthwise, sliced or peeled, whether or not planed, sanded or end-jointed, of a thickness exceeding 6 mm: coniferous: Western red cedar."

9. Items in Subheading 4407.10.00, HTSUS, are subject to a general duty rate of "free." However, Subheading 4407.10.0000, HTSUS, is one of the tariff provisions subject to the antidumping and countervailing duty ("AD/CVD") orders on "softwood lumber" from Canada, which, at the time of entry, imposed a combined AD/CV duty of 27.5%.[3]

10. The standard form CF-29 states that the referenced entries are in the process of liquidating. *See* Compl. Ex. 2.

11. Judicial review of the reclassification of NWFP's entries by U.S. Customs is only available in the U.S. Court of International Trade ("CIT") in an action under 28 U.S.C. § 1581(a) to contest the denial of a protest of U.S. Customs' classification of the entries at liquidation.[4]

---

[2] *See* Compl. Ex. 2.

[3] *Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Softwood Lumber Products from Canada,* 67 Fed. Reg. 36068 (Dep't Comm. May 22, 2002); *Notice of Amended Final Affirmative Countervailing Duty Determination and Notice of Countervailing Duty Order: Certain Softwood Lumber Products from Canada,* 67 Fed. Reg. 36070 (Dep't Comm. May 22, 2002).

[4] *See Norcal/Crosetti Foods, Inc. v. United States,* 963 F.2d 356, 359 (Fed. Cir.1992); *National Corn Growers Ass'n v. Baker,* 840 F.2d 1547, 1557 (Fed. Cir. 1988); *Miller & Co. v. United States,* 824 F.2d 961, 963 (Fed. Cir.1987), *cert. denied,* 484 U.S. 1041 (1988); *American Air Parcel Forwarding v. United States,* 718 F.2d 1546, 1550-51 (Fed. Cir.1983), *cert. denied,* 466 U.S. 937 (1984); *United States v. Uniroyal, Inc.,* 687 F.2d 467, 471 (Ct. Cust. & Pat. App. 1982); *see* 19 U.S.C. § 1514(a); *id.* § 1515; *see also American Bayridge Corp. v. United States,* 35

12. However, liquidation of the subject entries has been suspended indefinitely and the suspension of liquidation will not be lifted until: (a) the U.S. Department of Commerce determines a final AD/CVD rate for 2003; and (b) an action by NWFP for judicial review of that determination in the CIT under 28 U.S.C. § 1581(c), and any appeals, have run their course.

13. The rate determination and review process could take five years, and the validity of U.S. Customs' classification of the entries as subject to the AD/CVD orders in the first place would not be before the Court in an action under 28 U.S.C. § 1581(c). *See supra* ¶ 11 & n.4 (collecting cases).

14. Based on its reclassification, in the CF-29, U.S. Customs made an assessment and demand for payment of cash deposits of estimated AD/CV duties pursuant to 19 U.S.C. §§ 1671f & 1673g and ordered NWFP to classify its future entries under Subheading 4407.10.00, HTSUS.[5]

15. NWFP paid the pre-liquidation assessments under protest and commenced this action on October 23, 2003, by the filing of a complaint under the Tucker Act, 28 U.S.C. § 1491(a).[6] The Complaint was supplemented as NWFP made additional importations, as set forth under ¶ 3, *supra.*

16. "Lumber" is a general purpose building material that is defined in the trade as the product of a saw mill not further manufactured than by lengthwise sawing, resawing, surfacing

---

F. Supp. 2d 922 (Ct. Int'l Trade 1998) (noting that the plaintiffs voluntarily dismissed a prior action for declaratory and injunctive relief after the government raised jurisdictional objections), *vacated in part as moot*, 1999 WL 997303, at *1 n.1 (Fed. Cir. Oct. 26, 1999).

[5] *See* Compl. Exs. 1-2.

[6] *See id.* Ex. 1; Pl.'s Resp. to Def.'s Mot. to Dismiss Ex. 1.

(*i.e.*, planing or sanding), continuous shaping (*e.g.*, tonguing and grooving), and cross-cutting or end-jointing to change the length of the lumber.[7]

17. The industry definition of "lumber" is consistent with, but generally more precise than, the definitions provided in standard dictionaries.[8]

18. The industry definition of "lumber" is also consistent with the legal definition of the term adopted by courts in classification cases going back nearly 150 years,[9] and by Congress in enacting the Harmonized Tariff Schedule of the United States ("HTSUS") in 1989.[10]

19. The merchandise at issue here consists of solid pieces of rough dimension lumber that have been joined together by applying glue along the edges and pressing the lumber together until the glue dries using a mechanical press. *See* Ex. A (photograph of press).

