IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FOREST PRODUCTS NORTHWEST, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2485 |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR EXPEDITED CONSIDERATION

Pursuant to Rule 7(b) of the Rules of this Court ("RCFC") and this Court's order dated February 12, 2004, defendant, the United States, respectfully submits this opposition to the motion of plaintiff, Forest Products Northwest, Inc. ("Forest Products"), for expedited consideration.

INTRODUCTION

This case arises out of Forest Products' importation of merchandise into the United States. United States Customs and Border Protection ("Customs") found that this merchandise falls within the purview of certain antidumping and countervailing duties orders issued by the Department of Commerce and required Forest Products to deposit estimated antidumping and countervailing duties upon the imported merchandise. Forest Products now challenges Customs' determination in this Court, rather than in the Court of International Trade and asks the Court to expedite proceedings in this case.

Forest Products filed its complaint on October 23, 2003. On November 24, 2003, Forest Products filed a motion in limine to exclude evidence regarding post-importation use. The next day, Forest Products filed a motion to expedite proceedings. We filed a motion for an extension of time within which to respond to the complaint, which was granted on December 16, 2004. After we filed our motion to dismiss on January 18, 2004, Forest Products moved to strike our notation that, because this Court does not possess jurisdiction to entertain the complaint, we could not respond to Forest Products' various motions until the jurisdictional question had been answered. Forest Products then filed a motion to expedite the time for filing a response to its motion to strike on February 2, 2004. The Court granted this motion to expedite and we filed our response on February 9, 2004. On February 12, 2004 the Court granted Forest Products' motion to strike and ordered the Government to respond to Forest Products' motion in limine and motion to expedite by February 27, 2004.

In the meantime, Forest Products alleges that it responded to our motion to dismiss. However, Forest Products did not serve its response upon the Government. Rather, it purported to file its response under seal with a motion for a protective order. On February 11, 2004, we opposed Forest Products' motion for protective order as unnecessary. Because we have not been served with Forest Products' response to our motion to dismiss, we have

not replied. Finally, on February 20, 2004, Forest Products filed a motion for summary judgment. It filed its proposed findings of uncontroverted facts on February 22, 2004, and supporting affidavits on February 25, 2004. Notably, it did not file its motion or any of the supporting documentation under seal.

Since the filing of the complaint, Forest Products has filed four motions to supplement the pleadings with additional entries.

In this motion, Forest Products contends that the litigation of this case should be expedited because its rights pursuant to a Federal statute, 28 U.S.C. § 1657 will be abridged if the case is not expedited. Additionally, Forest Products argues that the Tucker Act provides the only remedy for its challenges to the duties assessed upon it. Forest Products has failed to show good cause why this Court should expedite proceedings.

ARGUMENT

I. Forest Products Has Not Demonstrated Good Cause To Support Its Motion To Expedite

Forest Products has not demonstrated the good cause required for this Court to expedite this case. Pursuant to 28 U.S.C. § 1657, a Federal court "shall expedite the consideration of . . . any other action if good cause is therefore shown." Specifically, to establish good cause, Forest Products must demonstrate that "a right under . . . a Federal Statute would be maintained in a factual context that indicates that a request for

expedited consideration has merit." 28 U.S.C. § 1657(a). A motion for expedited consideration will not be granted if the movant has not shown that the factual context of its case indicates that its requested expedited consideration has merit. See Castillo v. Pratt, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001).

A. Forest Products Has Not Identified A Federal Statute That Confers Rights At Stake

Forest Products has not demonstrated that a failure to expedite proceedings would affect any right under a Federal statute. Forest Products relies upon 19 U.S.C. § 1625(c) as the Federal statute that would be affected should the Court deny its motion. Pl. Motion to Expedite at 2. Section 1625(c) confers upon the plaintiff the following: the right to notice of a proposed interpretive ruling that modifies or revokes another interpretive ruling or modifies a treatment; an opportunity to comment upon the proposed interpretive ruling; and a delayed effective date of the final interpretive ruling.

None of the rights outlined in 19 U.S.C. § 1625(c) will be affected by this Court's denial of the motion to expedite. There is no interpretive ruling at issue here. The only question in this case is whether Forest Products' subject merchandise falls within the scope of the antidumping and countervailing duty order in this case.

B. Forest Products Right To Challenge Scope Or Classification Is Unaffected By 19 U.S.C. 1625(c)

The remedy sought by Forest Products, an alternate scope or classification ruling that would result in a refund of estimated duties, is accomplished not by operation of 19 U.S.C. § 1625, but, rather, exclusively by operation of wholly separate statutes and regulations. If this Court were to deny our motion to dismiss and hold that it possesses jurisdiction, it would be bound by those statutes that govern challenges brought against Customs classification decisions and assessments of antidumping and countervailing duties. Indeed, none of the rights outlined in 19 U.S.C. § 1625(c) has any relation to those statutes that allow Forest Products to challenge classification of its product or the assessment of antidumping or countervailing duties.

