IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FOREST PRODUCTS NORTHWEST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2485 |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE TO EXCLUDE ARGUMENT AND
EVIDENCE RELATED TO THE ACTUAL USE OF SUBJECT IMPORTATIONS

Pursuant to Rule 7(b) of the Rules of this Court ("RCFC") and this Court's order dated February 12, 2004, defendant, the United States, respectfully submits this opposition to motion of plaintiff, Forest Products Northwest, Inc. ("Forest Products"), to exclude argument and evidence related to the actual use of subject merchandise or the condition of merchandise after post-importation processing.

## INTRODUCTION

This case arises out of Forest Products' importation of merchandise into the United States. United States Customs and Border Protection's ("Customs") found that this merchandise falls within the purview of certain antidumping and countervailing duties orders issued by the Department of Commerce and required Forest Products to pay estimated antidumping and countervailing duties upon the imported merchandise. Forest Products now challenges Customs' determination in this Court, rather than in the Court of International Trade and asks the Court exclude evidence and argument related to the actual use of subject merchandise or the condition of merchandise after post-importation processing.

Forest Products filed its complaint on October 23, 2003. On November 24, 2003, Forest Products filed a motion in limine to exclude evidence regarding post-importation use. The next day, Forest Products filed a motion to expedite proceedings. We filed a motion for an extension of time within which to respond to the complaint, which was granted on December 16, 2004. After we filed our motion to dismiss on January 18, 2004, Forest Products moved to strike our notation that, because this Court does not possess jurisdiction to entertain the complaint, we could not respond to Forest Products' various motions until the jurisdictional question had been answered. Forest Products then filed a motion to expedite the time for filing a response to its motion to strike on February 2, 2004. The Court granted this motion to expedite and we filed our response on February 9, 2004. On February 12, 2004 the Court granted Forest Products' motion to strike and ordered the Government to respond to Forest Products' motion in limine and motion to expedite by February 27, 2004. In the meantime, Forest Products alleges that it responded to our motion to dismiss. However, Forest Products did not serve its response upon the Government. Rather, it purported to file its response under seal with a motion for a protective order. On February 11, 2004, we opposed Forest Products' motion for protective order as unnecessary. Because we have not been served with Forest Products' response to our motion to dismiss, we have not been able to file our reply. Finally, on February 20, 2004, Forest Products filed a motion for summary judgment. It filed its proposed findings of uncontroverted facts on February 22, 2004, and supporting affidavits on February 25, 2004. Notably, it did not file its motion or any of the supporting documentation under seal.

Since the filing of the complaint, Forest Products has filed four motions to supplement the pleadings with additional entries.

In its motion to exclude evidence, Forest Products asks the Court to exclude evidence and argument related to post-importation use of its product. Specifically, Forest Products argues that, according to Supreme Court precedent from the nineteenth century, importers are permitted to structure their products to avoid duties. In addition, Forest Products argues that Customs is required to evaluate imports based upon their condition upon importation and not their potential use after importation.

ARGUMENT

I. Forest Products' Motion Is Premature

A. This Court Does Not Possess Jurisdiction To Decide This Motion

As we demonstrated in our motion to dismiss, this Court does not possess jurisdiction to entertain Forest Products' complaint because the Court of International Trade possesses exclusive jurisdiction to entertain challenges to the assessment of antidumping and countervailing duties. 19 U.S.C. § 1516A(a)(2)(B)(vi); 28 U.S.C. § 1581(a),(c); Macrotel Int'l Corp. v. United States, 24 Fed. Cl. 98, 99 (1995)("This Court lacks jurisdiction over "any civil action within the exclusive jurisdiction of the Court of International Trade.").

Without jurisdiction, this Court may not entertain Forest Products' motion to exclude evidence. "[J]urisdiction is a threshold issue and a court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits." Ultra-Precision Mfg., Ltd. v. Ford, 338 F.3d 1353, 1356 (Fed. Cir. 2003) (citation omitted). When a Federal court reviews the jurisdictional sufficiency of a complaint, "its task is necessarily a limited one." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function

remaining to the court is that of announcing the fact and dismissing the cause.'" Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 95 (1998) (quoting Ex parte McCardle, 74 U.S. 506, 514 (1868)); Nippon Steel v. United States, 219 F.3d 1348, 1352 (Fed. Cir. 2000)).

In order for this Court to determine whether post-importation use may be addressed, it would necessarily address the merits of the case. As we demonstrate below, Customs may perform an inquiry into post-importation if it suspects that the importer is engaging in artifice or disguise. The Court's review of this process, therefore, will be factual. Therefore, it cannot decide this motion until it has ruled upon the jurisdictional issue.

