# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FOREST PRODUCTS NORTHWEST, INC., | |
| *Plaintiff,* | |
| *v.* | Case No. 03-2485C<br>The Honorable Susan G. Braden, J. |
| UNITED STATES, | |
| *Defendant.* | |

**REPLY IN SUPPORT OF PLAINTIFF NORTHWEST FOREST PRODUCT'S MOTION FOR EXPEDITED CONSIDERATION**

COMES NOW Plaintiff, Forest Products Northwest, Inc., doing business as Northwest Forest Products ("NWFP"), by and through its attorneys, JONES & STUART, LLP, and A. Woodson Stuart, Esq., 2300 M Street, NW, Suite 800, Washington, D.C. 20037, Tel: (202) 297-3196, Fax: (202) 338-0270, and respectfully submits this reply in support of its Motion for Expedited Consideration, and as states the following:

The government argues in its response to NWFP's Motion for Expedited Consideration that "Forest Products has not demonstrated that a failure to expedite proceedings would affect any right under a Federal statute." Def.'s Resp. to Pl.'s Mot. for Exped. Consid. at 4. However, that is not the test for expedited consideration stated in 28 U.S.C. § 1657. The test for expedited consideration under 28 U.S.C. § 1657 is whether "a right under the Constitution of the United States or a Federal Statute" is asserted and the "factual context . . . indicates that a request for expedited consideration has merit."

NWFP has asserted that its right to rely on controlling Customs Service Rulings is being violated by the effective modification of those rulings without observance of the procedure required by 19 U.S.C. § 1625(c). *See American Bayridge Corp. v. United States,* 35 F. Supp. 2d 922, 941 (Ct. Int'l Trade 1998) ("Customs acted contrary to 19 U.S.C. § 1625(c) when it stated that claims for detrimental reliance would not be entertained and that third parties were not entitled to rely on the North Star Ruling."), *vacated in part as moot on other grounds,* 1999 WL 997303 (Fed. Cir. Oct. 26, 1999).

Moreover, the factual context indicates that NWFP's request for expedited consideration has merit. This case is not just about past transactions, and it is not just about a single importer. It raises issues of broad public importance that cry out for prompt judicial attention. Every day that passes without a final judicial resolution of the fundamental issues of customs classification raised in this case is another day that NWFP and countless other importers of softwood lumber products from Canada are deprived of their statutory right to rely on controlling Customs Service Rulings in making business decisions. Judge Barzilay recognized this truth when she granted expedited consideration in the *Bayridge* case.[1] This Court should do the same in this case.

[1] The government does not deny that Judge Barzilay granted expedited consideration in Bayridge but quibbles about the fact that she did not cite 28 U.S.C. § 1657 in her opinion.

For the foregoing reasons, and the reasons stated in our opening brief, NWFP's Motion for Expedited Consideration should be GRANTED.

Respectfully submitted,

Date: March 1, 2004

s/*Andrew Woodson Stuart*
A. Woodson Stuart, Esq.
JONES & STUART, LLP
2300 M Street, NW, Suite 800
Washington, D.C. 20037
Tel: (202) 279-3196
Fax: (202) 338-0270

*Attorney for Northwest Forest Products*