IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FOREST PRODUCTS NORTHWEST, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2485 (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMOVE DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE FROM THE PUBLIC FILE AND RESPONSE TO PLAINTIFF'S CITATION OF SUPPLEMENTAL AUTHORITY

Pursuant to Rule 7.1 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully opposes Forest Products Northwest Inc. ("Forest Products") motion to remove defendant's response to Forest Products' motion in limine, from the public file. By filing information ostensibly "privileged" in the public file, Forest Products has waived any claim of privilege. The current motion, as well as Forest Products' motion for protective order, should be denied. We also oppose Forest Products' First Citation of Supplemental Authority as irrelevant.

INTRODUCTION[1]

On January 28, 2004, we filed a motion to dismiss for lack of jurisdiction. Prior to our motion to dismiss, on November 24,

[1] For a complete recitation of the procedural history of this case, please see defendant's opposition to Forest Products' motion to exclude evidence, filed on February 27, 2004.

2003, Forest Products filed a motion in limine to exclude evidence regarding post-importation use. Pursuant to this Court's order dated February 12, 2004, we submitted our response on February 27, 2004. On February 10, 2004, Forest Products filed a motion for protective order, claiming that its response to our motion to dismiss contained privileged material. In the meantime, Forest Products alleges that it responded to our motion to dismiss. However, in violation of RCFC 5, Forest Products failed to serve its response upon us. Rather, it purported to file its response under seal with a motion for a protective order.

On February 11, 2004, we opposed Forest Products' motion for protective order as unnecessary. Because we have not been served with Forest Products' response to our motion to dismiss, we have not been afforded the opportunity to file a reply. On March 2, 2004, Forest Products filed a notice of supplemental authority in support of its motion for protective order. Finally, on March 3, 2004, Forest Products filed a reply in support of its motion to exclude evidence. In that reply, Forest Products fully examined our opposition and its accompanying affidavit. Without explanation, Forest Products made no attempt to file this reply under seal.

ARGUMENT

I. There Is No Need To Place Our Opposition Under Seal

As we established in our opposition to Forest Products' motion for a protective order, a protective order is unnecessary in this case, therefore, there is no need to place our response under seal.

Protective orders are used to protect "sensitive information," and are issued at the Court's discretion. RCFC App. C(16),(17).[2] When issued pursuant to certain discovery requests, a motion for protective order must be accompanied by a certification that the movant has conferred with the other affected parties to resolve the dispute. RCFC 26(c).[3] The movant must also show "good cause" why a protective order should be entered. Id. "Good cause" requires a showing that the discovery request is considered likely to oppress an adversary or might otherwise impose an undue burden." Capital Properties, Inc. v. United States, 49 Fed. Cl. 607, 611 (2001).

Forest Products has neither conferred with us nor demonstrated good cause. Forest Products alleges that our opposition to its motion to exclude evidence contained information "that clearly would be covered by the order NWFO

---

[2] Appendix C concerns procedures in a protest case.

[3] The Court's Rules address protective orders only in the context of bid protests and discovery. RCFC 26(c); App. C (16-17).

requested in its [motion for protective order.]" Pl. Motion To Remove Defendant's Response at p. 1. However, Forest Products' original motion for protective order failed to give any indication as to the nature of the information that it ostensibly seeks to protect. There, Forest Products alleged only that its response to our motion to dismiss "cont[ains] information that is legally privileged and confidential, the disclosure of which would harm NWFP's [its] business and competitive position." Forest Products has failed to identify these documents or the basis for Forest Products' representation to this court that they are "privileged." Indeed, we have been unable to view the documents or the brief because Forest Products has failed to disclose even redacted documents to us.

Forest Products has obstructed and delayed the full briefing of the paramount jurisdictional issue in this case, choosing instead to file a barrage of unfounded motions all of which are predicated upon the mistaken assumption that this Court possesses jurisdiction to entertain this action.[4] Specifically, Forest Products has asked this Court to exclude evidence relating to post-importation use, but it now challenges our determination to file publically our response.

---

[4] Although there is a motion to dismiss pending and the discovery period has not yet begun, Forest Products has filed a motion for summary judgment. Notably, Forest Products did not file this motion under seal.

In our response, we disclosed no information that had been marked as "confidential" or "proprietary." Forest Products fails to establish that we disclosed any information of this nature.

Even assuming, for argument's sake, that Forest Products could identify privileged documents or information in this matter,[5] it has waived that privilege by replying fully to our opposition to its motion to exclude evidence of post-importation use. Voluntary disclosure of privileged material defeats the policy underlying the privilege. Carter v. Gibbs, 909 F.2d 1450, 1451 (Fed. Cir. 1990)(stating that "it is irrelevant whether the [disclosure] was inadvertent . . ."); but see Telephonics Corp. v. United States, 32 Fed. Cl. 360, 361 (1994)(stating "[t]here is no per se rule that a waiver must be found in all situations where there is a mistaken or inadvertent production of a privileged document.")

Forest Products cannot claim it inadvertently disclosed the alleged "privileged" materials. Forest Products willingly addressed all of our allegedly privileged assertions in its reply

---

[5] The allegedly confidential or privileged information contained in our opposition to Forest Products motion to exclude evidence (to the extent we can discern its identity based upon Forest Products' vague and unspecific allegations) was neither confidential nor privileged to Forest Products. To the contrary, this information originated from within Customs and consists of Customs' impressions and discussions with the importer. Our opposition reveals no information that Forest Products has ever designated as "confidential" or "privileged." Forest Products has wholly failed to demonstrate otherwise.

in support of its motion to exclude evidence. Forest Products wholly failed to file its reply under seal, thus negating its incendiary claims that we have divulged privileged materials. Forest Products' conduct demonstrates the baselessness of its current motion.

## II. Forest Products' Notice Of Supplemental Authority Is Misplaced

Forest Products has also filed a citation of supplemental authority. The supplemental authority provided by Forest Products is irrelevant to this case. In its notice of supplemental authority Forest Products incorrectly cited Tripp v. Department of Defense, 219 F. Supp. 2d 85, 89-93 (D.D.C. 2003) as pertinent to issues raised here. Tripp concerns application of the Privacy Act to Government disclosures. Id. The court's decision discussed only the extent to which the Privacy Act applies to individual citizens. Id.; 5 U.S.C. 552a. Here, Forest Products possesses no Privacy Act claims and is not an individual citizen but a corporation. Therefore, Tripp is irrelevant to this case.

## CONCLUSION

For these reasons, defendant respectfully requests that the Court deny Forest Products' motion for a protective order and motion to place under seal our opposition to Forest Products motion to exclude evidence.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy

PATRICIA M. McCARTHY
Assistant Director

s/ Claudia Burke

CLAUDIA BURKE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Fl.
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-9063
Fax: (202) 307-0972

OF COUNSEL

CHI CHOY
Senior Attorney
Office of the Assistant
Chief Counsel
International Trade Litigation
U.S. Customs and
Border Protection
26 Federal Plaza, Room 258
New York, NY 10278

March 12, 2004

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 12th day of March, 2004, a copy of the foregoing notice of appearance, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Claudia Burke