# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FOREST PRODUCTS NORTHWEST, INC., *Plaintiff,* | |
| *v.* | Case No. 03-2485C<br>The Honorable Susan G. Braden, J. |
| UNITED STATES, *Defendant.* | |

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMOVE DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* FROM THE PUBLIC FILE

COMES NOW Plaintiff, Forest Products Northwest, Inc., doing business as Northwest Forest Products ("NWFP"), by and through its attorneys, JONES & STUART, LLP, and A. Woodson Stuart, Esq., 2300 M Street, NW, Suite 800, Washington, D.C. 20037, Tel: (202) 297-3196, Fax: (202) 338-0270, and respectfully submits this Reply in Support of Plaintiff's Motion to Remove Defendant's Response to Plaintiff's Motion *In Limine* from the Public File, and states the following:

## I. INTRODUCTION

The government's opposition refuses to acknowledge the obvious impropriety of filing information that an opposing party has sought to exclude and/or protect before the Court has issued a ruling on whether the information should be excluded and/or protected. Moreover, in this instance, the government's disclosure was positively unlawful. Accordingly, NWFP respectfully requests that its motion to remove the offending documents from the public file be GRANTED.

## II. ARGUMENT

### A. Protective Orders Are Routinely Granted to Protect the Same Sort of Information NWFP Has Sought to Protect Here.

We have demonstrated in prior briefing that motions for protective orders concerning the same sort of information NWFP has sought to protect are routinely granted under Rule 26(c). *See* Confidential Supp. Reply in Supp. of Pl.'s Mot. *In Limine* 2-3 (Feb. 12, 2004); Citation of Supp. Auth. in Support of Pl.'s Mot. for Prot. Order 1 (March 2, 2004).[1]

Moreover, the only authority cited by the government, *Capital Properties, Inc. v. United States*, 49 Fed. Cl. 607 ( 2001), is not *contra.* The court there did not deny protection of allegedly privileged material. Rather, the court held that it was premature to rule on the issue because the parties had not "identified with specificity which communications or documents were withheld based upon the assertion of the . . . privilege." *Id.* at 611. Thus, *Capital Properties* provides no support whatsoever for the government's position that the information NWFP has sought to protect is not "sensitive," RCFC App. C, ¶ 16, and that its public disclosure would not result in "embarrassment" and "oppression," RCFC Rule 26(c). Clearly, the information that NWFP has sought to protect is "sensitive," and its disclosure would cause "embarrassment" and "oppression," as those words are used in ordinary English.

The government states in the course of its argument that:

> Forest Products has obstructed and delayed the full briefing of the paramount jurisdictional issue in this case, choosing instead to file a

[1] Contrary to the government's suggestion, NWFP was not required to confer with opposing counsel under Rule 26(c) before filing its Motion for an *In Limine* Protective Order. Rule 26(c) states in relevant part as follows: "Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, . . . ." NWFP has sought an *in limine* protective order, not a protective order against an objectionable discovery request.

> barrage of unfounded motions all of which are predicated upon the mistaken assumption that this Court possesses jurisdiction to entertain this action. Specifically, Forest Products has asked this Court to exclude evidence relating to post-importation use, but it now challenges our determination to file publically [*sic*] our response.

This statement is incorrect. First, NWFP has not "obstructed and delayed" briefing on the jurisdictional issue. **NWFP has followed the procedure for protecting material specified in RCFC Appendix C, ¶¶ 16-17.** While RCFC Appendix C, ¶¶ 16-17, and RCFC Form 8 directly pertain to bid protest cases, the government itself relies on this provision for the general proposition that "[p]rotective orders are used to protect 'sensitive information' and are issued at the Court's discretion." Def.'s Opp. to Pl.'s Mot. to Remove at 3. The government therefore cannot be heard to complain that NWFP followed the procedure specified in RCFC Appendix C, ¶¶ 16-17, and RCFC Form 8 when it sought to protect confidential information made relevant by the government in its Motion to Dismiss.[2]

Second, NWFP has not filed a "barrage of unfounded motions all of which are predicated upon the mistaken assumption that this Court possesses jurisdiction." Most of these motions involved: (a) supplementing the complaint to reflect post-filing entries, which were purely technical and not opposed by the government; and (b) protecting "sensitive" information from public disclosure. The only other motions filed by NWFP were two preliminary motions (a motion for expedited consideration and a motion *in limine* to exclude evidence and argument related to post-importation use), and a motion for summary judgment. As this Court recognized in granting NWFP's motion to strike

[2] Contrary to the suggestion at page 2 of the government's response, this procedure does **not** require the service on the government, under RCFC Rule 5, of either redacted or unredacted versions of a paper for which protection is sought, prior to the issuance of a protective order. *See* RCFC App. C, ¶¶ 16-17 & Form 8.

