# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FOREST PRODUCTS NORTHWEST, INC., *Plaintiff,* | ) | |
| *v.* | ) | Case No. 03-2485C<br>The Honorable Susan G. Braden, J. |
| UNITED STATES, *Defendant.* | ) | |

**PLAINTIFF'S RESPONSE AND OPPOSITION TO**
**DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME**

COMES NOW Plaintiff, Forest Products Northwest, Inc., doing business as Northwest Forest Products ("NWFP"), by and through its attorneys, JONES & STUART, LLP, and A. Woodson Stuart, Esq., 2300 M Street, NW, Suite 800, Washington, D.C. 20037, Tel: (202) 297-3196, Fax: (202) 338-0270, and hereby submits this response and opposition to the government's motion for an enlargement of time to respond to NWFP's summary judgment motion, and as ground in support thereof states the following:

As demonstrated in our Motion for Expedited Consideration, and the reply filed in support of that motion, NWFP is suffering on-going economic harm from the violation of its clear rights under a federal statute, namely, 19 U.S.C. § 1625(c), and NWFP has no retrospective remedy (*i.e.*, money damages) that could make it whole at the end of the proceeding if it prevails. Moreover, NWFP also has demonstrated that U.S. Customs' newly-minted policy of determining classification of softwood lumber products based on actual use has cast a pall of uncertainty over imports of remanufactured lumber products in general and imports of edge-glued lumber in particular. It is impossible to determine

how much legitimate trade is being chilled by this policy, but it could be in the billions before long.

In addition to the foregoing reasons for denying the government's eleventh-hour motion for an enlargement of time, the arguments advanced by the government in its motion to not hold water. First, the government's counsel states that the reason she has not been able to prepare a response to NWFP's motion for summary judgment is that she was "preparing the Government's complaint" against a company called Karin Stevens, Inc., "filed on March 15, 2004." The preparation of a complaint is a voluntary act that presumably is not subject to any immediate deadline (the government generally has six years to file a complaint). Thus, any inconvenience to counsel in being required to file a timely response to NWFP's Motion for Summary Judgment is primarily a result of her own deliberate choices, not deadlines over which she had no control.

Second, three of the cases counsel mentions in describing how much work she has apparently do not have any deadlines until March 30, 2004, April 2, 2004, and April 6, 2004. Thus, counsel clearly has time to attend to her obligations as defense counsel in this case.

Third, counsel apparently spent a great deal of time preparing and presenting the government's summary judgment case in its response to NWFP's Motion *In Limine*. Having spent that time, she cannot be heard to complain now that she is unable to prepare a timely summary judgment case.

Fourth, in December, we informed counsel of our intention to move for summary judgment and even sent counsel a draft Statement of Agreed Facts (the normal method of disposition in customs classification cases). Counsel never responded to this overture.

Once again, any inconvenience the government is now facing was totally avoidable by counsel. It should be noted that the government already gets twice the amount of time to respond to motions that parties enjoy in regular federal court actions.

Finally, it should be noted that counsel cites her work in a "bid protest" case and the "expedited nature" of such proceedings. Yet counsel completely ignores NWFP's arguments about the "expedited nature" of this proceeding. Moreover, counsel's work in a "bid protest" case, which presumably involves a protective order under RCFC Appendix C, suggests that she knew better when she accused NWFP of "violating RCFC Rule 5" by following the procedure specified therein, by analogy, in this case. If bid protest information is sensitive and worthy of protection, surely the information that NWFP has sought to protect in this case is too.

WHEREFORE on the premises considered, NWFP respectfully requests that the government's motion for an enlargement of time be DENIED or, alternatively, that any enlargement be limited to one week. The undersigned counsel has been working very hard to move this case along[1] and has filed every paper well in advance of the deadline. Surely it is not too much to ask that the government at least meet its already-generous deadlines or, if that is not possible, to explore settlement possibilities.

As the quote from Abraham Lincoln's first inaugural address enshrined on the walls of this Court and the Court of International Trade reminds us every day: "It is as

---

[1] The undersigned counsel has as at least as many other cases as government counsel, so any suggestion of unfairness in that regard is untrue.

much the duty of government to render prompt justice against itself, in favor of citizens, as it is to administer the same between private individuals."

Respectfully submitted,

Date: March 18, 2004

s/*Andrew Woodson Stuart*

A. Woodson Stuart, Esq.
JONES & STUART, LLP
2300 M Street, NW, Suite 800
Washington, D.C. 20037
Tel: (202) 279-3196
Fax: (202) 338-0270

*Attorney for Northwest Forest Products*

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FOREST PRODUCTS NORTHWEST, INC.,

*Plaintiff,*

*v.*

UNITED STATES,

*Defendant.*

Case No. 03-2485C
The Honorable Susan G. Braden, J.

**ORDER**

UPON CONSIDERATION of Defendant's Motion for Enlargement of Time to respond to Plaintiff's Motion for Summary Judgment, and any response thereto, now, after due deliberation, it is hereby ORDERED and ADJUDGED that said motion be, and hereby is, DENIED.

And it is FURTHER ORDERED that the government shall file its response to NWFP's Motion for Summary Judgment within one week of the entry of this order.

It is SO ORDERED.

Date: ____________________

____________________________
The Honorable Susan G. Braden
Judge