**CONFIDENTIAL TREATMENT REQUESTED**

A. WOODSON STUART, ESQ.

2315 Wisconsin Avenue, NW, Second Floor
Washington, D.C. 20007-1866
Tel: (202) 297-3196 ✧ Fax: (202) 338-0270
Email: awstuart@att.net

October 9, 2003

Mr. Randy Kivlighn
Senior Special Agent
U.S. Customs and Border Protection
808 Harrison Avenue
Blaine, Washington 98230

**Re: Investigation of Northwest Forest Products.[1]**

Dear Mr. Kivlighn:

I am writing on behalf of my client, Northwest Forest Products ("NWFP"), in response to a certified letter the company received yesterday, postmarked October 6, 2003, stating that it was under investigation in connection with certain entries of edge-glued cedar lumber under Subheading 4421.90.9700, HTSUS. *See* Ex. A.

This was somewhat surprising, because the entries have not liquidated and, indeed, their classification at liquidation is under active examination by U.S. Customs. *See* Ex. B (CF-28 received on September 29, 2003, from Lorisa Hubsch). Thus, any allegation of a "violation" of Section 592(a) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592(a), is premature.

This brings up an additional point. Even if the investigation were not premature, it would be largely moot because of NWFP's prior disclosure of the facts that U.S. Customs believes may constitute a violation of Section 592(a). As you know, if an importer voluntarily discloses facts being investigated under Section 592(a) before being notified of the investigation, the statute limits the penalties that may be assessed against an importer. For fraudulent

[1] Pursuant to 19 C.F.R. § 103.12, we request confidential treatment for the information contained herein. This information is sensitive and its release would cause substantial harm to the competitive position of NWFP.

**Pl.'s Resp. to Def.'s Mot. to Dismiss, Ex. 10**

misclassification, penalties are limited to an amount equal to the duties avoided as a result of the misclassification or, if no duties are avoided (as in this case), penalties are limited to **10% of the value of the merchandise**. *See* 19 U.S.C. § 1592(c)(4)(A)(ii). For negligent or grossly negligent misclassification, penalties cannot exceed **interest on any duties** avoided, from the date of liquidation — **in this case, zero**. *See id.* § 1592(c)(4)(B).

As the attachments to this letter indicate, on **October 6, 2003**, the undersigned counsel sent Paul Garretto a submission **by overnight mail** stipulating[2] that the actual use of the subject entries by NWFP either did not require, or actually nullified, the edge gluing (i.e., the feature by which the AD/CV duties on solid lumber were "avoided"[3]). *See* Ex. C.

This October 6, 2003, submission was preceded by an oral disclosure and stipulation to Mr. Garretto on October 1, 2003, which occurred in a follow-up telephone call to confirm the receipt of a written submission sent by overnight mail on September 30, 2003. *See* Exs. D & E.

Perhaps most importantly, on September 29, 2003, you interviewed my clients at their place of business without properly identifying yourself or the nature of your inquiry. *See* Ex. F (handwritten "business card"); Ex. F (affidavit of Tom Read and Terry Swanson); *see also* 19 C.F.R. § 162.75(*i*)(1)(ii) (importer presumed not to have knowledge of investigation if Special Agent makes inquiries but does not "properly identify himself or herself and the nature of his or her inquiry").

Earlier the same day, my clients had received the above-mentioned CF-28 from Lorisa Hubsch, and they naturally thought your questions were related to her inquiry.[4] **Those questions elicited a voluntary disclosure that NWFP was "ripping" the edge-glued lumber after importation.** Indeed, I understand my

---

[2] It is well-established that disclosures of facts relevant to an importer's potential liability under Section 592(a) may be made by stipulation. *See, e.g., United States v. Nephrite Jade,* 325 F. Supp. 986 (E.D. Mo. 1970) (ordering forfeiture of merchandise based on importer's stipulation that merchandise invoiced as grossularite was, in fact, nephrite jade).

[3] As indicated above, no AD/CV duties will be avoided here, because the entries have not liquidated and U.S. Customs is actively examining the classification issue in anticipation of liquidation.

