# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FOREST PRODUCTS NORTHWEST, INCORPORATED,

*Plaintiff,*

*v.*

UNITED STATES,

*Defendant.*

Case No. 03-2485C
The Honorable Lawrence J. Block

## PLAINTIFF'S MOTION TO AMEND ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

COMES NOW Plaintiff, Forest Products Northwest, Inc., doing business as Northwest Forest Products ("NWFP"), by and through its attorneys, JONES & STUART, LLP, and A. Woodson Stuart, Esq., 2300 M Street, NW, Suite 800, Washington, D.C. 20037, Tel: (202) 297-3196, Fax: (202) 338-0270, and, pursuant to RCFC Rule 59(a) and (e), respectfully submits this motion to amend the Court's April 22, 2004, order denying NWFP's motion for a protective order, and as ground in support thereof states the following:

If material designated by a party as confidential is not sealed pending appeal from the denial of a motion for leave to file under seal, the party's appellate remedy "is obviously not adequate" because "the cat is out of the bag." *In Re Papandreou,* 139 F.3d 247, 251 (D.C. Cir. 1998); *see, e.g., In re Sealed Case,* 237 F.3d 657 (D.C. Cir. 2001) (citing *United States v. Hubbard,* 650 F.2d 293, 314 (1980)); *see also In re Regents of the Univ. of Cal.,* 101 F.3d 1386, 1387 (Fed. Cir. 1996) (remedy of appeal from final judgment is inadequate when the trial court orders immediate disclosure of allegedly privileged or confidential information); *Plaintiffs I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058 n.6 (9th Cir. 2000) (noting that district court was

required to continue allowing filings under seal pending appeal of the denial of motion for leave to file under seal).

In addition, it only seems fair that the denial of a motion for leave to file a document under seal should result in the rejection of the filing, not in its public disclosure against the wishes of the moving party. To hold otherwise would create an impermissible chilling effect on the submission of necessary and proper motions for leave to file under seal, because parties may not be willing to risk disclosure of the information if protection is denied.

For the foregoing reasons, NWFP respectfully asks that the Court amend its April 22, 2004, order by:

(a) directing the Clerk to maintain the material that NWFP has designated as confidential (including the transcript of the April 22, 2004, hearing) under seal for purposes of appeal; and

(b) directing NWFP to replace the unredacted version of its opposition to the government's motion to dismiss, filed electronically pursuant to the Court's April 22, 2004, order, with a redacted version.[1]

Respectfully submitted,

s/*A. Woodson Stuart*

Date: April 25, 2004

JONES & STUART, LLP
A. Woodson Stuart
2300 M Street, NW, Suite 800
Washington, D.C. 20037
Tel: (202) 279-3196
Fax: (202) 338-0270

*Attorneys for Plaintiff Northwest Forest Products*

[1] On April 23, 2003, at the request of chambers, NWFP filed an unredacted version of this document electronically so that the Clerk would not have to scan it in.