---

[7] *See, e.g.*, Random Lengths Publications, Terms of the Trade 205 (4th ed. 2000) (Lumber is "timber sawed into standardized structural members, as boards or planks"; a "wood product manufactured from logs by sawing, resawing and, usually, planing, with all four sides sawn."); Hearings on Proposed Revised and Consolidated Tariff Schedules Before the U.S. Tariff Commission, Testimony of Henry Bahr, Vice President and General Counsel, National Lumber Manufacturers Ass'n (April 10, 1958) ("when wood is processed beyond the stage generally accepted as 'lumber' by the definition used in the trade, in other words, when it is further manufactured than by sawing, resawing, passing lengthwise through a standard planing machine, cross cutting to length and working, it is a 'manufacture of wood'"), *reprinted in* U.S. Tariff Comm'n, Tariff Classification Study, Sched. 2, at 246, 250 (1960) (using definition found in U.S. Dep't Commerce, American Lumber Standards (1939)); *see also* Minister of Supply and Services Canada, Canadian Woods: Their Properties and Uses 131-36 (3rd rev. ed. 1981) (Ex. C) (describing the lumber manufacturing process); Mel Marshall, How to Choose and Use Lumber, Plywood, Panelboards, and Laminates 24 (1979) (Ex. D) (same); Gaspar Lewis, Carpentry 15-20 (2d ed. 1995) (Ex. E) (same); Expert Report and Declaration of Kenneth G. Weigel (filed Feb. 22, 2004, in support of NWFP's Motion for Summary Judgment) [hereinafter "Weigel Report"].

[8] *See* American Heritage Dictionary of the English Language (4th ed. 2000) (defining "lumber" as "[t]imber sawed into boards, planks, or other structural members of standard or specified length"); Webster's New Riverside University Dictionary 708 (2nd ed. 1988) (defining "lumber" as "timber sawed into standardized structural members, as boards or planks"); Thomas Corkhill, Complete Dictionary of Wood 317 (1979) ("lumber" is "an American term for converted wood; . . . Timber split or sawn for use in building."); McGraw-Hill Dictionary of Scientific and Technical Terms 1177 (5th ed. 1994) ("logs that have been sawed and prepared for market"); Weigel Report, *supra* note 7.

[9] *See* Pl.'s Mot. for Summ. J. at 11-12 (collecting cases).

[10] *See* Heading 4407, HTSUS ("Wood sawn or chipped lengthwise, sliced or peeled, whether or not planed, sanded or end-jointed, of a thickness exceeding 6 mm: . . . ."); Heading 4409, HTSUS ("Wood (including strips and friezes for parquet flooring, not assembled) continuously shaped (tongued, grooved, rebated, chamfered, V-jointed, beaded, molded, rounded or the like) along any of its edges, ends or faces, whether or not planed, sanded or end-jointed: . . . .").

20. This manufacturing process is called "laminating," and the resulting product is referred to as a "laminate."[11]

21. "Lumber" and "laminates" are considered distinct articles in the trade.[12]

22. Laminating (*e.g.*, edge gluing) is not among the manufacturing processes by which "lumber" is defined in the trade and in the law, and laminated wood is "more than" mere "lumber" as that term is used in the trade and in the law.[13]

23. Laminating is a far more substantial and expensive manufacturing process than the relatively minor cutting and shaping processes beyond the planing stage that historically have been regarded as sufficient to shift the tariff classification of the input "wood" into an "article of wood."[14]

Respectfully submitted,

Date: February 22, 2004

/s/*A. Woodson Stuart*

A. Woodson Stuart, Esq.
JONES & STUART, LLP
2300 M Street, NW, Suite 800
Washington, D.C. 20037
Tel: (202) 279-3196
Fax: (202) 338-0270

*Attorneys for Plaintiff Northwest Forest Products*

---

[11] *See* Random Lengths Publications, Terms of the Trade 192-93 (4th ed. 2000) ("Laminate" means "to bond together two or more pieces of wood to make a single piece, using adhesive and pressure"); Webster's, *supra* note 8, at 674 (defining "laminate" as "to make by uniting several layers"); Weigel Report, *supra* note 7.

[12] *See* Marshall, *supra* note 7 (distinguishing between "lumber" and "laminates"); Weigel Report, *supra* note 7.

[13] *See* Pl.'s Mot. for Summ. J. at 11-12 (collecting cases).

[14] Weigel Report, *supra* note 7.