As we demonstrated in our motion to dismiss, Forest Products may challenge the assessment of duties or the classification of its product in a variety of ways. For example, when issues arise as to whether a particular product is included within the scope of an antidumping or countervailing duty order, "any interested party may apply for a ruling as to whether a particular product is within the scope of an order...." 19 C.F.R. § 351.225(c)(1). These applications are made to the United States Department of Commerce ("Commerce"). Id.

If Commerce concludes in its scope ruling that the imported merchandise is not within the scope of the order, Commerce will

order Customs to refund any cash deposits paid by the importer. 19 C.F.R. § 351.225(k)(2), (3). If Commerce concludes that the imported merchandise is within the scope of the relevant order, plaintiff may file an action in the Court of International Trade, pursuant to 28 U.S.C. § 1581(c).

Forest Products can also challenge a customs classification by filing a protest after liquidation of the subject entries. 19 U.S.C. § 1581(a); 19 U.S.C. § 1515. When an importer has paid estimated antidumping and countervailing duties, as Forest Products has here, Customs has not yet made a final computation of what is owed. In other words, Customs has not "liquidated" the entries. Pursuant to 19 U.S.C. § 1500, Customs liquidates the entry by making a final determination upon classification, the applicable duty rate, and the final amount of duty to be paid. Once liquidation occurs, an importer may file a protest, to Customs, contesting the classification and the rate and amount of duty charged. If that protest is denied, the Court of International Trade possesses exclusive jurisdiction to review that denial. 19 U.S.C. § 1515; 18 U.S.C. § 2631; Frontier Ins. Co. v. United States, 276 F. Supp.2d 1334, 1337 (CIT 2003).

The Federal statute cited by Forest Products in support of its motion to expedite, 19 U.S.C. 1625(c), does not confer upon Forest Products any rights that prevent the operation of its potential challenges to either the scope determination or the

classification. Therefore, Forest Products has not demonstrated that the factual context of this case supports a motion to expedite.

Additionally, Forest Products' suggestion that Customs' collection of duties before liquidation constitutes "justice delayed" is unpersuasive. Pl. Motion to Expedite at 3. An importer of record is required by statute to deposit with Customs at the time of entry the amount of duties and fees estimated to be payable. 19 U.S.C. § 1505(a). If the amounts deposited at entry is determined to be excessive, at liquidation, excess moneys deposited will be refunded with interest. 19 U.S.C. § 1505(b). Contrary to Forest Products' contention, Customs cannot choose to wait until liquidation to collect antidumping and coutervailing duties. Estimated antidumping and countervailing duties must be deposited by the importer at the time of entry. See 19 U.S.C. §§ 1671h, 1673g. This statutory scheme established by Congress should not be disturbed.

In short, section 1625(c) does not confer upon Forest Products any rights that prevent the operation of the statutory scheme requiring estimated duties to be paid at entry. Therefore, Forest Products has not demonstrated that the factual context of this case supports expedition.

II. This Court Does Not Possess Jurisdiction To Entertain Forest Products' Claims

Forest Products reliance upon American Bayridge Corp. v.

United States, 35 F. Supp. 2d 922 (CIT 1998), vacated, 217 F.3d 857 (Fed. Cir. 1999), underscores this Court's inability to entertain Forest Products' complaint. American Bayridge involved an importer's challenge to Customs' classification of predrilled studs under the Harmonized Tariff Schedule of the United States.[1] The Court of International Trade exercised its jurisdiction pursuant to 28 U.S.C. § 1581(a). See American Bayridge, 35 F. Supp. 2d at 924.

As demonstrated above and in our motion to dismiss, the Court of International Trade possesses exclusive jurisdiction to review these challenges. 19 U.S.C. § 1515; 18 U.S.C. § 2631; Frontier, 276 F. Supp. 2d at 1337(stating "[t]his court's subject-matter jurisdiction for matters of classification under the HTSUS is pursuant to 28 U.S.C. § 1581(a)"); Mercado Juarez Gringos v. United States, 796 F. Supp. 531, 531 (CIT 1992) (stating that CIT possesses jurisdiction to entertain review of a tariff classification administrative determination). Thus, there properly are no proceedings to expedite.

[1] Contrary to Forest Products' assertion, the court in American Bayridge did not agree to expedite proceedings based upon 28 U.S.C. § 1657. Instead, the Court of International Trade noted that the American Bayridge case resulted from agreement by the parties in a separate but related case, to expedite liquidation and the protest and litigation schedule. American Bayridge, 35 F. Supp. 2d at 924.

CONCLUSION

For these reasons, defendant respectfully requests that the Court deny Forest Products' motion to expedite proceedings.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy

PATRICIA M. McCARTHY
Assistant Director

s/ Claudia Burke

CLAUDIA BURKE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Fl.
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-9063
Fax: (202) 307-0972

Attorneys for Defendant

OF COUNSEL

CHI CHOY
Senior Attorney
Office of the Assistant
Chief Counsel
International Trade Litigation
U.S. Customs and
Border Protection
26 Federal Plaza, Room 258
New York, NY 10278

February 27, 2004

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 27th day of February, 2004, a copy of the foregoing "OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE". I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Claudia Burke