B. Determination Upon Admissible Evidence Is Premature

Forest Products requests that the Court exclude argument or evidence related to post-importation use of its product. Pl. Motion in Limine at 2. Although RCFC 56(a) allows a claimant to file a motion for summary judgment 60 days after the filing of the action:

> The Court will only grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

There has been no discovery in this case, nor has there been any administrative record filed. Indeed, we have not even filed an answer to the complaint. Therefore, it is impossible to assess the admissibility of documents that would necessarily be forthcoming only if Forest Products were able to satisfy its burden to establish this Court's jurisdiction.

Also, Forest Products inappropriately refers to RCFC 56(e) to support its position that any documents used must be "admissible in evidence." Although the court of appeals has held

that, "a party may not rely on inadmissible hearsay in an affidavit or deposition to oppose a motion for summary judgment," Rotec Industries, Inc. v. Mitsubishi Corp., 215 F.3d 1246, 1256 (Fed. Cir. 2000), the rules, "do[es] not require that admissibility be demonstrated (for example, by submission of foundational evidence) for every piece of evidence supporting factual assertions on motions." Cedar Lumber, Inc. v. United States, 857 F.2d 765 (Fed. Cir. 1988). Therefore, should we choose to include documents related to post-importation use, admissibility need not be shown at this stage.[1] More importantly, because this case presents only a jurisdictional question, we have not appended any documents to any of our filings.[2]

II. Evidence Related To Use Is Admissible And Should Be Considered

Even if this Court denies our motion to dismiss and considers the merits of this motion, any evidence related to post-importation use should be allowed.

In order to adjudicate a customs classification controversy, the Court must not only examine the nature of the imported good that is under consideration but also construe the meaning of the language that appears in the competing tariff provisions. The United States Court of Appeals for the Federal Circuit has articulated a two-step process for determining the proper tariff classification of imported merchandise. First, the Court of International Trade must

[1] Forest Products' use of Magone v. Luckemeyer, 139 U.S. 612, 614 (1891) is not instructive. Contrary to Forest Products' assertion, Magone did not address exclusion of evidence at trial. Rather, it discussed what particular jury instructions would be excluded. Id. Because this case has not even reached the discovery phase, let alone trial, the question of exclusion of jury instructions is irrelevant.

[2] Indeed, it is Forest Products that has appended documents to its filings. For example, Forest Products claims that it has filed a response to our motion to dismiss, however Forest Products has failed to serve a copy upon the Government because it claims the response contains "protected" information and documentation.

ascertain the proper meaning of the terms in the relevant tariff provisions. Additionally, that court must determine whether the imported merchandise comes within the description of those terms. SGI, Inc. v. United States, 122 F. 3d 1468 (Fed. Cir. 1997); see also, Bausch & Lomb Inc. v. United States, 148 F.3d 1363, 1365 n.1 (Fed. Cir. 1998).[3]

Customs classification decisions are entitled to judicial deference. Heartland By-Products, Inc. v. United States, 264 F.3d 1126, 1135 (Fed. Cir. 2001). In addition, Customs has "specialized experience" in classifying goods. Id. Although the dutiable "classification of articles imported must be ascertained by an examination of the imported e product at importation, Customs found that article itself, in the condition in which it is imported[,] [t]his, of course, does not mean that a prescribed rate of duty can be escaped by resort to disguise or artifice." Id. at 1138 (Friedman, J. concurring) (quoting United States v. Citroen, 223 U.S. 407, 414-15 (1912) and finding that the importer's practice of adding molasses to escape the higher rate of duty and then removing the molasses from the product after importation constituted artifice and disguise).[4]

The use of Forest Products' wood after importation is relevant for classification purposes

---

[3] Consistent with our motion to dismiss, this classification precedent and that cited by Forest Products, many of which are date back to the 19th century, originate either in the Court of International Trade or in one of that court's predecessor courts, thereby undermining Forest Products' allegation that this Court possesses jurisdiction to entertain its complaint.

[4] Forest Products cites a number of cases in support of its assertion that manufacturers are entitled to "fashion his merchandise so that it shall be assessed with the lowest duty rate." Pl. Motion to exclude at 9 (citing Tropicana Prods., Inc. v. Untied States, 789 F. Supp. 1154 (CIT 1992)). At least three of the cases heavily relied upon by Forest Products also note that an importer does not have the right to engage in artifice or disguise. United States v. Citroen, 223 U.S. at 415; Merritt v. Welsh, 104 U.S. 694, 704 (1881); Mercantile Stores, Co. v. United States, 22 C.C.P.A. 551, 555 (1935).

because the processing involved in this case is an artifice and in its condition as imported, the wood has no recognized commercial identity or use. Contrary to Forest Products' claims, courts have consistently considered use to which the imported goods are put to be "an important factor in determining classification though an eo nomine designation[5] is involved . . .[o]f all things most likely to help in the determination of the identity of a manufactured article . . . use is of paramount importance." United States v. Quon Quon Co. 46 C.C.P.A. 70, 72-3 (1959).