the government's purported request for a second enlargement of time to respond to NWFP's preliminary motions, those motions were not "premature" and not rendered "moot" by the government's challenge to the Court's jurisdiction. Similarly, RCFC Rule 56(a) explicitly states that a motion for summary judgment may be filed at any time after 60 days from the filing of the complaint.[3] Thus, the government is again complaining about a motion being "premature" even though the RCFC rules clearly state otherwise.[4]

Third, NWFP is not "challeng[ing] [the government's] determination to file publically [sic] [its] response" to NWFP's motion *in limine*. NWFP is challenging the government's "determination" to include in that public response the very information that NWFP has sought to exclude and/or protect by its *in limine* motions.

The government argues that it did nothing wrong in disclosing the information that NWFP has sought to protect because the information was not "marked as 'confidential' or 'proprietary'" by NWFP. This is wrong, both factually and legally. Pursuant to 19 C.F.R. § 103.12, **NWFP expressly requested "confidential treatment"** in all of its submissions to U.S. Customs containing information it has sought to protect in this proceeding. *See, e.g.,* Pl.'s Opp. to Def.'s Mot. to Dismiss, Exs. 10 & 12. Any other information in the subject file, including the information disclosed by the

---

[3] Contrary to the suggestion at page 4 footnote 1 of the government's opposition, the filing of a motion to dismiss does not alter the time for filing a motion for summary judgment under RCFC Rule 56(a). While the court has discretion to defer ruling on a motion for summary judgment until discovery is complete in cases where discovery is necessary, the government has not disputed NWFP's contention that no discovery is necessary in this case (unless this Court denies NWFP's motion to exclude, in which case discovery admittedly will be necessary with respect to the government's actual use allegations).

[4] The government is also ignoring NWFP's argument that it will be more convenient for the Court if the case has been fully briefed on the merits when the jurisdictional issue is decided, because it will allow the Court to dispose of the case in one sitting, without having to revisit it months or even years later depending on what the court of appeals does.

government in its response to NWFP's motion to exclude, was generated by the government, and NWFP was not given an opportunity to designate it as confidential even assuming that were a legal requirement. *See, e.g., id.* Ex. 16. Moreover, the government has cited no authority to support the proposition that information must be marked confidential to be eligible for a protective order, and this position conflicts with the numerous decisions cited by NWFP granting protection of the same sort of information at issue here without regard to whether the information was "marked as 'confidential' or 'proprietary.'" *See* Confidential Supp. Reply in Supp. of Pl.'s Mot. *In Limine* 2-3 (Feb. 12, 2004); Citation of Supp. Auth. in Support of Pl.'s Mot. for Prot. Order 1 (Mar. 2, 2004).

**B. NWFP Did not Waive its Right to Confidential Treatment of the Information It Has Sought to Protect.**

Of all the arguments the government has made in this case, the one that makes the least sense may be the argument that NWFP "disclosed" the information it has sought to protect, and waived any right to confidentiality it may have had, "by replying fully to [the government's] opposition" disclosing that information. The only decision that the government cites as support for this contention, *Carter v. Gibbs*, 909 F.2d 1450 (Fed. Cir. 1990), actually supports NWFP's position.

In *Carter*, the government inadvertently attached a copy of a confidential memorandum to a procedural motion. *See id.* at 1451. The opposing party subsequently filed a copy of the memorandum as an attachment to its brief on the merits, and the government moved to strike the attachment. *See id.* The Federal Circuit denied the government's motion, holding that the government destroyed the confidentiality of the

information sought to be protected by its prior disclosure, regardless of whether that disclosure was "inadvertent." *See id.*

In this case, the government also destroyed the confidentiality of the information sought to be protected by its prior disclosure, regardless of whether that disclosure was "inadvertent." The only difference is that in *Carter*, the government had destroyed its own right to confidentiality, whereas in this case, the government has destroyed someone else's right to confidentiality. Having done so, the government cannot claim rationally that the person whose right to confidentiality it destroyed by a prior disclosure "waived" that right by attempting to rebut the disclosed information in its reply. A right that has been destroyed no longer can be waived. Put another way, NWFP cannot be said to have "voluntarily disclosed" information that already had been made public by the government over its objections.

In sum, it would have been pointless for NWFP to file its reply under seal, because that "would do no more than seal the bag from which the cat has already escaped." *Carter*, 909 F.2d at 1451[5]. If and when the Court grants the instant motion to remove the government's response to NWFP's motion to exclude, the Court simply can order the removal of NWFP's reply as well. The parties then can agree upon and file public versions. (A revised proposed order is attached hereto.)