[4] My own September 30 and October 6, 2003, submissions to Mr. Garretto indicated that the disclosures were being made in response to the CF-28, not a fraud investigation.

clients allowed you to inspect the facility, showed you exactly what they were doing, and even gave you samples.

Under these circumstances, it seems indubitable that NWFP made a "prior disclosure" within the meaning of Section 592(a) and its implementing regulation. While no duties have been tendered yet in connection with this prior disclosure, no duties are owed yet, because none of the subject entries has even liquidated, and any liquidations will not be final until NWFP has waived or exhausted its administrative and judicial review rights.

For the foregoing reasons, and the reasons stated in the attached submissions to Mr. Garretto, NWFP respectfully submits that the pending investigation has become moot and should be closed or at least limited to an examination of the subject merchandise in its condition as imported. To facilitate such an examination, we have sent samples to Ms. Hubsch and Mr. Garretto. These samples make abundantly clear that NWFP's edge-glued lumber is the genuine article and not some sort of artifice or fraud. *See, e.g., United States v. Citroen*, 223 U.S. 407, 414-15 (1912) (the fact that the importer strung pearls solely to avoid the duty on unstrung pearls was irrelevant to classification at importation; if the merchandise was, in fact, "strung pearls" as defined in the trade, they were properly classified as such at importation), *cited with approval in Heartland By-Products, Inc. v. United States*, 264 F.3d 1126 (Fed. Cir. 2001) (Friedman, S.J., concurring).

If you would like more samples or information related to the condition (or potential uses) of the merchandise in its imported condition, I would be very happy to oblige.

Respectfully submitted,

__________________________

A. Woodson Stuart

Attachments

Cc: Tom Read
Terry Swanson
Mike Jones

# NOTICE OF ACTION

*This Is NOT a Notice of Liquidation*

| | | | |
|---|---|---|---|
| | | | 1. DATE OF THIS NOTICE 10/15/2003 |
| 2. CARRIER Bronco | 3. DATE OF IMPORTATION 03/31/2003 | 4. DATE OF ENTRY 03/31/2003 | 5. ENTRY NO. WQO – 12865573 |
| 6. MFR/SELLER/SHIPPER Northwest Forest Products | 7. COUNTRY Canada | 8. CUSTOMHOUSE BROKER AND FILE NO. JONES & JONES, LLC | |

9. DESCRIPTION OF MERCHANDISE
edge-glued cedar panels rough green

| 10. TO | 11. FROM |
|---|---|
| Northwest Forest Products<br>1476 Thorne Rd.<br>Tacoma, WA 98421 | U.S. Customs and Border Protection<br>9901 Pacific Hwy<br>Blaine, Wa 98230 |

12. THE FOLLOWING ACTION WHICH WILL RESULT IN AN INCREASE IN DUTIES,--

☐ IS **PROPOSED.** IF YOU DISAGREE WITH THIS PROPOSED ACTION, PLEASE FURNISH YOUR REASONS IN WRITING TO THIS OFFICE WITHIN 20 DAYS FROM THE DATE OF THIS NOTICE. AFTER 20 DAYS THE ENTRY WILL BE LIQUIDATED AS PROPOSED.

☒ HAS BEEN **TAKEN.** THE ENTRY IS IN THE LIQUIDATION PROCESS AND IS NOT AVAILABLE FOR REVIEW IN THIS OFFICE.

TYPE OF ACTION

A. ☒ RATE ADVANCE
B. ☐ VALUE ADVANCE
C. ☐ EXCESS ☐ WEIGHT ☐ QUANTITY
D. ☐ OTHER *(See below)*

13. EXPLANATION (Refer to Action letter designations above)

The entry listed above plus the entries listed on the attached continuation sheet are being re-classified under HTS#4407.10.00. This reclassification is based on discussions with the National Import Specialist and a visit by a CBP agent to the importer's premises. These entries will be subject to AD/CVD duties under cases A122-838 and C122-839. If Statements of Non-Reimbursement are not received by this office before liquidation occurs, these entries will be liquidated with double the dumping duties in accordance with 19CFR 351.402.
All future shipments of this product must be classified according to this Notice of Action.

| 14. CUSTOMS OFFICER (Print or Type) | 15. TEAM DESIGNATION | 16. TELEPHONE |
|---|---|---|
| Lorisa Hubsch, Import Specialist | 794 | (360) 332-5771 3114 |

DEPARTMENT OF THE TREASURY
U. S. CUSTOMS SERVICE
152.2 C.R.