Here, the National Import Specialist evaluated the product upon importation and found the product was not, upon visual inspection, "edge-glued wood" pursuant to the tariff description or regular trade usage. Declaration of Paul Garretto, App. A. Moreover, upon further investigation, Customs learned that the so called edge-glued boards were ripped along the glue lines to reproduce the original narrow boards. Id. Customs determined that this could serve no commercial purpose other than to evade antidumping and countervailing duties. Id. Here, because Forest Products added glue only to remove it after importation, Customs determined that it was not properly classifiable as edge-glued wood. Id. Because Customs is permitted to make a determination of disguise or artifice, any evidence to support its determination is admissible. In any event, determination of admissibility is a merits decision that must be made by the Court of International Trade and not by this Court.

We do not dispute Forest Products' assertion that, as a fundamental principle of classification, merchandise is to be classified in its condition as imported. However, the cases

---

[5] An eo nomine classification describes the merchandise by name, not by use. See Carl Zeiss, Inc. v. United States, 195 F.3d 1375 (Fed. Cir. 1999).

cited by Forest Products are not instructive in this case.[6]

Forest Products incorrectly relies upon Merritt v. Welsh, 104 U.S. 694 (1881) for the proposition that Customs must evaluate the merchandise based only upon the condition at importation. Contrary to Forest Products' assertions, the Court in Merritt held that the express language of the tariff provision required Customs to use the "Dutch color standard" rather than a more accurate chemical test for saccharine strength not required by the plain language. Merritt, 104 U.S. at 702; see also Seeberger v. Farwell, 139 U.S. 608 (1891)(discussing express language of tariff provision and finding that because the imported merchandise did not have threads of other materials, it did not fall within the scope of the provision); Magone, 139 U.S. at 614 (same).[7] Here, upon evaluating the merchandise, Customs determined that it did not appear to be edge-glued wood as that term is properly understood within the trade. Declaration of Paul Garretto, App. A.

Those cases that have found the imported merchandise should not be evaluated based upon post-importation use are also easily distinguishable. As a general matter, cases cited by Forest Products found no fraud upon the statute when the product was imported at an intermediate stage. See Worthington v. Robbins, 139 U.S. 337, 341 (1891)(finding no impropriety when watch part, that could be used in multiple, non-watch related ways, was

---

[6] For example, in United States v. Levitt, 26 F. Cas. 919 (D. Mass. 1842), the court did not address the issue of post-use importation, rather the jury found the product to be duty-free. Daniel Webster's appearance and argument in that case is of no consequence to this Court's inquiry.

[7] Contrary to Forest Products' assertion, Varsity Watch Co. v. United States, 34 C.C.P.A. 155, 155 (1947) found that, where the tarriff provision taxed a gold-plated watch higher than a watch with no gold, the plain language of the provision governed even a de minimus amount qualified as gold-plate.

imported as "enamel" and not "watch material"); United States v. Schoverling, 146 U.S. 76, 81 (1892)(finding no fraud when parts of guns were imported separately and thus avoided tariff classification pursuant to the provision for shotguns). In this case, the product was not at an intermediate stage, rather, it was fashioned with rough glued-edges which were then removed after importation. App. A. See Fries Bros. v. United States, 4 Treas. Dec. 850, T.D. 23338 (1901)(finding artifice when an ingredient was added before importation and removed after, solely for purposes of reducing duty).

Other precedent cited by Forest Products merely indicates that when merchandise remained commercially viable, importers were permitted to fashion their merchandise in the least dutiable way. See Michaelian & Kohlberg, Inc. v. United States, 22 C.C.P.A. 551, 557 (1935)(finding that although rugs contained embellishments for the sole purpose of escaping duty, there was no fraud upon the statute); Mercantile Stores Co. v. United States, 36 Cust. Ct. 354, 355 (1956)(finding that even if linen is lace-stitched for the purpose of avoiding duty, it nevertheless falls within the provision for stitched linen and does not constitute fraud.).[8] In this case, there is no commercially viable use for the product as imported. App. A.

## CONCLUSION

For these reasons, defendant respectfully requests that the Court deny Forest Products' motion to exclude argument and evidence related to post-importation use of subject merchandise.

---

[8] Notably, the importer in Mercantile did not, as Forest Products has, remove the embellishment after importation.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy

PATRICIA M. McCARTHY
Assistant Director

s/ Claudia Burke

CLAUDIA BURKE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Fl.
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-9063
Fax: (202) 307-0972

Attorneys for Defendant

OF COUNSEL

CHI CHOY
Senior Attorney
Office of the Assistant
Chief Counsel
International Trade Litigation
U.S. Customs and
Border Protection
26 Federal Plaza, Room 258
New York, NY 10278

February 27, 2004

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 27th day of February, 2004, a copy of the foregoing "OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ARGUMENT AND EVIDENCE RELATED TO THE ACTUAL USE OF SUBJECT IMPORTATIONS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Claudia Burke