**C. <u>The Government's Effort to Distinguish *Tripp* Must Fail.</u>**

The government attempts to distinguish *Tripp v. Department of Defense*, 219 F. Supp. 2d 85 (D.D.C. 2003), on the ground that "NWFP possesses no Privacy Act claims"

---

[5] The government has made much hay about the fact that NWFP did not file its Motion for Summary Judgment under seal. However, NWFP's Motion for Summary Judgment does not disclose any of the information that NWFP has sought to protect in this proceeding. Thus, it would have been procedurally improper for NWFP to file its Motion for Summary Judgment under seal, and the government rightly would have objected had NWFP attempted to do so.

because it is "not an individual citizen but a corporation." The Privacy Act, however, protects information that is "substantially 'about' an individual," even if the individual's name is not mentioned in the file name under which the information is kept. *See Williams v. Department of Veterans Affairs,* 104 F.3d 670 (4th Cir. 1997); *see also Bechhoefer v. Department of Justice,* 209 F.3d 57 (2nd Cir. 2000) ("'record' under the Privacy Act has 'a broad meaning encompassing,' at the very least, any personal information 'about an individual that is linked to that individual through an identifying particular,'" including his membership in a particular corporation or association) (quoting *Quinn v. Stone,* 978 F.2d 126, 133 (3rd Cir. 1992)).[6] The test is whether the individual is identified directly or indirectly in the file and the file is "about" that individual's activities as opposed to someone else's activities. *See id.*; *cf. Tobey v. NLRB,* 40 F.3d 469 (D.C. Cir. 1994) (reports of NLRB field examiners containing their initials were not "about" the field examiners within the meaning of the Privacy Act). The government cannot hide behind the corporate form in avoiding liability under the Privacy Act any more than an individual who is under investigation for corporate wrongdoing can hide behind the corporate form to avoid liability. Corporations act through individuals, and government files about corporate activities are "substantially 'about'" the individuals who engage in those activities.

The only relevance of the corporate form under the Privacy Act is that a lawsuit must be brought in the name of the individual and not the corporation. *See, e.g., Dresser Industries Inc. v. United States,* 596 F.2d 1231 (5th Cir. 1979). This requirement,

---

[6] The Privacy Act applies to "any item, collection, or grouping of **information about an individual** that is maintained by an agency, **including**, but not limited to, his education, **financial transactions**, medical history, and criminal or employment history **and** that **contains his name**, or the identifying number, symbol, **or other identifying particular** assigned to the individual, such as a fingerprint or voice print or a photograph." 5 U.S.C. § 552a(a)(4) (emphases added).

however, has no bearing in this case as NWFP has not filed a Privacy Act lawsuit. NWFP cited *Tripp* solely for the proposition that the government's disclosure of the information that NWFP has sought to protect was unlawful. Citation of Supp. Auth. in Support of Pl.'s Mot. for Prot. Order 1 (March 2, 2004).

## III. CONCLUSION

The government's disclosure of the information that NWFP has sought to protect was procedurally improper, substantively unlawful, and just plain mean. Accordingly, NWFP's Motion to Remove Defendant's Response to Plaintiff's Motion *In Limine* from the Public File should be GRANTED.

Respectfully submitted,

Date: March 13, 2004

s/*Andrew Woodson Stuart*

A. Woodson Stuart, Esq.
JONES & STUART, LLP
2300 M Street, NW, Suite 800
Washington, D.C. 20037
Tel: (202) 279-3196
Fax: (202) 338-0270

*Attorney for Northwest Forest Products*

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FOREST PRODUCTS NORTHWEST, INC.,

*Plaintiff,*

*v.*

UNITED STATES,

*Defendant.*

Case No. 03-2485C
The Honorable Susan G. Braden, J.

**ORDER**

UPON CONSIDERATION of Plaintiff's Motion to Remove Defendant's Response to NWFP's Motion *In Limine* from the Public File, and any response thereto, thereto, now, after due deliberation, it is hereby ORDERED and ADJUDGED that said motion be, and hereby is, GRANTED.

And it is FURTHER ORDERED that the Clerk of the Court shall remove said response and its supporting exhibit, and NWFP's reply, from the public file and place them with the materials that NWFP has filed in this case under a request for a protective order.

And it is FURTHER ORDERED that parties shall file, under seal, proposed redacted copies of said documents within 3 days of the entry of this order.

And it is FURTHER ORDERED that any objections to the proposed redacted copies shall be filed within 3 days after service thereof.

It is SO ORDERED.

Date: ____________________

__________________________
The Honorable Susan G. Braden
Judge