CUSTOMS FORM 29
(2-1-79)

| NOTICE OF ACTION -- *(Continued)* | | | 1. DATE OF THIS NOTICE<br>10/15/2003 |
|---|---|---|---|
| 2. CARRIER<br>Bronco | 3. DATE OF IMPORTATION<br>03/31/2003 | 4. DATE OF ENTRY<br>03/31/2003 | 5. ENTRY NO.<br>WQO – 12865573 |
| 6. MFR/SELLER/SHIPPER<br>Northwest Forest Products | 7. COUNTRY<br>CA | 8. CUSTOMHOUSE BROKER AND FILE NO.<br>JONES & JONES, LLC | |
| 9. DESCRIPTION OF MERCHANDISE<br>edge-glued cedar panels rough green | | | |

13. EXPLANATION (Continued from first page)

| Entry Number | Date of Entry |
|---|---|
| WQO 12868213 | 04/17/03 |
| WQO 12869153 | 04/28/03 |
| WQO 12871118 | 05/06/03 |
| WQO 12885076 | 07/28/03 |
| WQO 12885910 | 08/08/03 |
| WQO 12886215 | 08/12/03 |
| WQO 12886280 | 08/13/03 |
| WQO 12886942 | 08/21/03 |
| WQO 12891033 | 09/17/03 |

| 14. CUSTOMS OFFICER (Print or Type) | 15. TEAM DESIGNATION | 16. TELEPHONE |
|---|---|---|
| Lorisa Hubsch | 794 | (360) 332-5771 3114 |

A. WOODSON STUART, ESQ.
2315 Wisconsin Avenue, NW, Second Floor
Washington, D.C. 20007-1866
Tel: (202) 297-3196 ✧ Fax: (202) 338-0270
Email: awstuart@att.net

October 24, 2003

**CONFIDENTIAL TREATMENT REQUESTED**[1]

*VIA E-MAIL AND REGULAR MAIL*

Mr. Randy Kivlighn
Senior Special Agent
U.S. Customs and Border Protection
808 Harrison Avenue
Blaine, Washington 98230

**Re: Request to NWFP's broker.**

Dear Mr. Kivlighn:

I am writing on behalf of my client, Northwest Forest Products ("NWFP"), in response to your request to NWFP's broker to set up a meeting to talk about what NWFP and its Canadian suppliers have been doing.

I have instructed the broker, Mike Jones, to produce copies of all relevant "entry records" within 30 days of a written request from you, as required by Section 163.6 of the Customs Regulations. I also gave him my standard instruction not to go above and beyond the call of duty, i.e., not to "volunteer" answers to questions you ask him orally, outside my presence, particularly now that the matter is in litigation.

**Please direct any future requests for records or information from NWFP and its agents or employees to me. Also please inform me of any requests**

[1] Pursuant to 19 C.F.R. § 103.12, we request confidential treatment of the information contained herein. This information is sensitive and its release would cause substantial harm to the competitive position of NWFP.

**Pl.'s Resp. to Def.'s Mot. to Dismiss, Ex. 12**

**directed to third party witnesses if the information obtained thereby will be shared with agency counsel in the pending litigation.**

Thank you in advance for your cooperation. If I can be of any further assistance, please do not hesitate to contact me.

Yours truly,

A. Woodson Stuart

Cc: Tom Read
Terry Swanson
Mike Jones

Canada Customs
and Revenue Agency

Agence des douanes
et du revenu du Canada

Brent Oslund

Investigator
Customs Investigations Division

8th Floor, 1133 Melville Street
Vancouver, B.C.

Mailing Address:
1166 West Pender Street
Vancouver, B.C. V6E 3H8

Telephone: (604) 538-3641
Facsimile (604) 666-3728
E-mail: Brent.Oslund@ccra-adrc.gc.ca

Canada